## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BRAC GROUP, INC.<br>(f/k/a Budget Group, Inc.), et al.,[1]<br>Debtors. | Chapter 11<br><br>Case No. 02-12152 (MFW)<br>(Jointly Administered)<br><br>Re: Docket No. 2571 |

### ORDER PURSUANT TO BANKRUPTCY RULE 3003(c)(3) AND LOCAL RULE 2002-1(e) ESTABLISHING A BAR DATE FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon the Motion[2] of the Debtors in the above-captioned chapter 11 cases for entry of an order pursuant to Bankruptcy Rule 3003(c)(3) and Local Rule 2002-1(e) establishing a bar date for filing proofs of claim and approving the form and manner of notice thereof; and the Debtors having requested that **April 30, 2003 at 4:00 p.m. (Eastern Time)** (the "Bar Date") be established as the final date and time for filing certain proofs of claim in these chapter 11 cases; and it appearing that (i) establishment of a final date and time by which claims must be asserted against the Debtors or be forever barred in accordance with the authority granted to this Court by the Bankruptcy Code and the Bankruptcy Rules is necessary for the prompt and efficient administration of these chapter 11 cases and to protect the interests of the Debtors, their estates

---

[1] The Debtors are the following entities: BRAC Group, Inc., Auto Rental Systems, Inc., BGI Airport Parking, Inc., BGI Shared Services, Inc., BGI Shared Services, LLC, BRAC Credit Corporation, BRAC Car Sales, Inc., BRAC Fleet Finance Corporation, BRAC Rent A Car Asia-Pacific, Inc., BRAC Rent A Car Caribe Corporation, BRAC Rent A Car Corporation, BRAC Rent-A-Car International, Inc., BRAC Rent A Car of Japan, Inc., BRAC Rent-A-Car of St. Louis, Inc., BRAC Rent-A-Car of the Midwest, Inc., BRAC Rent-A-Car Systems, Inc., BRAC Sales Corporation, BRAC Storage Corporation, BRAT Move Management, Inc., BRAT Relocation Services, Inc., BRAT TRS, Inc., BVM, Inc., Carson Chrysler Plymouth Dodge Jeep Eagle, Inc., Control Risk Corporation, Dayton Auto Lease Company, Inc., Directors Row Management Company, LLC, IN Motors VI, LLC, Mastering The Move Realty, Inc., Mosiant Car Sales, Inc., NYRAC Inc., Paul West Ford, Inc., Philips Jacobs Insurance Agency, Inc., Premier Car Rental LLC, Reservation Services, Inc., TCS Properties, LLC, Team Car Sales of Charlotte, Inc., Team Car Sales of Dayton, Inc., Team Car Sales of Philadelphia, Inc., Team Car Sales of Richmond, Inc., Team Car Sales of San Diego, Inc., Team Car Sales of Southern California, Inc., Team Fleet Services Corporation, Team Holdings Corp., Team Realty Services, Inc., The Move Shop, Inc., Transportation and Storage Associates, ValCar Rental Car Sales, Inc., Vehicle Rental Access Company, LLC, and Warren Wooten Ford, Inc.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

WP3:860792.1          59519.1001

and their creditors and (ii) notification of the relief granted by this Order in the manner proposed by the Debtors, as set forth herein, is fair and reasonable and will provide sufficient and proper notice to all creditors of their rights and obligations in connection with any claims they may have against the Debtors in these chapter 11 cases; and pursuant to Local Rule 2002-1(e), due and sufficient notice of this Order having been given to (i) the Office of the United States Trustee and (ii) counsel to the Committee; and it appearing that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED, that the relief requested in the Motion is granted; and it is further

ORDERED, that pursuant to Bankruptcy Rule 3003(c)(3), and except as otherwise provided herein, each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust or governmental unit) that holds or asserts a claim (as defined in section 101(5) of the Bankruptcy Code) against any of the Debtors arising or deemed to have arisen prior to the Petition Date shall file an original, written proof of such claim substantially conforming to Exhibit A hereto (the "Proof of Claim"), which form is hereby approved, so as to be received on or before the Bar Date by Trumbull Services, L.L.C. ("Trumbull"), the Court-approved Claims and Noticing Agent in these chapter 11 cases; and it is further

ORDERED, that persons or entities wishing to assert a claim against more than one Debtor are required to file a separate Proof of Claim in the bankruptcy case of each Debtor against which a claim is asserted; and it is further

ORDERED, that Proofs of Claim sent to Trumbull via first class mail shall be addressed to: Trumbull Services, L.L.C., Agent for the United States Bankruptcy Court, Re:

BRAC Group, Inc., P.O. Box 673, Windsor, CT 06095-0673; whereas Proofs of Claim sent to Trumbull by messenger or overnight courier shall be delivered to the following address: Trumbull Services, L.L.C., Agent for the United States Bankruptcy Court, Re: BRAC Group, Inc., Griffin Center, 4 Griffin Road North, Windsor, CT 06095; and it is further

ORDERED, that Proofs of Claim mailed or delivered to Trumbull will be deemed timely filed only if **actually received** by Trumbull on or before the Bar Date at the addresses listed above; and it is further

ORDERED, that Trumbull shall **not** accept Proofs of Claim sent by facsimile, telecopy, e-mail or other electronic transmission; and it is further

ORDERED, that the following persons or entities are **NOT** required to file a Proof of Claim on or before the Bar Date:

a. any person or entity that has already properly filed a Proof of Claim against one or more of the Debtors with either Trumbull or the Clerk of the Court for the United States Bankruptcy Court for the District of Delaware;

b. any person or entity (i) whose claim is listed in the Schedules or any amendments thereto, (ii) whose claim is not described therein as "disputed," "contingent," or "unliquidated," and (iii) who does not dispute the amount or classification of its claim as set forth in the Schedules;

c. professionals retained by the Debtors or the Committee pursuant to orders of this Court who assert administrative claims for fees and expenses subject to the Court's approval pursuant to sections 330, 331(a) and 503(b) of the Bankruptcy Code;

d. any person or entity that asserts an administrative expense claim against the Debtors pursuant to section 503(b) of the Bankruptcy Code;

e. current officers and directors of the Debtors who assert claims for indemnification and/or contribution arising as a result of such officers' or directors' prepetition or postpetition services to the Debtors;

  f.  any person or entity whose Prepetition Claim is limited exclusively to a claim for the repayment by the applicable Debtor of principal, interest and other applicable fees and charges (the "Note Claims") on or under the 9.125% Senior Notes due April 1, 2006 (the "9.125% Notes"), the 6.85% Convertible Subordinated Notes due April 29, 2007 (the "6.85% Notes"), the 6.25% Remarketable Term Income Deferrable Equity Securities (the "6.25% Notes") or the indentures in respect of any of the foregoing (the "Indentures" and, collectively with the 9.125% Notes, the 6.85% Notes and the 6.25% Notes, the "Note Instruments"); **provided, however,** that (i) the foregoing exclusion does not apply to the indenture trustees under the Indentures; (ii) the indenture trustees under the Indentures are required to file Proofs of Claim on account of Note Claims under the applicable Note Instruments on or before the Bar Date; and (iii) any holder of the 9.125% Notes, the 6.85% Notes and the 6.25% Notes that wishes to assert a Prepetition Claim against the Debtors arising out of or relating to a Note Instrument, other than a Note Claim, is required to file a Proof of Claim on account of such claim on or before the Bar Date;

  g.  any Debtor asserting a claim against another Debtor; and

  h.  any person or entity whose claim against the Debtors has been allowed by an order of the Court entered on or before the Bar Date; and it is further

ORDERED, that any person or entity that asserts a claim against the Debtors arising from the Debtors' rejection of an executory contract or unexpired lease where the order authorizing such rejection is entered on or before February 28, 2003 must file a Proof of Claim based on such rejection on or before the Bar Date; whereas any person or entity that asserts a claim against the Debtors arising from the Debtors' rejection of an executory contract or unexpired lease where the order authorizing such rejection is entered after February 28, 2003 must file a Proof of Claim on or before such date as the Court may fix; and it is further

ORDERED, that any person or entity holding an equity interest in the Debtors (an "Interest Holder"), whose interest is based exclusively upon the ownership of common or preferred stock in the Debtors, or warrants or rights to purchase, sell or subscribe to such stock, need **not** file a Proof of Claim based solely on account of such Interest Holder's ownership of the Debtors' stock; **provided, however,** that Interest Holders who wish to assert a claim against any

of the Debtors based on transactions in the Debtors' securities including, but not limited to, claims for damages or rescission based on the purchase or sale of the Debtors' securities, must file a Proof of Claim on or before the Bar Date; and it is further

ORDERED, that in the event the Debtors amend the Schedules subsequent to giving notice of the Bar Date as provided herein, the Debtors shall give notice of any such amendment to the persons or entities affected thereby, and such persons or entities shall be afforded twenty (20) days from the date such notice is given in accordance with Local Rule 1009-2 (or such other time period as may be fixed by the Court) to file Proofs of Claim, if necessary, or be forever barred from doing so; and it is further

ORDERED, that any person or entity that is required to file a timely Proof of Claim in the form and manner specified by this Order and that fails to do so on or before the Bar Date (or other applicable date as described in this Order or fixed by the Court) (i) shall be forever barred, estopped and enjoined from asserting such claim against the Debtors or thereafter filing a Proof of Claim with respect thereto in these chapter 11 cases, (ii) shall not, with respect to such claim, be treated as a creditor of the Debtors for the purpose of voting upon any plan in these proceedings, and (iii) shall not receive or be entitled to receive any payment or distribution of property from the Debtors or their successors or assigns with respect to such claim; and it is further

ORDERED, that the Proof of Claim form substantially in the form attached hereto as Exhibit A, the Bar Date Notice substantially in the form attached hereto as Exhibit B, the Employee Memorandum substantially in the form attached hereto as Exhibit C, the Assumed Contracts Memorandum substantially in the form attached hereto as Exhibit D, the Assumed Liabilities Memorandum substantially in the form attached hereto as Exhibit E, and the Filed

Claims Memorandum substantially in the form attached hereto as Exhibit F are hereby approved in all respects; and it is further

ORDERED, that the Bar Date Notice shall be deemed good, adequate and sufficient notice of the relief granted by this Order to all known creditors of the Debtors if it is served, together with the Proof of Claim form, and where appropriate, the Employee Memorandum, the Assumed Contracts Memorandum, the Assumed Liabilities Memorandum, and/or the Filed Claims Memorandum, by being deposited in the United States mail, first class postage prepaid, **on or before February 28, 2003**, upon the following persons and entities: (i) the Office of the United States Trustee; (ii) counsel to the Committee; (iii) counsel to the Agent for the Debtors' pre-Petition Date secured lenders; (iv) counsel to the Agents for the Debtors' post-Petition Date debtor in possession financing lenders; (v) all persons and entities who have requested notice pursuant to Bankruptcy Rule 2002 as of the date of the Bar Date Order; (vii) all persons or entities listed on the Schedules; (viii) all known parties to executory contracts or unexpired leases with the Debtors; (viii) all known holders of equity securities in the Debtors as of the Petition Date; (ix) all indenture trustees under the Indentures; (x) all taxing authorities for the jurisdictions in which the Debtors maintained assets or conducted business operations up to one year prior to the Petition Date; (xi) all known holders of Prepetition Claims against the Debtors and their counsel (if known); and (xii) all of the Debtors' Employees; and it is further

ORDERED, that the Debtors shall publish the Publication Notice substantially in the form attached hereto as Exhibit G in the national and global editions of The Wall Street Journal and in the national editions of The New York Times and USA Today at least once approximately 30 days prior to the Bar Date, which Publication Notice is hereby approved in all

respects and which shall be deemed good, adequate and sufficient notice of the Bar Date by publication; and it is further

ORDERED, that nothing in this Order shall prejudice the right of the Debtors or any other party in interest herein to dispute, or to assert offsets or defenses to, any claim reflected in the Schedules as to amount, liability, classification or otherwise and to subsequently designate any claim as disputed, contingent or unliquidated; and it is further

ORDERED, that the Debtors are hereby authorized and empowered to take such steps, expense such monies, and perform such acts as may be necessary to implement and effectuate the terms of this Order.

Dated: February 24, 2003
       Wilmington, Delaware

HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE