IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: ) | Chapter 11 | |
| ) | | |
| BRAC GROUP, INC. (f/k/a Budget ) | | |
| Group, Inc.), et al.[1], ) | Case No. 02-12152 (CGC) | |
| ) | | |
| Debtors. ) | Jointly Administered | |
| ) | | |

NOTICE OF (1) APPROVAL OF DISCLOSURE STATEMENT,
(2) HEARING TO CONSIDER CONFIRMATION OF DEBTORS' JOINT
PLAN UNDER CHAPTER 11 OF THE BANKRUPTCY CODE AND
(3) DEADLINE TO FILE OBJECTIONS TO CONFIRMATION OF THE PLAN

TO: ALL CREDITORS, INTEREST HOLDERS AND PARTIES IN INTEREST

PLEASE TAKE NOTICE OF THE FOLLOWING:

**Approval of Disclosure Statement**

1.      By an Order dated February 4, 2004, the United States Bankruptcy Court for the District of Delaware approved the Debtors' Disclosure Statement (as amended, the "Disclosure Statement"), with respect to the Second Amended Joint Chapter 11 Liquidating Plan of BRAC Group, Inc. and its Debtor Subsidiaries, dated February 3, 2004 (as amended, the "Plan"), as containing "adequate information" in accordance with section 1125 of the Bankruptcy Code.

**Confirmation Hearing**

2.      A hearing to consider entry of an order confirming the Plan will be held on **April 7, 2004 at 9:30 a.m. prevailing Eastern Time** or as soon thereafter as counsel can be heard, before Charles G. Case, II, Bankruptcy Judge for United Stated Bankruptcy Court for the District

---

[1] The Debtors are the following entities: BRAC Group, Inc., Auto Rental Systems, Inc., BGI Airport Parking, Inc., BGI Shared Services, LLC, BGI Shared Services, Inc., BRAC Credit Corporation, BRAC Car Sales, Inc., BRAC Fleet Finance Corporation, BRAC Rent A Car Asia-Pacific, Inc., BRAC Rent A Car Caribe Corporation, BRAC Rent A Car Corporation, BRAC Rent-A-Car International, Inc., BRAC Rent A Car of Japan, Inc., BRAC Rent-A-Car of St. Louis, Inc., BRAC Rent-A-Car of the Midwest, Inc., BRAC Rent-A-Car Systems, Inc., BRAC Sales Corporation, BRAC Storage Corporation, BRAT Move Management, Inc., BRAT Relocation Services, Inc., BRAT TRS, Inc., BVM, Inc., Carson Chrysler Plymouth Dodge Jeep Eagle, Inc., Control Risk Corporation, Dayton Auto Lease Company, Inc., Directors Row Management Company, LLC, IN Motors VI, LLC, Mastering The Move Realty, Inc., Mosiant Car Sales, Inc., NYRAC Inc., Paul West Ford, Inc., Philips Jacobs Insurance Agency, Inc., Premier Car Rental LLC, Reservation Services, Inc., TCS Properties, LLC, Team Car Sales of Charlotte, Inc., Team Car Sales of Dayton, Inc., Team Car Sales of Philadelphia, Inc., Team Car Sales of Richmond, Inc., Team Car Sales of San Diego, Inc., Team Car Sales of Southern California, Inc., Team Fleet Services Corporation, Team Holdings Corp., Team Realty Services, Inc., The Move Shop, Inc., Transportation and Storage Associates, ValCar Rental Car Sales, Inc., Vehicle Rental Access Company, LLC, and Warren Wooten Ford, Inc.

of Delaware at 824 N. Market St., Wilmington, Delaware 19801(the "Confirmation Hearing"). The Confirmation Hearing may be adjourned from time to time without further notice to creditors or parties-in-interest other than by an announcement of the adjourned date at the Confirmation Hearing.

3.  The Debtors reserve the right to amend or modify the Plan as provided therein or otherwise pursuant to the Bankruptcy Code and Federal Rules of Bankruptcy Procedure.

**Plan Treatment of Claims and Interests**

4.  The Plan proposes to modify the rights of certain creditors and interest holders of the Debtors.

**Entitlement to Vote on the Plan**

5.  In accordance with the terms of the Plan and the Bankruptcy Code, holders of claims against the Debtors that are impaired by the Plan are entitled to vote on the Plan. Pursuant to the Plan, Classes 3A,[2] 4A, 5A, 6A, and 4B are impaired and, therefore, claimants in those classes are entitled to vote on the Plan. Claims that are either unimpaired or not entitled to receive or retain any property under the Plan are not entitled to vote on the Plan. If you are a holder of a claim entitled to vote under the Plan, you should receive a package containing, among other things, the Plan, Disclosure Statement and appropriate form of ballot to vote to accept or reject the Plan (a "Solicitation Package"). The Debtors anticipate mailing the Solicitation Packages on or before February 20, 2004. If you are the holder of a claim entitled to vote under the Plan and do not receive a Solicitation Package, please contact The Trumbull Group, L.L.C. at (860) 687-7596, or in writing at The Trumbull Group, L.L.C., Re: BRAC Group, Inc., et al., Griffin Center, 4 Griffin Road North, Windsor, CT 06095.

**Estimation of Claims for Voting and Tabulation Procedures**

6.  For purposes of voting on the Plan, with respect to all creditors, the amount of a claim used to tabulate acceptance or rejection of the Plan shall be either: (a) the claim amount listed in the Debtors' schedules of liabilities, provided that (i) such claim is not scheduled as contingent, unliquidated, undetermined or disputed and (ii) no proof of claim has been timely filed (or otherwise deemed timely filed by the Court under applicable law); (b) the noncontingent, liquidated, determined, or undisputed amount specified in a proof of claim timely filed with the Court or Trumbull Services, L.L.C. (or otherwise deemed timely filed by the Bankruptcy Court under applicable law) to the extent the proof of claim is not the subject of an objection (or, if such claim has been resolved pursuant to a stipulation or order entered by the Bankruptcy Court, the amount set forth in such stipulation or order); or (c) the amount temporarily allowed by the Court for voting purposes pursuant to Bankruptcy Rule 3018(a) after a motion is brought, notice is provided and a hearing is held prior to the Confirmation Hearing.

7.  If a creditor casts a ballot, the creditor has timely filed a proof of claim (or has otherwise had such proof of claim deemed timely filed by the Court under applicable law) and

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

the creditor's claim is the subject of an objection to claim filed before the Voting Deadline, that creditor's ballot shall not be counted, unless temporarily allowed by the Court for voting purposes, pursuant to Bankruptcy Rule 3018(a), after a motion is brought by any such creditor, notice is provided and a hearing is held prior to the confirmation portion of the Confirmation Hearing.  Notwithstanding the above, if an objection to a claim has requested that such claim be reclassified and/or allowed in a fixed, reduced amount, such claim holder's ballot shall be counted to the extent of such requested amount and in the requested category.

8. All ballots for timely filed claims which are listed as contingent, unliquidated and/or disputed and are not the subject of an objection filed before the commencement of the Confirmation Hearing, shall vote in the amount of $1.00, unless otherwise allowed by Court order after a timely filed Bankruptcy Rule 3018 motion.

**Releases and Injunctions Sought**

9. The Plan contains the following release and injunctive provisions applicable to the parties set forth therein:

A. **Releases by the Debtors.**

**On the Effective Date, each of the Debtors shall release unconditionally, and hereby is deemed to forever release unconditionally (i) the Debtors' current and former directors, officers, employees, agents and professionals, (ii) the Creditors' Committee and, solely in their respective capacities as members or representatives of the Creditors' Committee, as applicable (and not as individual lenders or creditors to or on behalf of the Debtors), each member of the Creditors' Committee; (iii) the UK Officeholder; and (iv) the respective agents, advisors, accountants, investment bankers, consultants, attorneys and other representatives (including the respective current and former directors, officers, employees, members, shareholders and professionals) of any of the foregoing or of the Debtors or any affiliates or subsidiaries of the Debtors from any and all claims, obligations, suits, judgments, damages, rights, causes of action and liabilities whatsoever (other than the right to enforce the performance of their respective obligations, if any, to the Debtors, Reorganized BGI or Reorganized BRACII under the Plan, the Plan Administration Agreement, the BRACII CVA, the contracts, instruments, releases and other agreements delivered under the Plan and the Plan Administration Agreement, the Allocation Settlement Agreement and the releases and other agreements delivered under or in connection with the Allocation Settlement Agreement), whether direct, indirect or derivative, liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise that are based in whole or in part on any act or omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors; *provided, however,* that nothing in this Section shall be deemed to waive any objection to any Claim against the Debtors or any rights to object to any such Claim or to bring an adversary proceeding to subordinate a Claim under section 510(c) of the Bankruptcy Code, to recharacterize a Claim as an Interest, all of which rights, claims and defenses are expressly preserved; *provided further, however,* that the release provided to the Debtors' current and former directors and officers pursuant to this Section (x) shall not**

CH1 2797306v7

include causes of action the Debtors may have under section 547 of the Bankruptcy Code against such directors or officers and (y) shall be conditioned upon and in exchange for the withdrawal of any and all Claims such directors and officers may have against any of the Debtors (but subject to the right of any such director or officer to file a Claim in the event that a transfer is avoided under section 547 of the Bankruptcy Code).

B.     **Releases by Holders of Claims and Interests.**

On the Effective Date, each Holder of a Claim that voted to accept the Plan, in consideration for the obligations of the Debtors, Reorganized BGI and Reorganized BRACII under the Plan and the BRACII CVA and the Cash and other contracts, instruments, releases, agreements or documents to be delivered in connection with the Plan, will be deemed to forever release, waive and discharge, to the fullest extent permissible under applicable law, as such law may be extended or interpreted subsequent to the Effective Date, all claims, demands, debts, rights, causes of action or liabilities (other than the right to enforce the Debtors', Reorganized BGI's or Reorganized BRACII's obligations under the Plan, the Plan Administration Agreement and the contracts, instruments, releases, agreements and documents delivered under the Plan, the BRACII CVA and the Plan Administration Agreement), whether direct, indirect or derivative, liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise that are based in whole or in part on any act or omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the Chapter 11 Cases, the Plan, the BRACII CVA, the Allocation Settlement Agreement or the Disclosure Statement that such entity has, had or may have against (x) the Creditors' Committee, the UK Officeholder and their respective attorneys, accountants and financial advisors, acting in such capacity, and (y) any Debtor and its present and former directors, officers, shareholders, employees, agents, advisors, accountants, investment bankers, consultants, attorneys and other representatives; *provided, however,* that the release provided to the Debtors' current and former directors and officers pursuant to this Section shall be conditioned upon and in exchange for the withdrawal of any and all Claims such directors and officers may have against any of the Debtors (but subject to the right of any such director or officer to file a Claim in the event that a transfer is avoided under section 547 of the Bankruptcy Code).

C.     **Injunction Related to Releases.**

The Confirmation Order will permanently enjoin the commencement or prosecution by any entity, whether directly, derivatively or otherwise, of any claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action or liabilities released pursuant to this Plan.

**Deadline for Objections to Confirmation of the Plan**

10.    Any objections to confirmation of the Plan, including any supporting memoranda, shall (a) be in writing, (b) comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules of this Court, (c) set forth the names of the objector and the nature and amount

CH1 2797306v7

of any claim or interest alleged by such objector against the Debtors' estates or properties, (d) state with particularity the legal and factual basis for such objection, (e) be filed with the Clerk of the Bankruptcy Court for the District of Delaware, 3rd Floor, 824 Market Street, Wilmington, Delaware 19801 with a copy thereof served, by hand or by overnight delivery service, upon: (i) Sidley Austin Brown & Wood LLP, Bank One Plaza, 10 South Dearborn Street, Chicago, IL 60603, Attn: Larry J. Nyhan, Esq.; (ii) Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, DE 19801, Attn: Robert S. Brady, Esq.; (iii) Brown Rudnick Berlack Israels LLP, One Financial Center, Boston, MA 02111, Attn: Harold J. Marcus, Esq.; (iv) Ashby & Geddes, 222 Delaware Avenue, 17th Floor, Wilmington, DE 19801, Attn: William P. Bowden; (v) Richards, Layton & Finger, P.A., One Rodney Square, P.O. Box 551, Wilmington, DE 19899, Attn: Mark Collins, Esq.; and (vi) Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 N. King Street, Wilmington, DE 19801, Attn: Margaret Harrison, Esq., such that all objections are received no later than **4:00 p.m., prevailing Eastern Time, on March 19, 2004** (the "Objection Deadline"). Any objection not filed and served by the Objection Deadline will be deemed waived and will not be considered by this Court.

**Copies of the Plan and Disclosure Statement**

11.     The Disclosure Statement and the Plan are on file with the Clerk of the Bankruptcy Court for the District of Delaware, and may be examined by any interested party at the Clerk's office at any time during regular business hours, or a copy thereof may be obtained by submitting a written request for such documents, which shall include the name of the requesting party and the nature of such party's claim against or interest in the Debtors or any of the Debtors, to:

| | |
|---|---|
| By U.S. Mail: | The Trumbull Group<br>Attn: BRAC Group, Inc.<br>P.O. Box 721<br>Windsor, CT  06095-0721 |
| By Overnight or Hand Delivery | The Trumbull Group<br>Attn:  BRAC Group, Inc.<br>4 Griffin Road North<br>Windsor, CT 06095 |

CH1 2797306v7

Dated: February 5, 2004
Wilmington, Delaware

          **YOUNG CONAWAY STARGATT & TAYLOR, LLP**
          Robert S. Brady (No. 2847)
          Edmon L. Morton (Bar No. 3856)
          Joseph A. Malfitano (No. 4020)
          Matthew B. Lunn (No. 4119)
          The Brandywine Building, 17th Floor
          1000 West Street, P.O. Box 391
          Wilmington, DE 19899
          Telephone: (302) 571-6600

                - and -

          **SIDLEY AUSTIN BROWN & WOOD LLP**
          Larry J. Nyhan
          James F. Conlan
          Matthew A. Clemente
          Dennis M. Twomey
          Bank One Plaza
          10 S. Dearborn
          Chicago, IL 60603
          (312) 853-7000


          Counsel for Debtors and Debtors in Possession

CH1 2797306v7