# <u>EXHIBIT A</u>

**TECHNICAL MODIFICATIONS TO SECOND AMENDED JOINT CHAPTER 11
LIQUIDATING PLAN OF BRAC GROUP, INC. AND ITS DEBTOR SUBSIDIARIES**

1.      Section 1.109 of the Plan is hereby amended to insert the following amount in place of the blank: $3,027,478.58.

2.      Section 4.4 of the Plan is hereby amended by deleting the reference to "UK Officeholder" and replacing it with "Scheme Fund (as that term is defined in proposal 8.1 of the BRACII CVA)".

3.      Section 4.12 of the Plan is hereby amended by deleting the second sentence of such section and replacing it with the following: "For the avoidance of doubt, to the extent Reorganized BRACII or the Estate of BRACII indemnifies and holds harmless the BRACII Plan Administrator or any of its agents, representatives, professionals and employees, as provided above, any and all payments to which such parties may be entitled in respect of such indemnification or the monitoring or defense of claims giving rise to such indemnification shall be made solely and exclusively from the BRACII Administrative Claims Reserve.  To the extent Reorganized BRACII or the Estate of BRACII indemnifies and hold harmless the UK Officeholder or any of its agents, representatives, professionals and employees, as provided above, any and all payments to which such parties may be entitled in respect of such indemnification or the monitoring or defense of claims giving rise to such indemnification shall be made solely and exclusively from the Scheme Fund (as that term is defined in proposal 8.1 of the BRACII CVA)."

4.      Section 8.5 of the Plan is hereby amended by deleting the phrase "deposited in the Disputed Claims Reserves" and replacing it with the word "reserved".

# **EXHIBIT B**

**Exhibit B to Confirmation Order**

# EXHIBIT "A"

## INSURANCE POLICIES

**Error! Unknown document property name.**
479386 08-New York Server 6A

MSW - Draft April 15, 2004 - 10:27 AM

## Budget Rent A Car
## Policies

| Policy Number | Policy Symbol | Effective Date | Expiration Date | Issuing Company |
|---|---|---|---|---|
| ISA001817 | ISA | 9/1/1987 | 8/31/1988 | Insurance Company of North America |
| C14695771 | CCS | 9/30/1986 | 9/30/1987 | Pacific Employers Insurance Company |
| ISA001614 | ISA | 9/30/1986 | 9/30/1987 | Insurance Company of North America |
| G05696669 | ISL | 9/30/1986 | 9/30/1987 | Insurance Company of North America |
| G05696707 | XBC | 9/30/1986 | 9/30/1987 | Insurance Company of North America |
| G05696744 | XCP | 9/30/1986 | 9/30/1987 | Insurance Company of North America |
| ISA001817 | ISA | 9/1/1988 | 9/30/1988 | Insurance Company of North America |
| C14695817 | CCS | 10/1/1987 | 9/29/1988 | Pacific Employers Insurance Company |
| C14696805 | CCS | 9/30/1987 | 10/1/1987 | Pacific Employers Insurance Company |
| C29504490 | CCS | 9/30/1987 | 9/29/1988 | Pacific Employers Insurance Company |
| G05697670 | ISL | 9/30/1987 | 9/30/1988 | Insurance Company of North America |
| G05697694 | XCP | 9/30/1987 | 9/29/1988 | Insurance Company of North America |
| G05697682 | XSA | 9/30/1987 | 9/30/1988 | Insurance Company of North America |
| C31903592 | CCS | 10/1/1988 | 10/1/1989 | Pacific Employers Insurance Company |
| G05698534 | HDO | 10/1/1988 | 10/1/1989 | Insurance Company of North America |
| ISA001854 | ISA | 10/1/1988 | 10/1/1989 | Insurance Company of North America |
| G05698558 | XCP | 10/1/1988 | 10/1/1989 | Insurance Company of North America |
| XSA001855 | XSA | 10/1/1988 | 10/1/1989 | Insurance Company of North America |
| C29504490 | CCS | 9/30/1988 | 9/30/1988 | Pacific Employers Insurance Company |
| G05697694 | XCP | 9/30/1988 | 9/30/1988 | Insurance Company of North America |
| C34561011 | CCS | 6/13/1990 | 10/1/1990 | Pacific Employers Insurance Company |
| C31033640 | CCS | 10/1/1989 | 10/1/1990 | Ace Insurance Company of Texas |
| C31033686 | CCS | 10/1/1989 | 10/1/1990 | Pacific Employers Insurance Company |
| C33990868 | CCS | 10/1/1989 | 10/1/1990 | Pacific Employers Insurance Company |
| G05699022 | HDO | 10/1/1989 | 10/1/1990 | Insurance Company of North America |
| ISA002038 | ISA | 10/1/1989 | 10/1/1990 | Insurance Company of North America |
| ISA002039 | ISA | 10/1/1989 | 10/1/1990 | Insurance Company of North America |
| G13380326 | XCP | 10/1/1989 | 10/1/1990 | Insurance Company of North America |
| XSA002037 | XSA | 10/1/1989 | 10/1/1990 | Insurance Company of North America |
| C35957492 | CCS | 10/1/1990 | 10/1/1991 | Pacific Employers Insurance Company |
| C36041031 | CCS | 10/1/1990 | 10/1/1991 | Pacific Employers Insurance Company |
| G05699617 | HDO | 10/1/1990 | 10/1/1991 | Insurance Company of North America |
| ISA002073 | ISA | 10/1/1990 | 10/1/1991 | Insurance Company of North America |
| ISA002074 | ISA | 10/1/1990 | 10/1/1991 | Insurance Company of North America |
| C34561321 | WLR | 10/1/1990 | 10/1/1991 | Pacific Employers Insurance Company |
| XSA002072 | XSA | 10/1/1990 | 10/1/1991 | Insurance Company of North America |
| ISA771897 | ISA | 10/1/1991 | 10/1/1992 | Insurance Company of North America |
| C24244696 | SCF | 10/1/1991 | 10/1/1992 | Pacific Employers Insurance Company |
| C24244714 | SCF | 10/1/1991 | 10/1/1992 | Pacific Employers Insurance Company |
| C24245251 | SCF | 10/1/1991 | 10/1/1992 | Atlantic Employers Insurance Company |
| C24244234 | WLR | 10/1/1991 | 10/1/1992 | Pacific Employers Insurance Company |
| XSA771898 | XSA | 10/1/1991 | 10/1/1992 | Insurance Company of North America |
| G06639823 | HDO | 10/1/1992 | 10/1/1993 | Insurance Company of North America |
| C24246085 | SCF | 10/1/1992 | 10/1/1993 | Pacific Employers Insurance Company |
| C24246929 | SCF | 10/1/1992 | 10/1/1993 | Atlantic Employers Insurance Company |
| C24246930 | SCF | 10/1/1992 | 10/1/1993 | Pacific Employers Insurance Company |
| C24247752 | WLR | 10/1/1992 | 10/1/1993 | Pacific Employers Insurance Company |
| CAC3932544 | CAC | 3/1/1987 | 3/1/1988 | Insurance Company of North America |
| ISA 00205 | ISA | 10/1/1988 | 10/1/1989 | Insurance Company of North America |

| | | | | |
|---|---|---|---|---|
| CAC393196 | CAC | 3/31/1988 | 3/31/1989 | Insurance Company of North America |
| CAC 393196 | CAC | 3/31/1989 | 3/31/1990 | Insurance Company of North America |
| G14428555 | XOO | 10/1/1990 | 10/1/1991 | Insurance Company of North America |
| ISA 771951 | ISA | 10/1/1991 | 10/1/1992 | Insurance Company of North America |
| XSA 771953 | XSA | 10/1/1991 | 10/1/1992 | Insurance Company of North America |
| CAC 393196 | CAC | 3/31/1992 | 3/31/1993 | Insurance Company of North America |
| ISA 771952 | ISA | 10/1/1991 | 10/1/1992 | Insurance Company of North America |
| ISA 771954 | ISA | 10/1/1991 | 10/1/1992 | Insurance Company of North America |
| ISA 771955 | ISA | 10/1/1991 | 10/1/1992 | Insurance Company of North America |
| ISA 771956 | ISA | 10/1/1991 | 10/1/1992 | Insurance Company of North America |
| G0 6125843 | XOO | 10/1/1991 | 10/1/1992 | Insurance Company of North America |
| C1 2509016 | CCS | 10/1/1991 | 10/1/1992 | Insurance Company of North America |
| G0 6125979 | HDO | 10/1/1991 | 10/1/1992 | Insurance Company of North America |

# EXHIBIT "B"

## PROGRAM AGREEMENTS

Error! Unknown document property name.
479386 08-New York Server 6A

## AGREEMENTS RELATED TO POLICIES
## ISSUED TO DEBTORS BY ACE USA COMPANIES

1. Paid Loss Premium Collection Agreement dated September 30, 1986 between Budget Rent-A-Car Corp. and Pacific Employers Insurance Company ("PEIC")

2. Paid Loss Premium Collection Agreement dated September 30, 1987 between Budget Rent-A-Car Corp. and PEIC

3. Paid Loss Premium Collection Agreement dated October 1, 1988 between Budget Rent-A-Car Corp. and PEIC

4. Paid Loss Premium Collection Agreement dated October 1, 1989 between Budget Rent-A-Car Corp. on the one hand and PEIC and CIGNA Insurance Company of Texas ("CIGNA Texas") on the other

5. Deductible Workers' Compensation Agreement effective October 1, 1990 between Budget Rent-A-Car Corp. and PEIC

6. Cash Flow Deductible Workers' Compensation Agreement dated October 1, 1990 between Budget Rent-A-Car Corp. and PEIC

7. Paid Loss Premium Collection Agreement dated October 1, 1990 between Budget Rent-A-Car Corp. and PEIC

8. Automobile Liability Matching Deductible Agreement effective October 1, 1990

9. Agreement for Workers' Compensation Residual Market Assessment – 1991 Paid Loss Retro Programs between Beech Holdings Corp. and PEIC

10. Agreement for Workers' Compensation Residual Market Assessments – 1991 Deductible WC Programs between Beech Holdings Corp. and PEIC

11. Paid Loss Retro Agreement dated October 1, 1991 between Beech Holdings Corp. and PEIC

12. Cash Flow Deductible Workers' Compensation Agreement dated October 1, 1991 between Beech Holdings Corp. and PEIC

13. Paid Loss Retro Agreement dated October 1, 1992 between Beech Holdings Corp. on the one hand and PEIC and Atlantic Employers Insurance Company ("AEIC") on the other

14. Cash Flow Deductible Workers' Compensation Agreement dated October 1, 1992 between Beech Holdings Corp. and PEIC

15. Agreement for Workers' Compensation Residual Market Assessments – 1992 Deductible WC Programs between Beech Holdings Corp. and PEIC

DOCS_PH 1564563v4

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| | ) | |
| **In re** | ) | **CHAPTER 11** |
| | ) | |
| **THE BUDGET GROUP, INC., et al.,** | ) | **CASE NO. 02-12152(CGC)** |
| | ) | |
| **Debtors.** | ) | **JOINTLY ADMINISTERED** |
| | ) | |

**STIPULATION AND ORDER APPROVING THE ASSUMPTION**
**AND ASSIGNMENT OF INSURANCE POLICIES AND RELATED**
**AGREEMENTS WITH INSURANCE COMPANY OF NORTH AMERICA, ET AL.**

BRAC Group, Inc. (f/k/a The Budget Group, Inc.) and its affiliates, jointly-administered

debtors and debtors-in-possession (collectively, "Debtors"), Cendant Corporation ("Cendant"),

Budget Rent A Car System, Inc. (f/k/a Cherokee Acquisition Corporation) ("Cherokee," and

together with Cendant, the "Cendant Parties"), Insurance Company of North America ("INA"),

Pacific Employers Insurance Company ("Pacific"), ACE Insurance Company of Texas ("ACE"),

Atlantic Employers Insurance Company ("Atlantic") and possibly other ACE USA-related

companies (INA, Pacific, ACE, Atlantic and such other related companies, collectively, the

"ACE USA Companies" and, together with Debtors and the Cendant Parties, the "Parties")

stipulate and agree as follows:

WHEREAS, on July 29, 2002 (the "Petition Date"), Debtors commenced their

bankruptcy cases under Chapter 11 of the Bankruptcy Code;

WHEREAS, the ACE USA Companies issued to Debtors certain insurance policies,

including any endorsements and amendments thereto, in connection with Debtors' insurance

programs set forth on Exhibit "A" attached hereto, including, without limitation, those policies

that were inadvertently omitted by the ACE USA Companies from Exhibit A and were issued or

entered into in the ordinary course of the Debtors' business (collectively with the endorsements and amendments thereto, the "Policies");

WHEREAS, pursuant to the Policies, Debtors entered into certain related agreements listed on Exhibit B hereto, including, without limitation, those agreements that were inadvertently omitted by the ACE USA Companies from Exhibit B and were issued or entered into in the ordinary course of the Debtors' business (the "Program Agreements" and, together with the Policies, collectively, the "ACE USA Agreements") and are obligated to perform certain duties and to pay to the ACE USA Companies, among other things, certain premiums, fees, expenses and related costs;

WHEREAS, the ACE USA Companies hold certain collateral to secure the insureds' obligations under the ACE USA Agreements, including, without limitation, certain letters of credit (collectively, the "Collateral"); *CgC* *(AS MAY BE SUPPLEMENTED, REVISED OR MODIFIED FROM TIME TO TIME, INCLUDING THE ISSUANCE OF A REPLACEMENT LETTER OF CREDIT N. P-231873)*

WHEREAS, Debtors and the Cendant Parties entered into an Asset and Stock Purchase Agreement (as amended, the "ASPA");

WHEREAS, by an order, dated November 8, 2002, this Court approved the ASPA, docket no. 1922 (the "Sale Order");

WHEREAS, the ASPA closed on November 22, 2002 (the "Closing Date"), and

WHEREAS, pursuant to the ASPA and the Sale Order, the ACE USA Agreements are Acquired Assets which Debtors were required to assume and assign to Cherokee;

WHEREAS, Debtors and the Official Committee of Unsecured Creditors in the above captioned cases (the "Committee") filed a motion seeking entry of an order approving a settlement agreement by and among Debtors, the Committee, the Cendant Parties and Simon Vincent Freakley and Gurpal Singh Johal, in their capacities as administrators of BRAC Rent-A-

-2-

Car International, Inc. ("BRACII") in BRACII's administration proceedings pending in the United Kingdom (the "Settlement Agreement");

IT IS HEREBY stipulated and agreed as follows:

1.    The Parties acknowledge and agree that all of the ACE USA Agreements remain in full force and effect, shall be, and hereby are, assumed in full by Debtors and shall be, and hereby are, assigned to and assumed by Cherokee, effective as of the Effective Date, as defined below.[1]

2.    With the exception of (a) the substitution of Cherokee for the Debtors as the named insured under the ACE USA Agreements, and (b) the disregard of any termination or modification of any of the insureds' rights under the ACE USA Agreements resulting from any *ipso facto* clauses that may be contained in the ACE USA Agreements due to the financial condition of the Debtors and the Debtors' bankruptcy cases, and subject to this Stipulation and Order, no right, duty or obligation under the ACE USA Agreements has been, or will be, altered, impaired, released or discharged by the Sale Order, by any other order or proceeding in these bankruptcy cases (including, without limitation, any order converting these cases to Chapter 7 liquidation cases, or any order confirming any plan(s) of reorganization or liquidation), except as provided by this Stipulation and Order.

3.    With the exception of (a) the substitution of Cherokee for the Debtors as the named insured under the ACE USA Agreements, and (b) the disregard of any termination or modification of any of the insureds' rights under the ACE USA Agreements resulting from any

---

[1]    To the extent the ACE USA Agreements are deemed to be executory contracts pursuant to 11 U.S.C. § 365, the approval of this Stipulation shall constitute an order approving the assumption and assignment of the ACE USA Agreements pursuant to 11 U.S.C. §§ 365(b) and 365(f)(2). To the extent the ACE USA Agreements are deemed not to be executory contracts pursuant to 11 U.S.C. § 365, the approval of this Stipulation shall constitute an order approving the transfer, use, assumption and assignment of the ACE USA Agreements pursuant to 11 U.S.C. §363(b).

-3-

*ipso facto* clauses that may be contained in the ACE USA Agreements due to the financial condition of the Debtors and the Debtors' bankruptcy cases, and subject to this Stipulation and Order, nothing in the Sale Order, any other order or proceeding in these bankruptcy cases (including, without limitation, any order converting these cases to Chapter 7 liquidation cases, or any order confirming any plan of reorganization or liquidation) or this Stipulation and Order, shall alter or modify any of the terms, conditions, rights, defenses, limitations or exclusions contained in the ACE USA Agreements, create any insurance coverage that does not otherwise exist under the ACE USA Agreements or eliminate any insurance coverage that otherwise exists under the ACE USA Agreements.

4.    The ACE USA Companies' and Cherokee's rights relating to the Collateral are unaffected by this Stipulation and Order and/or any other order or proceeding in these bankruptcy cases, and the Collateral shall be released only in accordance with the ACE USA Agreements, unless otherwise agreed to in writing by the relevant ACE USA Company party and Cherokee. After the Effective Date, the ACE USA Companies may reach, use, apply or setoff against the Collateral in accordance with their rights under the ACE USA Agreements without further order of this Court.

5.    Debtors acknowledge and agree that, up to and through the Effective Date, they shall continue to be obligated to, and shall, perform, pay and/or satisfy all duties and obligations of the insured under the ACE USA Agreements in the ordinary course of business. On and after the Effective Date, Cherokee shall be obligated to perform, pay and/or satisfy all duties and obligations of the insured under the ACE USA Agreements, and Debtors shall have no further obligations or duties under the ACE USA Agreements assumed by the Debtors and assigned to Cherokee. Debtors are not released from their obligations or duties to the ACE USA

-4-

Companies under the ACE USA Agreements for duties and obligations relating to coverage sought under any ACE USA Agreements for any claims retained by the Debtors following the Effective Date.

6.  The ACE USA Companies acknowledge and agree that subject to the occurrence of the Effective Date, they shall be obligated and required to perform, pay and/or satisfy all duties and obligations they have under the ACE USA Agreements, subject to all of the terms, conditions, limitations and exclusions contained therein, with the exception of (a) the substitution of Cherokee for the Debtors as the named insured under the ACE USA Agreements, and (b) the disregard of any termination or modification of any of the insureds' rights under the ACE USA Agreements resulting from any *ipso facto* clauses that may be contained in the ACE USA Agreements due to the financial condition of the Debtors and the Debtors' bankruptcy cases.

7.  No action or other proceeding in this Court shall be required for the Parties to enforce any of their rights, and their respective duties and obligations, under the ACE USA Agreements.

8.  Neither Cherokee nor the ACE USA Companies are relieved of any obligations under the ACE USA Agreements and each shall be obligated to satisfy all past, present and future duties and obligations arising from or under the ACE USA Agreements including, without limitation, (i) in the case of Cherokee, the obligations to cure any existing monetary defaults under the ACE USA Agreements consistent with the terms of the Settlement Agreement, and maintain the Collateral as required to secure its continuing obligations under the ACE USA Agreements, and (ii) performance of all future monetary and non-monetary obligations. ∕CHEROKEE HEREBY GUARANTEES ALL OF THE OBLIGATIONS OF CHEROKEE UNDER THE ACE USA The ACE USA Companies agree that the foregoing shall constitute adequate AGREEMENTS ∕ NOT SECURED BY THE COLLATERAL, INCLUDING ANY COLLATERAL SHORTFALL.

CO⌐

-5-

assurance of future performance and adequate protection by Debtors and Cherokee to the extent such assurance is required pursuant to sections 363(e) and/or 365(f) of the Bankruptcy Code. There are currently no defaults or cure amounts presently due and owing to the ACE USA Companies under the ACE USA Agreements.

9.    Debtors, Cherokee and the ACE USA Companies shall cooperate with each other in connection with any documentation that the ACE USA Companies may reasonably request or require in connection with the assumption and assignment of the ACE USA Agreements.

10.    This Stipulation and Order is subject to Bankruptcy Court approval and prior to such approval shall have no force and effect and not be binding on the Parties. This Stipulation and Order shall become effective (the "Effective Date") upon this Stipulation and Order becoming a Final Order, as defined in the ASPA.

Dated: April 20, 2004

Leonard P. Goldberger, Esquire
Joseph G. Gibbons, Esquire
White and Williams LLP
1800 One Liberty Place
Philadelphia, PA 19103-7395
Telephone: (215) 864-7000
Telecopier: (215) 864-7123

Attorneys for Insurance Company of North
America, *et al.*

-6-

Case 1:05-cv-00319-KAJ  Document 3-3  Filed 05/20/2005  Page 16 of 23

CENDANT CORPORATION

By: _Eric J. Bock_____
Title: **Executive Vice President, Law**
       **and Corporate Secretary**
BUDGET RENT A CAR SYSTEM, INC.

By: _____
Title: **Eric J. Bock**
       **Executive Vice President, Law**
       **and Corporate Secretary**

_____
Larry J. Nyhan, Esquire
Dennis M. Twomey, Esquire
Sidley Austin Brown & Wood, LLP
Bank One Plaza
10 South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Telecopier: (312) 853-7036

Attorneys for BRAC Group, Inc. (f/k/a The
Budget Group, Inc.), _et al._, Debtors

SO ORDERED this _____ day of _____, 2004.

Wilmington, DE

_____
United States Bankruptcy Judge

-7-

CENDANT CORPORATION

_____

By:
Title:

BUDGET RENT A CAR SYSTEM, INC.

_____

By:
Title:

_____
Larry J. Nyhan, Esquire
Dennis M. Twomey, Esquire
Sidley Austin Brown & Wood, LLP
Bank One Plaza
10 South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Telecopier: (312) 853-7036

Attorneys for BRAC Group, Inc. (f/k/a The
Budget Group, Inc.), *et al.*, Debtors

SO ORDERED this __20__ day of __April__, 2004.

Wilmington, DE

_____
United States Bankruptcy Judge

-7-

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------------X

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | | Case No. 02-12152 (CGC) |
| BRAC GROUP, INC. | : | Jointly Administered |
|    (f/k/a BUDGET GROUP, Inc.) (02-12152), | | |

| | | |
|---|---|---|
| Auto Rental Systems, Inc. (02-12153), | BRAT TRS, Inc. (f/k/a Ryder TRS, Inc.) (02-12185), | : |
| BGI Airport Parking, Inc. (02-12154), | BVM, Inc. (02-12170), | |
| BGI Shared Services, Inc. (02-12155), | Carson Chrysler Plymouth Dodge Jeep | : |
| BGI Shared Services, LLC (02-12156), |    Eagle, Inc. (02-12171), | |
| BRAC Credit Corporation (02-12157), | Control Risk Corporation (02-12172), | : |
| BRAC Car Sales, Inc. (f/k/a Budget Car Sales, Inc.) (02-12158), | Dayton Auto Lease Company, Inc. (02-12173), | |
| BRAC Fleet Finance Corporation (f/k/a Budget Fleet Finance | Directors Row Management Company, LLC (02-12174), | : |
|    Corporation) (02-12159), | IN Motors VI, LLC (02-12175), | |
| BRAC Rent A Car Asia-Pacific, Inc. (f/k/a Budget Rent A Car | Mastering the Move Realty, Inc. (02-12176), | : |
|    Asia-Pacific, Inc.) (02-12160), | Mosiant Car Sales, Inc. (02-12177), | |
| BRAC Rent a Car Caribe Corporation (f/k/a Budget Rent A Car | NYRAC Inc. (02-12178), | : |
|    Caribe Corporation) (02-12161), | Paul West Ford, Inc. (02-12179), | |
| BRAC Rent A Car Corporation (f/k/a Budget Rent A Car | Philips Jacobs Insurance Agency, Inc. (02-12180), | : |
|    Corporation) (02-12162), | Premier Car Rental LLC (02-12181), | |
| BRAC Rent-A-Car International, Inc. (f/k/a Budget Rent-A-Car | Reservation Services, Inc. (02-12182), | : |
|    International, Inc.) (02-12163), | TCS Properties, LLC (02-12186), | |
| BRAC Rent A Car of Japan, Inc. (f/k/a Budget Rent A Car of | Team Car Sales of Charlotte, Inc. (02-12187), | : |
|    Japan, Inc.) (02-12164), | Team Car Sales of Dayton, Inc. (02-12188), | |
| BRAC Rent A Car of St. Louis, Inc. (f/k/a Budget Rent A Car of | Team Car Sales of Philadelphia, Inc. (02-12189), | |
|    St. Louis, Inc.) (02-12165), | Team Car Sales of Richmond, Inc. (02-12190), | |
| BRAC Rent-A-Car of the Midwest, Inc. (f/k/a Budget Rent-A- | Team Car Sales of San Diego, Inc. (02-12191), | |
|    Car of the Midwest, Inc.) (02-12166), | Team Car Sales of Southern California, Inc. (02-12192), | : |
| BRAC Rent-A-Car Systems, Inc. (f/k/a Budget Rent-A-Car | Team Fleet Services Corporation (02-12193), | |
|    Systems, Inc.) (02-12167), | Team Holdings Corp. (02-12194), | |
| BRAC Sales Corporation (f/k/a Budget Sales Corporation) (02- | Team Realty Services, Inc. (02-12195), | : |
|    12168), | The Move Shop, Inc. (02-12196), | |
| BRAC Storage Corporation (f/k/a Budget Storage Corporation) | Transportation And Storage Associates (02-12197), | |
|    (02-12169), | ValCar Rental Car Sales, Inc. (02-12198), | : |
| BRAT Move Management, Inc. (f/k/a Ryder Move | Vehicle Rental Access Company, LLC (02-12199), and | |
|    Management, Inc.) (02-12183), | Warren Wooten Ford, Inc. (02-12200), | |
| BRAT Relocation Services, Inc. (f/k/a Ryder Relocation | | |
|    Services, Inc.) (02-12184), | Debtors. | |

## NOTICE OF (I) ENTRY OF ORDER CONFIRMING THE SECOND AMENDED JOINT CHAPTER 11 LIQUIDATING PLAN OF BRAC GROUP, INC. AND ITS DEBTOR SUBSIDIARIES AND (II) BAR DATE FOR ADMINISTRATIVE CLAIMS

      PLEASE TAKE NOTICE that on April [__], 2004 (the "Confirmation Date"), an order (the "Confirmation Order") confirming the *Second Amended Joint Chapter 11 Liquidating Plan of BRAC Group, Inc. and its Debtor Subsidiaries*, dated February 3, 2004 (as amended or modified, the "Plan"), signed by the Honorable Charles G. Case, II, was entered and duly docketed by the Office of the Clerk of the United States

Bankruptcy Court for the District Court for the District of Delaware (the "Bankruptcy Court") in the above captioned cases of BRAC Group, Inc. (f/k/a Budget Group, Inc.) and its affiliated Debtor subsidiaries (collectively, the "Debtors"). The Confirmation Order is on file with the Clerk of the Bankruptcy Court and may be inspected during normal business hours at the Office of the Clerk of the Bankruptcy Court, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801. Copies of the Confirmation Order can also be found at Docket No. [____] and obtained from the Bankruptcy Court's website at www.deb.courts.gov or by contacting the undersigned counsel to the Debtors. Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

## BAR DATE FOR ADMINISTRATIVE CLAIMS

PLEASE TAKE FURTHER NOTICE that requests for payment of Administrative Claims, including Claims of governmental units for taxes (including tax audit Claims related to tax years commencing after July 29, 2002 (the "Petition Date"), but excluding Claims relating to tax periods or portions thereof, ending on or before the Petition Date), against any of the Debtors other than BRACII (such Debtors, collectively, the "U.S. Debtor Group"), except for Professional Fee Claims (discussed below) not paid prior to the Confirmation Date must file requests for payment of Administrative Claims with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801 and served on (i) counsel to the Debtors, (a) Sidley Austin Brown & Wood LLP, Bank One Plaza, 10 South Dearborn Street, Chicago, Illinois 60603, Attn: Larry J. Nyhan and (b) Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, Delaware 19899-0391, Attn: Robert S. Brady; (ii) counsel to Reorganized BGI, [TO BE INSERTED]; and (iii) the Plan Administrator, Walker, Truesdell & Associates, Inc., 380 Lexington Avenue, Suite 1514, New York, New York 10168, Attn: [TO BE INSERTED] **so as to be received on or before 4:00 p.m. EST on [Date 45 days after Confirmation Date]**. ANY ENTITY THAT IS REQUIRED TO FILE AND SERVE SUCH A REQUEST FOR PAYMENT AND FAILS TO TIMELY FILE AND SERVE SUCH REQUEST, SHALL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH CLAIM OR PARTICIPATING IN DISTRIBUTIONS UNDER THE PLAN ON ACCOUNT THEREOF.

## BAR DATE FOR REJECTION DAMAGE CLAIMS

PLEASE TAKE FURTHER NOTICE that pursuant to the Plan and the Confirmation Order, each executory contract and unexpired lease entered into by any of the Debtors prior to July 29, 2002 (the "Petition Date") shall be rejected pursuant to section 365 of the Bankruptcy Code, except for any executory contract or unexpired lease that (i) previously has been assumed or rejected by order of the Bankruptcy Court or (ii) is listed on the schedule of assumed contracts annexed as Exhibit C to the Plan Supplement as amended from time to time. Any Claim for damages arising from the rejection of any such executory contract or unexpired lease must be filed with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801 and served on (i) counsel to Reorganized BGI, [TO BE INSERTED] and (ii) counsel to Reorganized BRACII, [TO BE INSERTED] **so as to be received no later than thirty (30) days after service of this Notice**. ANY ENTITY THAT IS REQUIRED TO FILE AND SERVE SUCH A REQUEST FOR PAYMENT AND FAILS TO TIMELY FILE AND SERVE SUCH REQUEST, SHALL BE

FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH CLAIM OR PARTICIPATING IN DISTRIBUTIONS UNDER THE PLAN ON ACCOUNT THEREOF.

## BAR DATE FOR PROFESSIONAL FEE CLAIMS

PLEASE TAKE FURTHER NOTICE that all Professionals or other persons requesting compensation or reimbursement pursuant to sections 327, 328, 330, 331, 503(b) and 1103 of the Bankruptcy Code for services rendered to the Debtors prior to the Effective Date (including requests under section 503(b)(4) of the Bankruptcy Code by any Professional or other entity for making a substantial contribution in these Chapter 11 Cases) shall file an application for final allowance of such compensation and reimbursement with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801 and served on (i) counsel to Reorganized BGI, [TO BE INSERTED], (ii) counsel to Reorganized BRACII, [TO BE INSERTED], and (iii) the Office of the United States Trustee [TO BE INSERTED] **so as to be received no later than 60 days after the Effective Date**. The Debtors currently anticipate that the Effective Date will be [_____, 2004]. ANY ENTITY THAT IS REQUIRED TO FILE AND SERVE SUCH A REQUEST FOR PAYMENT AND FAILS TO TIMELY FILE AND SERVE SUCH REQUEST, SHALL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH CLAIM OR PARTICIPATING IN DISTRIBUTIONS UNDER THE PLAN ON ACCOUNT THEREOF.

PLEASE TAKE FURTHER NOTICE that service of this Notice of Confirmation constitutes good and sufficient notice pursuant to Bankruptcy Rules 2002 and 3020 of entry of the Confirmation Order confirming the Plan and of the other relief granted in the Confirmation Order, and no other or further notice need be given.

**PLEASE TAKE FURTHER NOTICE THAT THE PLAN AND CONFIRMATION ORDER CONTAIN PROVISIONS THAT MAY AFFECT YOUR RIGHTS. YOU ARE ENCOURAGED TO REVIEW THE PLAN AND CONFIRMATION ORDER IN THEIR ENTIRETY.**

Dated: April 15, 2004

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Robert S. Brady (No 2847)
Edmon L. Morton (No.3856)
Joseph A. Malfitano (No. 4020)
Matthew B. Lunn (No. 4119)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Tel: (302) 571-6600
Facsimile: (302) 571-1253

&

SIDLEY AUSTIN BROWN & WOOD LLP
Larry J. Nyhan
James F. Conlan
Matthew A. Clemente
Dennis M. Twomey
Bank One Plaza
10 South Dearborn Street
Chicago, IL 60603
Tel: (312) 853-7000
Facsimile: (312) 853-7036

Attorneys for Debtors and Debtors in Possession

3

# EXHIBIT D

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| BRAC GROUP INC. (f/k/a Budget Group, Inc.), et al.,[1] | ) Case No. 02-12152 (CGC) |
| | ) |
| Debtors. | ) (Jointly Administered) |

## NOTICE OF OCCURRENCE OF EFFECTIVE DATE

　　　　PLEASE TAKE NOTICE that on April [__], 2004 (the "Confirmation Date"), an Order (the "Confirmation Order") confirming the *Second Amended Joint Chapter 11 Liquidating Plan of BRAC Group, Inc. and its Debtor Subsidiaries*, dated February 3, 2004 (as amended or modified, the "Plan") filed by BRAC Group, Inc. (f/k/a Budget Group, Inc.) and its affiliated subsidiaries, each a debtor and debtor-in-possession herein (collectively, the "Debtors"), was entered by the Honorable Charles G. Case, II, United States Bankruptcy Judge and duly docketed and filed in the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware. Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Plan.

　　　　PLEASE TAKE FURTHER NOTICE that the Effective Date of the Plan occurred on [_____], 2004.

　　　　PLEASE TAKE FURTHER NOTICE that the Confirmation Order requires that all requests for payment of administrative costs and expenses incurred prior to the Confirmation

---

[1]　　　　The Debtors are the following entities: BRAC Group, Inc., Auto Rental Systems, Inc., BGI Airport Parking, Inc., BGI Shared Services, Inc., BGI Shared Services, LLC, BRAC Credit Corporation, BRAC Car Sales, Inc., BRAC Fleet Finance Corporation, BRAC Rent a Car Asia-Pacific, Inc., BRAC Rent a Car Caribe Corporation, BRAC Rent a Car Corporation, BRAC Rent-A-Car International, Inc., BRAC Rent A Car of Japan, Inc., BRAC Rent a Car of St. Louis, Inc., BRAC Rent-A-Car of the Midwest, Inc., BRAC Rent-A-Car Systems, Inc., BRAC Sales Corporation, BRAC Storage Corporation, BVM, Inc., Carson Chrysler Plymouth Dodge Jeep Eagle, Inc., Control Risk Corporation, Dayton Auto Lease Company, Inc., Directors Row Management Company, LLC, IN Motors VI, LLC, Mastering The Move Realty, Inc., Mosiant Car Sales, Inc., NYRAC Inc., Paul West Ford, Inc., Philips Jacobs Insurance Agency, Inc., Premier Car Rental LLC, Reservation Services, Inc., BRAT Move Management, Inc., BRAT Relocation Services, Inc., BRAT TRS, Inc., TCS Properties, LLC, Team Car Sales of Charlotte, Inc., Team Car Sales of Dayton, Inc., Team Car Sales of Philadelphia, Inc., Team Car Sales of Richmond, Inc., Team Car Sales of San Diego, Inc., Team Car Sales of Southern California, Inc., Team Fleet Services Corporation, Team Holdings Corp., Team Realty Services, Inc., The Move Shop, Inc., Transportation and Storage Associates, ValCar Rental Car Sales, Inc., Vehicle Rental Access Company, LLC, and Warren Wooten Ford, Inc.

Date pursuant to sections 507(a)(1) and 503 of the Bankruptcy Code shall be filed with the Bankruptcy Court and served on the notice parties set forth in the Notice of Confirmation filed with the Bankruptcy Court or served on all parties in interest on [_____] **so as to be received no later than [45 Days after the Confirmation Date] at 4:00 p.m EST**. Any such request that is not filed and served within this time shall be forever barred.

> PLEASE TAKE FURTHER NOTICE that pursuant to the Plan and Confirmation Order, each executory contract and unexpired lease entered into by any of the Debtors prior to the Petition Date shall be rejected pursuant to section 365 of the Bankruptcy Code, except for any executory contract or unexpired lease that (i) previously has been rejected or assumed by order of the Bankruptcy Court or (ii) is listed on schedule of assumed contracts and leases annexed as Exhibit C to the Amended Plan Supplement. All proofs of claim with respect to claims arising from the rejection of any executory contract or unexpired lease, must be filed with the Clerk of the Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801 and served on (i) counsel to Reorganized BGI, [TO BE INSERTED] and (ii) counsel to Reorganized BRACII, [TO BE INSERTED] **so as to be received on or before thirty (30) days after service of the Notice of Confirmation**. Any such request that is not filed and served within this time shall be forever barred.

> PLEASE TAKE FURTHER NOTICE that all Professionals or other persons requesting compensation or reimbursement pursuant to sections 327, 328, 330, 331, 503(b) and 1103 of the Bankruptcy Code for services rendered on or prior to the Effective Date (including requests under section 503(b)(4) of the Bankruptcy Code by any Professional or other entity for making a substantial contribution in these Chapter 11 Cases) shall file an application for final allowance of such compensation and reimbursement with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801 and serve on (i) counsel to Reorganized BGI, [TO BE INSERTED]; (ii) counsel to Reorganized BRACII, [TO BE INSERTED]; and (iii) the Office of the United States Trustee [TO BE INSERTED] **so as to be received no later than 60 days after the Effective Date**. Any such request that is not filed and served within this time shall be forever barred..

> PLEASE TAKE FURTHER NOTICE that copies of the Plan, the Amended Plan Supplement and the Confirmation Order may be obtained from the Clerk of the Bankruptcy Court or from counsel for Reorganized BGI or Reorganized BRACII listed below.

Dated: Wilmington, Delaware
       _____, 2004

[TO INSERT SIGNATURE BLOCK]          [TO INSERT SIGNATURE BLOCK]

Counsel to Reorganized BGI           Counsel to Reorganized BRACII

2