IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:* <br><br> BRAC GROUP, INC. <br> (f/k/a Budget Group, Inc.), <br><br> Reorganized Debtor.[1] | Chapter 11 <br><br> Case No. 02-12152 (JLP) <br><br> **Related Docket No. 5237** |

**CERTIFICATE OF NO OBJECTION REGARDING MOTION OF THE PLAN ADMINISTRATOR FOR ORDER EXTENDING THE PERIOD WITHIN WHICH THE REORGANIZED DEBTOR MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 9006 AND 9027**

I, Gregory A. Taylor, hereby certify the following:

1. I am an attorney with Ashby & Geddes, P.A., Delaware Counsel to Walker, Truesdell & Associates, in its capacity as Plan Administrator (the "Plan Administrator"), with respect to the above-captioned case.

2. On October 15, 2004, the Plan Administrator filed the Notice and the Motion for Order Extending the Period Within Which the Reorganized Debtor May Remove Actions Pursuant to 28 U.S.C. § 1452 and Federal Rules of Bankruptcy Procedure 9006 and 9027 [Docket No. 5237] (the "Motion").

3. The Motion was served upon the Office of the United States Trustee and all parties entitled to notice under Bankruptcy Rule 2002 and the Administrative Order Pursuant to 11 U.S.C. §105 and Fed. R. Bankr. P. 2002(m) Approving Certain Post-Effective Date Notice Procedures [Docket No. 4231].

4. The Notice provided that any objections or responses to the Motion were to be

---

[1] The Debtors were substantively consolidated on May 3, 2004 pursuant to Section 4.1 of the Second Amended Joint Chapter 11 Liquidating Plan confirmed on April 23, 2004 and made effective on May 3, 2004 (the "Effective Date").

filed with the Court and served on the undersigned counsel by 4:00 p.m. on November 5, 2004. The Court's docket reflects that no objections to the Motion were filed. Additionally, the Plan Administrator has received no objections to the Motion.

5. The Plan Administrator respectfully requests entry of the Proposed Order attached hereto as Exhibit 1 at the Court's earliest convenience.

Dated: November 24, 2004

        ASHBY & GEDDES, P.A.

        /s/ William P. Bowden
        William P. Bowden (I.D. #2553)
        Gregory A. Taylor (I.D. #4008)
        222 Delaware Avenue, 17th Floor
        P.O. Box 1150
        Wilmington, DE 19899
        (302) 654-1888

        -and-

        BROWN RUDNICK BERLACK
        ISRAELS LLP
        Peter J. Antoszyk, Esq.
        Susan Simone, Esq.
        One Financial Center
        Boston, MA 02111
        (617) 856-8200

        *Counsel to the Plan Administrator*

150495v1

**EXHIBIT 1**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:* | Chapter 11 |
| BRAC GROUP, INC. (f/k/a Budget Group, Inc.), | Case No. 02-12152 (JLP) |
| Reorganized Debtor.[1] | **Related Docket No. 5237** |

## ORDER EXTENDING THE PERIOD WITHIN WHICH THE PLAN ADMINISTRATOR MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 9006 AND 9027

Upon consideration of the Motion of Walker Truesdell & Associates, in its capacity as Plan Administrator (the "Plan Administrator") for the above captioned Reorganized Debtor, for entry of an order pursuant to 28 U.S.C. § 1452 and Rules 9006 and 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") extending the time within which the Plan Administrator may file notices of removal of State Court Actions and related proceedings(the "Motion");[2] and it appearing that the Court has jurisdiction over this matter; and due and adequate notice of the Motion having been given; and no other or further notice being necessary; and it further appearing that the relief requested in the Motion is in the best interests of the Reorganized Debtor and its estate, creditors, and other parties in interest; and after due deliberation and sufficient cause appearing thereof; it is hereby

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that pursuant to Bankruptcy Rule 9006, the Current Deadline is extended through and including the later of (a) January 17, 2005 or (b) thirty (30) days after the

---

[1] The Debtors were substantively consolidated on May 3, 2004 pursuant to section 4.1 of the Second Amended Joint Chapter 11 Liquidating Plan confirmed on April 23, 2004 and made effective on May 3, 2004. On June 21, 2004, this Court entered a final decree closing the Chapter 11 cases of BRAC Group, Inc.'s United States debtor subsidiaries.

1

termination of the automatic stay with respect to the particular actions sought to be removed; and it is further

ORDERED that this Order is without prejudice to the Plan Administrator's right to seek a further extension or extensions of the time within which to file notices of removal of actions and related proceedings upon motion filed with the Court; and it is further

ORDERED that this Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

Dated: _____, 2004
Wilmington, Delaware

                                                     The Honorable John L. Peterson
                                                     United States Bankruptcy Judge

148867v1

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

## CERTIFICATE OF SERVICE

I, Gregory A. Taylor, Esq. hereby certify that on the 24th day of November, 2004, I caused a true and correct copy of the attached *Certificate of No Objection Regarding the Motion for Order Extending the Period Within Which the Reorganized Debtor May Remove Actions Pursuant to 28 U.S.C. § 1452 and Federal Rules of Bankruptcy Procedure 9006 and 9027* be served upon the parties on the attached service list by First Class U.S. Mail, postage prepaid, or in the manner so indicated.

150495v1

Gregory A. Taylor (I.D. #4008)

In re BRAC Group, Inc.; Case No. 02-12152 (CGC)
Post-Effective Date Rule 2002 Service List
143890.1

| | |
|---|---|
| **HAND DELIVERY**<br>Robert S. Brady, Esq.<br>Joseph A Malfitano, Esq.<br>Young, Conaway, Stargatt & Taylor, LLP<br>1000 West Street, 17th Floor<br>Wilmington, DE 19899<br>*Counsel to the Debtors* | **HAND DELIVERY**<br>Margaret Harrison, Esq.<br>Office of the United States Trustee<br>844 King Street, Room 2313<br>Wilmington, DE 19801<br>*Trustee* |
| Lawrence J. Nyhan, Esq<br>Sidley Austin Brown & Wood LLP<br>Bank One Plaza<br>10 South Dearborn Street<br>Chicago IL 60603<br>*Debtor in Possession* | Budget Group, Inc.<br>Attn: Bill Johnson, CFO<br>4225 Naperville Road<br>Lisle, IL 60532<br>*Debtor* |
| Shmuel Vasser, Esq.<br>Skadden Arps Slate Meagher & Flom LLP<br>Four Times Square<br>New York, New York 10036<br>*Budget Rent A Car System* | **HAND DELIVERY**<br>Mark D. Collins<br>Richard Layton & Finger<br>One Rodney Square<br>Wilmington, DE 19801<br>*UK Plan Administrator* |
| Budget Group, Inc.<br>Attn: David Coonfield<br>125 Basin Street, Suite 210<br>Daytona Beach, FL 32114<br>*Debtor* | **HAND DELIVERY**<br>Anthony W. Clark, Esq.<br>Skadden Arps Slate Meagher & Flom LLP<br>One Rodney Square<br>Wilmington, DE 19899<br>*Budget Rent A Car System* |
| Edward H. Arnold, III, Esq.<br>Seth A. Levine, Esq.<br>Baker Donelson Bearman Caldwell & Berkowitz PC<br>201 St. Charles Avenue, Suite 3600<br>New Orleans, LA 70170<br>*New Orleans International Airport* | **HAND DELIVERY**<br>Robert J. Dehney, Esq.<br>Daniel B. Butz, Esq.<br>Morris Nichols Arsht & Tunnell<br>1201 Market Street, Suite 1501<br>Wilmington, Delaware 19899-1347<br>*Eckerd Corporation* |
| John A. Anthony, Esq.<br>GRAY & ROBINSON, P.A.<br>P.O. Box 3324<br>Tampa, Florida 33601<br>*Eckerd Corporation* | **HAND DELIVERY**<br>Sean M. Beach, Esq.<br>Erin Edwards, Esq.<br>Young, Conaway, Stargatt & Taylor, LLP<br>1000 West Street, 17th Floor<br>Wilmington, DE 19899<br>*Counsel to the Debtors* |