**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| *In re:* | Chapter 11 |
| BRAC GROUP, INC. (f/k/a Budget Group, Inc.), | Case No. 02-12152 (JLP) |
| Reorganized Debtor. [1] | |

Responses Due: November 22, 2004 at 4:00 p.m.
Hearing Date: December 7, 2004 at 10:30 a.m.

## NOTICE OF EIGHTEENTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007 AND LOCAL RULE 3007-1

PLEASE TAKE NOTICE that the Plan Administrator for the above-captioned debtor filed its Eighteenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 and Local Rule 3007-1 (the "Objection") with the United States Bankruptcy Court for the District of Delaware.

PLEASE TAKE FURTHER NOTICE that a hearing on the Objection (the "Hearing") will be held before the Honorable John L. Peterson, United States Bankruptcy Judge, in the United States Bankruptcy Court, 824 Market St., 3rd Floor, Wilmington, DE 19801 on **December 7, 2004 at 10:30 a.m. (Eastern time)**.

PLEASE TAKE FURTHER NOTICE that responses (the "Responses") to the Objection, if any, must be made in writing, filed with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware, 19801 and served upon the undersigned counsel to the Plan Administrator so as to be received **no later than 4:00 p.m. (prevailing Eastern time) on November 22, 2004.**

PLEASE TAKE FURTHER NOTICE that every Response to the Objection must contain at a minimum the following:

(a) a caption setting forth the name of the Court, the name of the Reorganized Debtor, the case number and the title of the Objection to which the Response is directed; the name of the claimant and description of the basis for the amount of the Claim;

(b) a concise statement setting forth the reasons why the Claim should not be disallowed or modified for reasons set forth in the Objection including, but not limited to, the specific factual and legal basis upon which the claimant relies in opposing the Objection;

---

[1] The Debtors were substantively consolidated on May 3, 2004 pursuant to section 4.1 of the Second Amended Joint Chapter 11 Liquidating Plan confirmed on April 23, 2004 and made effective on May 3, 2004.

DKT. NO. _5264_

DT. FILED _11-4-04_

(c) the name, address, telephone number and fax number of the person(s) (which may be the claimant or a legal representative thereof) to whom counsel for the Plan Administrator should serve a reply to the Response and who possesses authority to reconcile, settle or otherwise resolve the objection to the Claim on behalf of the claimant.

PLEASE TAKE FURTHER NOTICE that questions about the Objection should be directed in writing to the undersigned counsel to the Plan Administrator.  <u>CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.</u>

PLEASE TAKE FURTHER NOTICE that if a Claimant fails to timely file and serve a Response in accordance with the above requirements, such Claimant will be deemed to have concurred with and consented to the Objection and the relief requested therein, and the Plan Administrator will present to the Bankruptcy Court, without further notice to the Claimant, an appropriate order sustaining the Objection and disallowing and expunging such Claim.

Dated: November 4, 2004

ASHBY & GEDDES, P.A.

William P. Bowden (No. 2553)
Gregory A. Taylor (No. 4008)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE  19899
Tel:  (302) 654-1888

-and-

BROWN RUDNICK BERLACK ISRAELS LLP
Peter J. Antoszyk
Daniel J. Saval
One Financial Center
Boston, MA  02111
Tel:  (617) 856-8200
Fax:  (617) 856-8201

*Co-Counsel to the Plan Administrator*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BRAC GROUP, INC. (f/k/a Budget Group, Inc.), | Case No. 02-12152 (JLP) |
| Reorganized Debtor. [1] | |

Responses Due: November 22, 2004 at 4 p.m.
Hearing Date: December 7, 2004 at 10:30 a.m.

**EIGHTEENTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION**
**TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY**
**CODE, BANKRUPTCY RULES 3003 AND 3007 AND LOCAL RULE 3007-1**

Walker Truesdell & Associates, in its capacity as Plan Administrator (the "Plan Administrator") for BRAC Group, Inc., the above-captioned Reorganized Debtor (the "Reorganized Debtor"), hereby files this omnibus objection (the "Objection") to certain claims filed against the Reorganized Debtor by the claimants (collectively, the "Claimants"), which are listed on Exhibits A and B attached hereto (the "Disputed Claims"). By this Objection, the Plan Administrator requests the entry of an order disallowing and expunging the Disputed Claims in their entirety. This Objection is made pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). In support of this Objection, the Plan Administrator submits the declaration of Hobart G. Truesdell (the "Truesdell Declaration") on Exhibit C attached hereto, and respectfully

---

[1] The Debtors were substantively consolidated on May 3, 2004 pursuant to section 4.1 of the Second Amended Joint Chapter 11 Liquidating Plan confirmed on April 23, 2004 and made effective on May 3, 2004. On June 21, 2004, this Court entered a final decree closing the Chapter 11 cases of Budget Group, Inc.'s United States debtor subsidiaries.

1

represents as follows:

## STATUS OF THE CASE AND JURISDICTION

1.      On July 29, 2002 (the "Petition Date"), BRAC Group, Inc. ("BGI") and certain of its subsidiaries (the "BGI Subsidiary Debtors", together with BGI, the "Debtors") commenced certain cases by each filing a voluntary petition for relief under title 11 of the United States Code (the "Bankruptcy Code"). On the Petition Date, the Debtors also jointly filed motions or applications seeking certain typical "first day" orders, including an order to have their cases jointly administered.

2.      On August 8, 2002, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors in the Debtors' cases pursuant to section 1102 of the Bankruptcy Code (the "Committee").

3.      On April 20, 2004, this Court confirmed the Debtors' Second Amended Joint Chapter 11 Liquidating Plan of BRAC Group, Inc. and its Debtor Subsidiaries (Docket No. 3728) (the "Plan", the order confirming the Plan, the "Confirmation Order"). The Plan became effective as of May 3, 2003 (the "Effective Date"). As of the Effective Date, pursuant to section 4.7 of the Plan, the Plan Administrator has the authority to continue the claims resolution and objection process.

4.      Pursuant to the Confirmation Order and the Plan, as of the Effective Date, each of the BGI Subsidiary Debtors, with the exception of BRACII, was merged with and into BGI to form Reorganized BGI. Under section 4.1(a)(i) of the Plan, any claim against any Debtor, with the exception of BRACII, is deemed to be one claim against and obligation of Reorganized BGI.

5.    The Court has jurisdiction over this matter pursuant to Article XI of the Plan and 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), in that it is a matter concerning the administration of the Reorganized Debtor's estate.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007.  This Objection complies with the statutory requirements set forth in Local Rule 3007-1.

## BACKGROUND OF THE DEBTORS

6.    Prior to the closing of the North American Sale (defined below), the Debtors, together with their non-debtor affiliates (collectively, the "Budget Entities"), operated the third largest vehicle rental system in the world.  The Budget Entities served the daily vehicle rental needs of leisure and business travelers from a network of on-airport and off-airport locations, as well as the truck rental needs of customers in the consumer and light commercial truck rental markets.  The Budget Entities' operations consisted of corporate-owned, franchised, and dealer-operated car and truck rental locations in all fifty states, as well as in Canada, Mexico, Europe, the Middle East, Africa, the Caribbean, Latin America, Asia, and the Pacific Rim.

7.    On August 22, 2002, the Debtors entered into an Asset and Stock Purchase Agreement (the "ASPA") with Cendant Corporation ("Cendant") and Cherokee Acquisition Corporation ("Cherokee"), pursuant to which Cherokee agreed to (i) purchase substantially all of the Debtors' car and truck rental assets in the United States, Canada, the Caribbean, Latin America, and the Asia-Pacific Region, as well as the stock of certain non-debtor subsidiaries, and (ii) assume certain of the Debtors' liabilities (the "North American Sale").  On August 23, 2002, the Debtors filed a motion (the "Sale Motion") seeking, among other things, approval of

3

the ASPA. On November 8, 2002, this Court entered an order (the "Sale Order") which, among other things, approved the ASPA and authorized the sale of certain of the Debtors' assets to Cherokee free and clear of all liens, claims, encumbrances and interests. The North American Sale closed on November 22, 2002.

8.     Prior to the closing of the EMEA Sale (defined below), the Debtors' car rental business outside of North America was operated through debtor BRAC Rent-A-Car International, Inc. (f/k/a Budget Rent-A-Car International, Inc.) ("BRACII"), a wholly-owned subsidiary of debtor BRAC Rent A Car Corporation (f/k/a Budget Rent A Car Corporation) ("BRACC"), and its debtor and non-debtor subsidiaries. In connection with the proposed EMEA Sale, BRACII filed a petition for administration with the High Court of Justice, Chancery Division, in London, England on January 7, 2003 (the "UK Administration"). On January 14, 2003, the English court appointed Simon Freakley and Gurpal Singh Jopal as administrators of BRACII's insolvency proceedings (collectively, the "UK Administrator").

9.     On January 10, 2003, the Debtors filed a motion (the "EMEA Sale Motion") seeking approval of a sale of the Debtors' remaining car and truck rental assets in Europe, the Middle East and Africa ("EMEA Sale") to Avis Europe plc and Zodiac Europe plc (the "Purchasers") pursuant to that certain Asset Purchase Agreement by and among BRACC, BRACII, the UK Administrator, Budget Rent-A-Car Espana S.A., Budget Deutschland GmbH, Business Rent a Car GmbH and the Purchasers (the "APA"). On February 24, 2003, this Court entered an order approving the APA, and the EMEA Sale closed on March 11, 2003.

10.     On January 14, 2004, the UK Administrator and the Official Committee of Unsecured Creditors in the above captioned case entered into a settlement agreement (the "UK

4

Settlement Agreement") which provided, among other things, the allocation of assets between the US Estates and BRACII. In addition, the Plan provides for the payment of BRACII allowed claims separate from the payment of allowed claims asserted against BGI and its other subsidiaries.

11.    On April 1, 2004, the Debtors and Cherokee entered into a settlement agreement (the "US Settlement Agreement"), which was subsequently amended on April 16, 2004, providing for the resolution of certain outstanding matters that arose between the Debtors and Cherokee subsequent to the Sale Order.

## BAR DATES AND PROOFS OF CLAIM

12.    On August 7, 2002, this Court entered an order appointing The Trumbull Group L.L.C. (f/k/a Trumbull Services L.L.C.) ("Trumbull") as claims and noticing agent in these chapter 11 cases. Trumbull is authorized to maintain (i) all proofs of claim filed against the Debtors and (ii) an official claims register by docketing all proofs of claim in a claims database containing, inter alia, information regarding the name and address of each claimant, the date the proof of claim was received by Trumbull, the claim number assigned to the proof of claim, and the asserted amount and classification of the claim.

13.    On February 24, 2003, this Court entered an order (the "Bar Date Order") establishing April 30, 2003 at 4:00 p.m. (EST) (the "Bar Date") as the final date and time for filing proofs of claim against the Debtors' estates on account of claims arising, or deemed to have arisen pursuant to section 501(d) of the Bankruptcy Code, prior to the Petition Date (the "Claims") and approving the form and manner of notice of the Bar Date. Pursuant to the Bar Date Order, Trumbull sent actual notice of the Bar Date to (i) the Office of the United States

Trustee; (ii) counsel to the Plan Administrator; (iii) counsel to the Agent for the Debtors' pre-Petition Date secured lenders; (iv) counsel to the Agents for the Debtors' post-Petition Date debtor in possession financing lenders; (v) all persons and entities who have requested notice pursuant to Bankruptcy Rule 2002 as of the date of the Bar Date Order; (vi) all persons or entities listed in the Debtors' schedules as holding prepetition claims against any of the Debtors; (vii) all known parties to executory contracts and unexpired leases with the Debtors; (viii) all known holders of equity securities in the Debtors as of the Petition Date; (ix) all indenture trustees with respect to the Debtors' outstanding debentures; (x) all taxing authorities for the jurisdictions in which the Debtors maintained assets or conducted business operations up to one year prior to the Petition Date; (xi) all known holders of claims against the Debtors and their counsel (if known); and (xii) all persons employed by the Debtors up to one year prior to the Petition Date.  In addition, notice of the Bar Date was published in the national and global editions of The Wall Street Journal and in the national editions of The New York Times and USA Today on March 21, 2003.  Affidavits of service and publication confirming such actual and publication notice of the Bar Date have been filed with the Court.

14.    On May 7, 2004, the Debtors filed a Notice of (1) Entry of Order Confirming the Second Amended Joint Chapter 11 Liquidating Plan of BRAC Group, Inc. and its Debtor Subsidiaries and (2) the Bar Date for Administrative Claims, establishing June 7, 2004 at 4 P.M. (EST) as the final date and time for the filing of administrative expense claims (the "Administrative Bar Date").  Trumbull sent actual notice of the Administrative Bar Date to all parties who filed a proof of claim, all known creditors, and all parties who filed a request for notice of service pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.

15.    To date, in excess of 5,200 proofs of claim for pre-petition and administrative expense claims have been filed in these chapter 11 cases. The Debtors, the Committee and the Plan Administrator have spent considerable time and effort reviewing and reconciling the claims filed against the Debtors.

16.    **CLAIMANTS ARE ADVISED TO REVIEW EACH PAGE OF EACH EXHIBIT ATTACHED HERETO, AS THEIR CLAIMS MAY BE SUBJECT TO MULTIPLE OBJECTIONS AS DESCRIBED HEREIN.**

## RELIEF REQUESTED

17.    By this Objection, the Plan Administrators seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, granting the following relief with respect to the Disputed Claims:

A.    **Late Filed Claims**

18.    Pursuant to the Bar Date Order, all holders of claims and interests arising or deemed to have arisen before the Petition Date were required to file a proof of claim with supporting documentation on or before the Bar Date. The claims identified on Exhibit A attached hereto represent claims arising or deemed to have arisen before the Petition Date that were filed *after* the Bar Date and that were not specific or proper amendments to timely filed claims (the "Late Filed Claims").

19.    Failure to disallow the Late Filed Claims will result in the Claimants receiving an unwarranted recovery against the Reorganized Debtor's estate, to the detriment of other unsecured creditors in this case. Accordingly, the Plan Administrator hereby objects to the

Late Filed Claims and requests entry of an order disallowing in full and expunging each of the Late Filed Claims identified on Exhibit A attached hereto.

### B.    No Documentation Claims

20.    The claims identified on Exhibit B attached hereto are those Disputed Claims that were filed without any supporting documentation (the "No Documentation Claims").

21.    With respect to such No Documentation Claims, the Plan Administrator is unable to determine whether the Reorganized Debtor is liable to the Claimants for the asserted claim amounts. Accordingly, the Plan Administrator hereby objects to the No Documentation Claims and requests entry of an order disallowing in full and expunging each of the No Documentation Claims identified on Exhibit B attached hereto.

## APPLICABLE AUTHORITY

22.    Section 502(b) of the Bankruptcy Code provides in pertinent part that:

> the court, after notice and a hearing, shall determine the amount of [a] claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that . . . such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured.

11 U.S.C. § 502(b)(1).

23.    Pursuant to Bankruptcy Code section 502(b), the Court should disallow and expunge each Disputed Claim.

## RESPONSES TO OBJECTIONS

24.    Filing and Service of Responses.  To contest the Objection, a claimant must file and serve a written response to the Objection (a "Response") so that it is received no later than 4 p.m. Eastern Time on November 22, 2004.  Claimants should read the proposed Order and the attached exhibits carefully.  A Response must address each ground upon which the Plan Administrator objects to a particular claim.  A hearing to consider the objection to the claim shall be held on December 7, 2004 at 10:30 a.m. Prevailing Eastern Time, before the Honorable John L. Peterson, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Wilmington, Delaware 19801 (the "Hearing").

25.    Every Response shall be filed and served upon the following entities at the following addresses:  (a) Office of the Clerk of the United States Bankruptcy Court; (b) Walker Truesdell & Associates, Attn:  Hobart Truesdell, 380 Lexington Ave., Suite 1514, New York, NY  10168; (c) Brown Rudnick Berlack Israels, Attn:  Peter J. Antoszyk, One Financial Center, Boston, MA  02111; and (d) Ashby & Geddes, Attn:  William P. Bowden, 222 Delaware Ave., 17th Floor, P.O. Box 1150, Wilmington, DE  19899.

26.    Content of Responses.  Every Response to the Objection must contain at a minimum the following:

   a)    a caption setting forth the name of the Court, the name of the Reorganized Debtor, the case number and the title of the Objection to which the Response is directed; the name of the claimant and description of the basis for the amount of the claim;

   b)    a concise statement setting forth the reasons why the claim should not be disallowed or modified for reasons set forth in the Objection including, but not limited to, the specific factual and legal basis upon which the claimant relies in opposing the Objection;

c)    the name, address, telephone number and fax number of the person(s) (which may be the claimant or a legal representative thereof) to whom counsel for the Plan Administrator should serve a reply to the Response and who possesses authority to reconcile, settle or otherwise resolve the objection to the claim on behalf of the claimant.

27.    <u>Timely Response Required</u>.  If a claimant fails to file and serve a timely Response, then without further notice to the claimant or a hearing, the Plan Administrator will present to the Court an order disallowing or modifying the claim as indicated herein.

28.    <u>Service Address</u>.  If a Response contains an address for the claimant different from that stated on the claim, the address in the Response shall constitute the service address for future service of papers upon the Claimant with respect to the Objection unless or until counsel for the Plan Administrator receives written notice from the claimant or the Claimant's counsel of a changed service address.

## ADJOURNMENT OF HEARING

29.    The Plan Administrator reserves the right to adjourn the hearing on any objection.  In the event that the Plan Administrator so adjourns the hearing, they will state that the hearing on the objection and/or the Response thereto has been adjourned on the agenda for the hearing on the Objection.  Such agenda will be served on the person designated by the Claimants noted above.

## RESERVATION OF RIGHTS

30.    The Plan Administrator expressly reserves the right to amend, modify or supplement this Objection, and to file additional objections to any claims filed in this chapter 11 case including, without limitation, objections as to the amounts and priority asserted in the proofs

of claim, or any other claims (filed or not) against the Reorganized Debtor but which are not the subject of this Objection. Should one or more of the grounds for this Objection be dismissed or overruled, the Plan Administrator reserves the right to object to the Disputed Claims on any other grounds.

## NOTICE

31.    The Plan Administrator will provide notice of this Objection to (i) each of the Claimants identified on Exhibits A and B attached hereto; (ii) the Office of the United States Trustee; (iii) the BRACII Plan Administrator; and (iv) those persons who have requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Plan Administrator submits that no other or further notice is required.

## FURTHER INFORMATION

32.    Questions about or request for additional information about the proposed disposition of the Claims set forth herein should be directed to counsel for the Plan Administrator (Attn: Peter Antoszyk) in writing at the Boston address listed below.

33.    Claimants should not contact the Clerk of the Court to discuss the merits of their claims or this Objection.

34.    Pursuant to Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1, the Plan Administrator will provide all Claimants affected by the Objection with at least thirty (30) days' notice of the hearing date on the Objection.

## NO PREVIOUS REQUEST

35. No previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Plan Administrator respectfully request entry of an order granting this Objection in all respects and granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
November 4, 2004

Respectfully submitted,

ASHBY & GEDDES

William P. Bowden (No. 2553)
Gregory Taylor (No. 4008)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
Tel: (302) 654-1888

-and-

BROWN RUDNICK BERLACK ISRAELS LLP
Peter J. Antoszyk
Daniel J. Saval
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
Fax: (617) 856-8201

Co-Counsel to the Plan Administrator

#1277816 v\1
149620.1

12

# **<u>EXHIBIT A</u>**

BRAC Group, Inc. f/k/a Budget Group, Inc., et al.
Case No. 02-12152

## Late Filed Claims to be Disallowed and Expunged
## Exhibit A - Eighteenth Omnibus (Non-Substantive) Objection

| Creditor Name and Address | Claim Number | Case Number | Date Claim Filed | Total Claim Amount* | Claim Priority Status | Basis for Objection |
|---|---|---|---|---|---|---|
| **6108825**<br>COMANS, JAMES<br>C/O WALTZER & ASSOCIATES<br>BRUCE C. WALTZER<br>3715 WESTBANK EXP.<br>SUITE 13<br>HARVEY, LA 70058 | 00005233 | 02-12152 | 05/20/2004 | $10,000.00 | U | The proof of claim was filed after the Bar Date. |
| **6112997**<br>DOTTERY, LARRY II<br>C/O MARC MENDELSON, ESQ.<br>RITA KOSTOPOULOS, ESQ.<br>19080 WEST TEN MILE ROAD<br>SOUTHFIELD, MI 48075 | 00005238 | 02-12152 | 05/27/2004 | $150,000.00 | U | The proof of claim was filed after the Bar Date. |
| **6134312**<br>DUNAWAY, CARROLL<br>C/O HERALD, MOORE & WILLETT, PLLC.<br>1901 CENTRAL DRIVE<br>SUITE 610<br>BEDFORD, TX 76021 | 00005287 | 02-12152 | 06/10/2004 | $20,000.00 | U | The proof of claim was filed after the Bar Date. |

Class Key: A - Administrative, P - Priority, S - Secured, U - Unsecured, K - Unknown

* Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

The Trumbull Group, 4 Griffin Road North, Windsor, CT 06095        860-687-7596

PAGE 1 OF 2

final_version

BRAC Group, Inc., f/k/a Budget Group, Inc., et al.
Case No. 02-12152

## Late Filed Claims to be Disallowed and Expunged
## Exhibit A - Eighteenth Omnibus (Non-Substantive) Objection

| Creditor Name and Address | Claim Number | Case Number | Date Claim Filed | Total Claim Amount* | Claim Priority Status | Basis for Objection |
|---|---|---|---|---|---|---|
| 5774209<br>DUNAWAY, GRACE<br>28700 WAIKIKI LN<br>MONTGOMERY, TX 77356 | 00005296 | 02-12152 | 06/14/2004 | $180,000.00 | U | The proof of claim was filed after the Bar Date. |
| 5372089<br>MCCOY, GERINA<br>3160 VIRGINIA DOWNS<br>APT. A<br>MONTGOMERY, AL 36116 | 00004910 | 02-12167 | 05/28/2003 | $70,000.00 | U | The proof of claim was filed after the Bar Date. |
| 6180725<br>MILILANI BACK CARE CENTER, INC.<br>TED CHUN, D.C., CHIROPRACTOR<br>95-720 LANIKUHANA AVE.<br>MILILANI, HI 96789 | 00005312 | 02-12152 | 06/21/2004 | $305.71 | U | The proof of claim was filed after the Bar Date. |
| 5863928<br>MOORE, MICHELLE & KEITH<br>C/O WILLIAM W. PRICE, P.A., ATTORNEY A<br>NEIL P. ANTHONY<br>320 FERN STREET<br>WEST PALM BEACH, FL 33401 | 00005209 | 02-12152 | 03/11/2004 | $1,000,000.00 | U | The proof of claim was filed after the Bar Date. |
| TOTALS: | 7 | | | $1,430,305.71 | | |

- END OF LATE EXHIBIT -

PAGE 2 OF 2

* Class Key: A - Administrative, P - Priority, S - Secured, U - Unsecured, K - Unknown

* Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

# **EXHIBIT B**

BRAC Group, Inc. f/k/a Budget Group, Inc., et al.
Case No. 02-12152

## No Documentation Claims to be Disallowed and Expunged
## Exhibit B - Eighteenth Omnibus (Non-Substantive) Objection

| Creditor Name and Address | Claim Number | Case Number | Date Claim Filed | Total Claim Amount* | Claim Priority Status | Reason for Proposed Disallowance |
|---|---|---|---|---|---|---|
| 5061051<br>ANYAKWO, VICTOR<br>C/O MICHAEL SMITH<br>21515 HAWTHORNE BLVD., STE. 590.<br>TORRANCE, CA 90503 | 00004196 | 02-12162 | 04/29/2003 | $1,000,000.00 | U | The claimant has submitted no documentation to support the claim. |
| 5772546<br>BELGRAVE, MICHAEL<br>311 TAFT AVE.<br>CLEVELAND, TX 77327 | 00005293 | 02-12152 | 06/10/2004 | $70,000.00 | U | The claimant has submitted no documentation to support the claim. |
| 5061050<br>COX, MICHELLE<br>C/O MICHAEL SMITH<br>21515 HAWTHORNE BLVD., STE. 590<br>TORRANCE, CA 90503 | 00004195 | 02-12167 | 04/29/2003 | $1,000,000.00 | U | The claimant has submitted no documentation to support the claim. |
| 5312089<br>MCCOY, GERINA<br>3169 VIRGINIA DOWNS<br>APT. A<br>MONTGOMERY, AL 36116 | 00004910 | 02-12167 | 05/28/2003 | $70,000.00 | U | The claimant has submitted no documentation to support the claim. |
| **TOTALS:** | **4** | | | **$2,140,000.00** | | |

- END OF NODOC EXHIBIT -

PAGE 1 OF 1

Class Key: A - Administrative, P - Priority, S - Secured, U - Unsecured, K - Unknown

* Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

The Trumbull Group 4 Griffin Road North, Windsor, CT 08095    860-687-7596

version_01

# **EXHIBIT C**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| BRAC GROUP, INC. (f/k/a Budget Group, Inc.), | Case No. 02-12152 (JLP) |
| Reorganized Debtor. |  |

### DECLARATION OF HOBART G. TRUESDELL IN SUPPORT OF THE EIGHTEENTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007 AND LOCAL RULE 3007-1

STATE OF NEW YORK   )
                        )     SS.
COUNTY OF NEW YORK   )

HOBART G. TRUESDELL declares as follows:

1.     I am a member of Walker Truesdell & Associates, the Plan Administrator for the above-captioned Reorganized Debtor. Pursuant to Article IV of the Debtors' Plan of Reorganization, the Plan Administrator is now responsible for overseeing the claims reconciliation and objection process in the Reorganized Debtor's chapter 11 case. I have read the Plan Administrator's Eighteenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 and Local Rule 3007-1 (the "Objection"),[1] and am directly, or by and through the Plan Administrator's advisors and personnel, including the Court-approved claims and noticing agent The Trumbull Group L.L.C. (f/k/a Trumbull Services, L.L.C.) ("Trumbull"), familiar with the information contained therein and the exhibits attached thereto.

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Objection.

2.      Considerable resources and time have been expended to ensure that there exists a high level of diligence in reviewing and reconciling the proofs of claim filed or pending against the Reorganized Debtor in this case.  These claims are being carefully reviewed and analyzed in good faith with the assistance of the appropriate personnel, including Trumbull. These efforts resulted in the identification of certain objectionable claims that are the subject of this Objection.

3.      Upon a thorough review of the proofs of claim filed in this chapter 11 case and supporting documentation thereto, the Plan Administrator has determined that the proofs of claim listed on Exhibits A and B to the Objection are not properly asserted against the Reorganized Debtor pursuant to section 502(b) of the Bankruptcy Code.

4.      The Plan Administrator has reviewed the proofs of claim filed in this chapter 11 case together with any supporting documentation attached thereto and has determined that each of the claims identified in Exhibit A of the Objection as "No Documentation Claims to be Disallowed and Expunged" is a claim filed without any supporting documentation to substantiate the claim (the "No Documentation Claims").  Accordingly, the No Documentation Claims listed on Exhibit A to the Objection should be disallowed in full and expunged.  The information contained in Exhibit A is true and correct to the best of my knowledge and belief.

5.      The Plan Administrator has reviewed the proofs of claim filed in this chapter 11 case together with any supporting documentation attached thereto and has determined that each of the claims identified in Exhibit B of the Objection as "Late Filed Claims to be Disallowed and Expunged" is a claim arising, or deemed to have arisen, before the Petition Date that was filed after the Bar Date (the "Late Filed Claims").  Accordingly, the Late Filed Claims

listed on <u>Exhibit B</u> to the Objection should be disallowed in full and expunged. The information contained in <u>Exhibit B</u> is true and correct to the best of my knowledge and belief.

6.     I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: New York, New York
       November 3, 2004

_Hobart G. Truesdell_
Hobart G. Truesdell

#1308471 v1

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

In re:

BRAC GROUP, INC.
(f/k/a Budget Group, Inc.),

      Reorganized Debtor.[1]

Chapter 11

Case No. 02-12152 (JLP)

Related Docket No.

### ORDER APPROVING EIGHTEENTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007 AND LOCAL RULE 3007-1

Upon consideration of the Eighteenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 and Local Rule 3007-1 (the "Objection");[2] by which the Plan Administrator requested the entry of an order disallowing in full and expunging each of the claims listed on Exhibits A and B attached to the Objection; and after hearing and consideration of the Objection and arguments contained therein, and the opposition thereto, if any; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to Article XI of the Plan, 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (c) notice of the Objection was due and proper under the circumstances; and good and sufficient cause appearing therefor, it is hereby

ORDERED, that the Objection is sustained as provided herein; and it is further

ORDERED, that the No Documentation Claims identified as "No Documentation Claims to be Disallowed and Expunged" on Exhibit A attached hereto are disallowed in full and expunged in their entirety; and it is further

---

[1] The Debtors were substantively consolidated on May 3, 2004 pursuant to Section 4.1 of the Second Amended Joint Chapter 11 Liquidating Plan confirmed on April 23, 2004 and made effective on May 3, 2004. On June 21, 2004, this Court entered a final decree closing the Chapter 11 cases of Budget Group, Inc.'s United States debtor subsidiaries.

ORDERED, that Late Filed Claims identified as "Late Filed Claims to be Disallowed and Expunged" on <u>Exhibit B</u> attached hereto are disallowed in full and expunged in their entirety; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to any matters related to or arising from the implementation or interpretation of this Order.


Dated:_____, 2004
       Wilmington, Delaware

_____
Honorable John L. Peterson
United States Bankruptcy Judge

#1308690 v\1
149646.1

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Objection.

## CERTIFICATE OF SERVICE

I, Gregory A. Taylor, Esquire, hereby certify that on November 4, 2004, I caused a copy of the foregoing to be served on the parties listed on the attached service lists via first class United States mail, postage prepaid, unless otherwise indicated.


_____
Gregory A. Taylor (#4008)

In re BRAC Group, Inc.; Case No. 02-12152 (CGC)
Post-Effective Date Rule 2002 Service List
149640.1

**HAND DELIVERY**
Robert S. Brady, Esq.
Joseph A Malfitano, Esq.
Young, Conaway, Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Wilmington, DE 19899
*Counsel to the Debtors*

Lawrence J. Nyhan, Esq
Sidley Austin Brown & Wood LLP
Bank One Plaza
10 South Dearborn Street
Chicago IL 60603
*Debtor in Possession*

Shmuel Vasser, Esq.
Skadden Arps Slate Meagher & Flom LLP
Four Times Square
New York, New York 10036
*Budget Rent A Car System*

Budget Group, Inc.
Attn: David Coonfield
125 Basin Street, Suite 210
Daytona Beach, FL 32114
*Debtor*

Edward H. Arnold, III, Esq.
Seth A. Levine, Esq.
Baker Donelson Bearman Caldwell & Berkowitz PC
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170
*New Orleans International Airport*

John A. Anthony, Esq.
GRAYROBINSON, P.A.
P.O. Box 3324
Tampa, Florida 33601
*Eckerd Corporation*

**HAND DELIVERY**
Christopher P. Simon
Cross & Simon, LLC
913 Market Street, Suite 1001
Wilmington DE 19801

**HAND DELIVERY**
Margaret Harrison, Esq.
Office of the United States Trustee
844 King Street, Room 2313
Wilmington, DE 19801
*Trustee*

Budget Group, Inc.
Attn: Bill Johnson, CFO
4225 Naperville Road
Lisle, IL 60532
*Debtor*

**HAND DELIVERY**
Mark D. Collins
Richard Layton & Finger
One Rodney Square
Wilmington, DE 19801
*UK Plan Administrator*

**HAND DELIVERY**
Anthony W. Clark, Esq.
Skadden Arps Slate Meagher & Flom LLP
One Rodney Square
Wilmington, DE 19899
*Budget Rent A Car System*

James Comans
C/o Waltzer & Associates
Bruce C. Waltzer
3715 Westbank Exp.; Ste. 13
Harvey, LA 70058

**HAND DELIVERY**
Robert J. Dehney, Esq.
Daniel B. Butz, Esq.
Morris Nichols Arsht & Tunnell
1201 Market Street, Suite 1501
P.O. Box 1347
Wilmington, Delaware 19899-1347

Chester B. Salomon, Esq.
Constantine D. Pourakis, Esq.
Salomon, Green & Ostrow, PC
485 Madison Avenue, 20th Floor
New York, NY 10022

In re BRAC Group, Inc.; Case No. 02-12152 (CGC)
Post-Effective Date Rule 2002 Service List
149640.1

Larry Dottery, II
c/o Marc Mendelson, Esq.
Rita Kostopoulos, Esq.
19080 West Ten Mile Road
Southfield, MI 48075

Carroll Dunaway
c/o Herald Moore & Willett PLLC
1901 Central Drive; Ste. 610
Bedford, TX 76021

Grace Dunaway
28700 Waikiki Ln.
Montgomery, TX 77356

Demetria Lincoln
4410 Fanconia Dr.
Apt. A
Montgomery, AL 36116

Mililani Back Care Center, Inc.
Ted Chun, D.C., Chiropractor
95-720 Lanikuhana Ave.
Mililani, HI 96789

Michelle & Keith Moore
c/o William W. Price, PA
Neil P. Anthony
320 Fern St.
West Palm Beach, FL 33401

Victor Anyakwo
c/o Michael Smith
21515 Hawthorne Blvd.; Ste. 590
Torrance, CA 90503

Michael Belgrave
311 Taft Ave.
Cleveland, TX 77327

Michelle Cox
c/o Michael Smith
21515 Hawthorne Blvd.; Ste. 590
Torrance, CA 90503

Gerina McCoy
3160 Virginia Downs
Apt. A
Montgomery, AL 36116

## File a Claim action:

02-12152-JLP BRAC Group, Inc., et al (f/k/a Budget Group, Inc)

### U.S. Bankruptcy Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from Taylor, Gregory Alan entered on 11/4/2004 at 2:26 PM EST and filed on 11/4/2004
**Case Name:**        BRAC Group, Inc., et al (f/k/a Budget Group, Inc)
**Case Number:**    02-12152-JLP
**Document Number:** 5264

**Docket Text:**
Objection to Claim *Eighteenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502 (b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 and Local Rule 3007-1* Filed by Plan Administrator Hearing scheduled for 12/7/2004 at 10:30 AM at US Bankruptcy Court, 824 Market St., Room 309, Wilmington, Delaware. Objections due by 11/22/2004. (Attachments: # (1) Notice # (2) Exhibit A# (3) Exhibit B# (4) Exhibit C# (5) Proposed Form of Order # (6) Certificate of Service) (Taylor, Gregory)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** C:\Documents and Settings\CBoye%\Desktop\18obj.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=11/4/2004] [FileNumber=3129870-0]
[7e6ac05b61d7d22ad0698aa1304885a28621e12cc9bfd57d2511fd65181d46fa7b64
5b8be4ab7a7ce033f3f8227e99d4f1264539588392a41785330f44ea9a37]]
**Document description:** Notice
**Original filename:** C:\Documents and Settings\CBoye%\Desktop\18not.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=11/4/2004] [FileNumber=3129870-1]
[9c133e0cfc27ebfeba7ffa661ff68821538b987dccdc40518669a7ddaaacdace7746
87c776a16196adcccecb333b055f325ce6ad132ce2b423529c0efeda72f98]]
**Document description:** Exhibit A
**Original filename:** C:\Documents and Settings\CBoye%\Desktop\18exa.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=11/4/2004] [FileNumber=3129870-2]
[4748bfabbba4245a9edf4cad0cde86ed43de7db6aa3e9c4835009ca438f1aabb9ea2
940cd307c967803b56f1617ad07c5eeabed6a7a388d2e74786a858ee65a8]]
**Document description:** Exhibit B
**Original filename:** C:\Documents and Settings\CBoye%\Desktop\18exb.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=11/4/2004] [FileNumber=3129870-3]
[3685d344a8517e898537a179891c6b0b7bf4bcaa58b7080c54071c41d494399ebb84
bd2a4d0ea72855d7105f3739c1eeae3e3791b727baa749c588ceb69f061c]]