IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

In re:

BRAC GROUP, INC. (f/k/a Budget Group, Inc.),

Reorganized Debtor.

Chapter 11 Case No. 02-12152 (RB)

RE: D.I. 5315, 5325, 5332, 5480

MICHAEL BELGRAVE,

Appellant,

v.

THE PLAN ADMINISTRATOR FOR BRAC
GROUP, INC.,

Appellee.

Civil Action No. 05-319

## THE PLAN ADMINISTRATOR'S
## MOTION TO DISMISS MICHAEL BELGRAVE'S APPEAL

Walker Truesdell & Associates, in its capacity as Plan Administrator (the "Plan Administrator") for BRAC Group, Inc., the Reorganized Debtor (the "Debtor"), by and through undersigned counsel, moves to dismiss (the "Motion to Dismiss") Michael Belgrave's appeal (the "Appeal") of the Bankruptcy Court's December 16, 2004 Amended Order Approving Eighteenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 and Local Rule 3007-1 (the "Amended Order") (A22-26)[1] under Rules 8002 and 8011 of the Federal Rules of Bankruptcy Procedure because the Appeal was not timely noticed. In support of its Motion to Dismiss, the Plan

---

[1] Citations to the record can be found in the Plan Administrator's Appendix, filed contemporaneously with the Motion to Dismiss and the Plan Administrator's Motion to Stay Mediation Pending Decision on Plan Administrator's Motion to Dismiss.

Administrator respectfully states as follows.

## BACKGROUND

1.      The Debtor filed a voluntary petition for relief under the Bankruptcy Code on July 29, 2002.  The Bankruptcy Court confirmed the Debtor's Second Amended Joint Chapter 11 Liquidating Plan (the "Plan") by order dated April 20, 2004.

2.      Under authority conferred by the Plan, the Plan Administrator filed the Eighteenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code Bankruptcy Rules 3003 and 3007 and Local Rule 3007-1 (the "18th Omnibus Objection") on November 4, 2004.  In response, the Appellant, Michael Belgrave ("Belgrave"), filed a document captioned "Notice of Eighteenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 and Local Rule 3007-1", presumably in opposition to the 18th Omnibus Objection.

3.      After a hearing, the 18th Omnibus Objection was approved by entry of an order of the Bankruptcy Court on December 7, 2004 (the "December 7 Order")(A1-9).

4.      On December 10, 2004, counsel for the Plan Administrator submitted a Certification (A10-21) and proposed a revised order (previously defined as the "Amended Order") to correct a discrepancy in the December 7 Order that mis-referenced the exhibits attached thereto.  The Bankruptcy Court entered the Amended Order on December 16, 2004.

5.      On December 23, 2004, Belgrave filed a document captioned "Objection to Order and Amended Order Approving Eighteenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 and Local Rule 3007-1" (the "December 23 Objection") with the Bankruptcy Court, in opposition to the Amended Order.  However, Belgrave made no request for extension of time to file a notice of

appeal or for reconsideration of the Amended Order.

6.     More than four months later, Belgrave filed a Notice of Appeal with the United States Court of Appeals for the Third Circuit (the "Notice of Appeal")(A27-80).  The Notice of Appeal bears the date April 25, 2005 and was received by the Third Circuit on May 4, 2005.  By letter dated May 4, 2005, the Third Circuit Court of Appeals rejected Belgrave's filing and forwarded it to this Court.

## ARGUMENT

7.     The Appeal should be dismissed because it was not timely filed and therefore this Court lacks jurisdiction to consider it.  Federal Rule of Bankruptcy Procedure 8002 requires that "[a] notice of appeal shall be filed with the clerk within 10 days of the date of entry of the . . . order . . . appealed from."  The deadline for noticing an appeal is "mandatory and jurisdictional." *Rashid v. Powell*, 210 F.3d 201, 204 (3d Cir. 2000).  Therefore, the Plan Administrator submits this Court does not have jurisdiction to decide the merits of an appeal noticed after more than ten days.  *See In re Memorex Telex Corp.*, 241 B.R. 841, 843 (D. Del. 1999) (dismissing an appeal noticed 38 days after entry of the Bankruptcy Court order being appealed).  The Notice of Appeal was filed on May 4, 2005—139 days after entry of the Amended Order and 129 days late.  Thus, because of the untimeliness of the Notice of Appeal, this Court lacks jurisdiction to decide the merits of the Appeal.  The Appeal must, therefore, be dismissed.

8.     Moreover, the Court is authorized to grant a procedural motion, such as the Motion to Dismiss, "at any time" and without waiting for a response from the opposing party.  Fed. R. Bankr. Pro. 8011(b).  The Court should do so here because the essential facts—(i) the notice of appeal was filed 130 days after the entry of the Amended Order and (ii) Belgrave has not done anything to toll the running of the ten day period in which to file a notice of appeal—

are indisputable.  Thus, nothing would be gained by waiting to grant the Motion to Dismiss.

9.     Because the Motion to Dismiss presents no novel issues of law, the Plan Administrator waives its right to file an opening brief in support of this Motion.

## CONCLUSION

WHEREFORE, the Plan Administrator respectfully requests that this Court enter an order in the form attached, (i) granting the Motion to Dismiss; (ii) dismissing the Appeal; and (iii) granting such further relief as is necessary or appropriate.

ASHBY & GEDDES, P.A.

William P. Bowden (I.D. #2553)
Gregory A. Taylor (I.D. #4008)
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888

*-and-*

BROWN RUDNICK BERLACK
ISRAELS LLP
Peter J. Antoszyk
Daniel J. Saval
One Financial Center
Boston, MA 02111
(617) 856-8200

*Counsel to the Plan Administrator*

Dated: May 27, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BRAC GROUP, INC. (f/k/a Budget Group, Inc.),<br><br>     Reorganized Debtor. | Chapter 11 Case No. 02-12152 (RB)<br><br>RE: D.I. 5315, 5325, 5332, 5480 |
| MICHAEL BELGRAVE,<br><br>    Appellant,<br><br>  v.<br><br>THE PLAN ADMINISTRATOR FOR BRAC<br>GROUP, INC.,<br><br>    Appellee. | Civil Action No. 05-319 |

**ORDER GRANTING THE PLAN ADMINISTRATOR'S
MOTION TO DISMISS MICHAEL BELGRAVE'S APPEAL**

AND NOW, this _____ day of _____, 2005, the Court having

considered the Plan Administrator's Motion to Dismiss Michael Belgrave's Appeal (the

"Motion" and the "Appeal," respectively), IT IS HEREBY ORDERED THAT:

1.  The Motion is GRANTED; and

2.  The Appeal is DISMISSED.

                   _____
                   UNITED STATES DISTRICT JUDGE

157222.1

## CERTIFICATE OF SERVICE

I, Gregory A. Taylor, hereby certify that, on May 27, 2005, I caused one copy of the foregoing **THE PLAN ADMINISTRATOR'S MOTION TO DISMISS MICHAEL BELGRAVE'S APPEAL** to be served upon the persons listed below in the manner indicated.

## BY FACSIMILE, U.S. MAIL and FEDERAL EXPRESS

Michael Belgrave
311 Taft
Cleveland, TX 77327

Gregory A. Taylor