IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

---

**MICHAEL BELGRAVE**

v.

In re:
**BRAC GROUP, INC. (f/k/a Budget Group, Inc.),**
  Reorganized Debtor.

Civil Action No. 05-319 (KAJ)

Chapter 11
Case No. 02-12152 (JLP)

FILED
JUN -3 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

---

**RESPONSE TO PLAN ADMINISTRATOR'S MOTION TO DISMISS & MOTION TO STAY MEDIATION REGARDING THE APPEAL OF THE ORDER&AMENDED ORDER APPROVING EIGHTEENTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007 AND LOCAL RULE 3007-1**

Upon consideration of the Eighteenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 and Local Rule 3007-1 (the"Objection") by which the Plan Administrator (William P. Bowden I.D.#2553 and Gregory A. Taylor I.D.#4008) requested the entry of an order disallowing in full and expunging each of the claims listed on Exhibit A (identified as "No Documentation Claims to be Disallowed and Expunged") and Exhibit B (identified as "Late Filed Claims to be Disallowed and Expunged") were attached to the order (**Docket Number 5315 filed 12/6/04**).

I, Michael Belgrave (the "Claimant"), hereby attest the following:

1. I am a claimant in the BRAC GROUP, INC. (f/k/a Budget Group, Inc.) bankruptcy proceeding, where Ashby & Geddes, P.A., Delaware Counsel to Walker, Truesdell & Associates, in its capacity as Plan Administrator (the "Plan Administrator"), with respect to the above captioned case.

2. On November 17, 2004. the Claimant **filed and served the response (Docket Number 5283)** along with **evidence of documentation** listed on **Docket Number 5292 11/24/04 and amended Docket Number 5304 12/3/04**.

3. The Plan Administrator filed **Docket Number 5315 12/6/04** (Approval of Eighteenth Omnibus Objection) **which predates hearing yet is endorsed by Honorable John L. Peterson, Bankruptcy Judge and is referenced as 12/7/04 on item 3 of Docket Number 5325 (Amended Order) which no endorsement appears.**

4. Specifically, the signed order being invalid, corrupts the Eighteenth Omnibus Objection and should be excluded from the plan. The amended order was **filed (9) days** after the court hearing which negates the purpose of the Eighteenth Omnibus Objection and should be hereby excluded from the plan.

5. Thus, in order to correct the record, I pray the court dismiss in full the Eighteenth Omnibus Objection, whereas the undersigned counsel to the Plan Administrator should honor my claim at the Court's earliest convenience.

6. Regarding Rule 8001(2) of Federal Rule of Bankruptcy Procedure,Time for Filing Notices of Appeal "An appeal may also be dismissed on motion of **the appellant** on terms and conditions fixed by the District Court or the Bankruptcy Appeallate Panel". The Plan Administrator for BRAC GROUP, Inc. is the appellee in this matter, I object to the stipulations presented.

7. Regarding Rule 8002(a)(2)(4b) of Federal Rule of Bankruptcy Procedure, Ten Day Period,  For Relief under Rule 9024 "A notice of appeal filed after the announcement of a decision or order but before entry of the judgement, order or decree shall be treated as filed after such entry and on the day thereof". "If a notice of appeal is mistakenly filed with the District Court or the Bankruptcy Appeallate Panel shall note thereon the date on which it was received and transmit it to the clerk and it shall be deemed filed with the clerk on the date so noted". Michael Belgrave filed (12/23/04) in US Bankruptcy Court for the District of Delaware docket #5339 clearly expressing intent to question/appeal/object the approval of the Eighteenth Omnibus Objection.

8. "A notice of appeal may be granted upon showing of excusable neglect". Michael Belgrave anticipated receiving a response to filed docket #5339.

9. "A party intending to challenge an alteration or amendment of the judgement, order or decree, shall file a notice, or an amended notice, of appeal within the time prescribed by this rule (8002) measured from the entry of the last such motion outstanding. No additional fees will be required for filing an amended notice". The Plan Administrator failed to file an answer to docket #5339(Objection to Order and Amended Order docket #5315&5332, respectively, deeming my amended notice within the jurisdiction of the US District Court for the District of Delaware.

10. Regarding Rule 8011(b)(c)(d) of Federal Rule of Bankruptcy Procedure, Motions, Determination of Motions for Procedural Orders, Determination of All Motions, Emergency Motions "Any party adversely affected by such action may move for reconsideration, vacation or modification of the action". Michael Belgrave filed docket #5339 & 5480 respectively, intending to receive a review of the illegally filed documents.

11. "A motion for a stay, or for other emergency relief may be denied if not presented promptly". The Plan Administrator, prior to my amended appeal ignored my objection, which delayed the process.

12. "Prior to filing the motion - notify opposing counsel...or statewhy not practical to do so". The Plan Administrator incorrectly certifies: " I attempted to contact Michael Belgrave in order to discuss the subject of the attached motion, but at time of filing, he could not be reached" I, Michael Belgrave hereby attest this statement is false. Also, in the Plan Administrator's "Certificate of Service", on both documents state each person was served "by facsimile, U.S. Mail and Federal Express, untrue and no reason specified.

13. Thusly, I pray the Appeallate Mediation Panel grant relief as is necessary and appropriate.

Dated May 31, 2005

MICHAEL BELGRAVE
PRO SE





From: Michael Belgrave
811 Taft Avenue
Cleveland TX 77327

To: Office of the Clerk
Bankruptcy Appellate Panel
United States District Court
844 N. King Street Lockbox 18
Wilmington, DE 19801-3570



