IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BRAC GROUP, INC. (f/k/a Budget Group, Inc.),<br><br>       Reorganized Debtor. | Chapter 11 Case No. 02-12152 (RB)<br><br>RE: D.I. 5315, 5325, 5332, 5480 |
| MICHAEL BELGRAVE,<br><br>       Appellant,<br><br>v.<br><br>THE PLAN ADMINISTRATOR FOR BRAC GROUP, INC.,<br><br>       Appellee. | Civil Action No. 05-319 (KAJ) |

**THE PLAN ADMINISTRATOR'S REPLY TO
MICHAEL BELGRAVE'S RESPONSE TO THE PLAN ADMINISTRATOR'S MOTION
TO DISMISS APPEAL AND MOTION TO STAY MEDIATION**

Walker Truesdell & Associates, in its capacity as Plan Administrator (the "Plan Administrator") for BRAC Group, Inc., the Reorganized Debtor, by and through undersigned counsel, respectfully states as follows in reply to Appellant Michael Belgrave's ("Belgrave") Response to Plan Administrator's Motion to Dismiss & Motion to Stay Mediation Regarding the Appeal of the Order & Amended Order Approving Eighteenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 and Local Rule 3007-1 (the "Response").

**BACKGROUND**

1.      The factual background for this appeal (the "Appeal") and the motions before the Court is set forth in the Plan Administrator's Motion to Dismiss the Appeal (the "Motion to

Dismiss") and is incorporated herein by reference. In short, the Appeal arises from the Order approving the Eighteenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 and Local Rule 3007-1 (the "18th Omnibus Objection") entered on December 7, 2004 (A1-2) and the Amended Order regarding the 18th Omnibus Objection, which merely corrected a mis-reference to the exhibits to the Order, which was entered on December 16, 2004 (A22-23).

2.      By way of further background, the Bankruptcy Court held a hearing on December 7, 2004 to consider the 18th Omnibus Objection, which, among other things, sought to disallow Belgrave's claim for his failure to submit any documentation in support of his claim. Although Belgrave failed to appear at the December 7 hearing, the Bankruptcy Court heard and considered Belgrave's objection to the 18th Omnibus Objection and overruled those objections on the merits. (Tr. of Dec. 7, 2004 Hearing at 5 (the "Transcript") (attached hereto as **Exhibit A**)).[1] That same day, the Bankruptcy Judge entered the Order approving the 18th Omnibus Objection. The Amended Order entered on December 15, 2004 did not address any new issues or arguments, but merely corrected the mis-referencing of two exhibits to the Order. Accordingly, for purposes of this Appeal, the relevant order is the Order entered on December 7, 2004, because that Order granted the substantive relief from which Belgrave seeks to appeal.

3.      Not until 16 days later, on December 23, 2004, did Belgrave file a document entitled "Objection to Order and Amended Order Approving [the 18th Omnibus Objection]" (the "December 23 Objection"), by which he appeared to simply restate his general opposition to the

---

[1] It does not appear that Belgrave has submitted a copy of the Transcript as required by the Rules, nor was the Transcript available when the Plan Administrator submitted The Plan Administrator's Counterdesignation of the Record on Appeal.

18th Omnibus Objection, object to the Court's entering the Order and argue that the proposed Amended Order should not be entered. (*See* A52).

4.      Furthermore, not until May 4, 2005—148 days after the entry of the Order—did Belgrave file his Notice of Appeal. (*See* A27). On account of Belgrave's Appeal having been filed 138 days late, the Plan Administrator filed its Motion to Dismiss and Motion to Stay Mediation of the Appeal Pending Decision on the Plan Administrator's Motion to Dismiss (the "Motion to Stay"; together with the Motion to Dismiss, the "Motions") on May 27, 2005. Although Belgrave filed his Response to the Motions with the Court on June 3, 2005, he has not yet served the Plan Administrator with a copy of his Response.

## ARGUMENT

5.      The Motion to Stay should be granted and mediation of the Appeal should be stayed pending decision on the Motion to Dismiss in the interests of judicial economy and because the Motion to Dismiss, if granted, would obviate the need to proceed with mediation, thereby saving the Reorganized Estate and Belgrave the expense of mediation.

6.      The Motion to Dismiss should be granted and the Appeal should be dismissed because the Appeal was not timely noticed—indeed, it was 138 days late—and therefore this Court lacks jurisdiction to consider it. Federal Rule of Bankruptcy Procedure ("Rule") 8002 requires that "[a] notice of appeal shall be filed with the clerk within 10 days of the date of entry of the . . . order . . . appealed from." This deadline is jurisdictional and is strictly construed. *Shareholders v. Sound Radio, Inc.*, 109 F.3d 873, 879 (3d Cir. 1997). Hence, the Court does not have jurisdiction to decide the merits of an appeal noticed after more than ten days. *See id.* (holding the district court lack jurisdiction over an appeal filed 3 days late); *In re Memorex Telex Corp.*, 241 B.R. 841, 843 (D. Del. 1999)(dismissing an appeal noticed 38 days after entry of the

Bankruptcy Court order being appealed). Belgrave filed his Notice of Appeal in the present case on May 4, 2005—148 days after entry of the Order and 138 days late.[2]

7.      Because the Notice of Appeal was untimely, this Court lacks jurisdiction to decide the merits of the Appeal. None of the arguments set forth in the Response contradict this conclusion.

**A.      The Running of the Time to File the Notice of Appeal Was Not Suspended under Rule 8002(b).**

8.      The Response appears to argue that the filing of the December 23 Objection should have suspended the deadline to file the Notice of Appeal under Rule 8002. That rule provides that when a party makes a *timely* motion of any of the following types:

> (1) to amend or make additional findings of fact under Rule 7052, whether or not granting the motion would alter the judgement; (2) to alter or amend judgment under Rule 9023; (3) for a new trial under Rule 9023; or (4) for relief under Rule 9024 if the motion is filed no later than 10 days after the entry of judgment[,]

the running of the time to notice an appeal is suspended until disposition of the motion. Rule 8002(b).

**1.      The December 23 Objection Was Not Timely.**

9.      Even assuming *arguendo* that the December 23 Objection is a motion of one of the types specified by Rule 8002, it was not timely and, therefore, did not suspend the deadline to file the Notice of Appeal. *See Whitemere Development Corp., Inc. v. Cherry Hill Twp.*, 786 F.2d 185, 187 (3d Cir. 1986) (holding the appeal to the district court was untimely because "[a] court's consideration of an untimely [motion under Rule 8002] does not serve to toll the running of the appeal period"); *Memorex Telex*, 241 B.R. at 844. In *Memorex Telex*, the Bankruptcy

---

[2] Even if the Amended Order were considered to be relevant to this Appeal, Belgrave's Notice of Appeal was still filed 129 days late.

Court awarded the defendant summary judgment on October 16, 1998. *Id*. at 842. The plaintiff filed a motion for reargument on October 30, 1998 and eventually filed a notice of appeal on November 23, 1998. *Id*. at 843. The court there granted the appellee's motion to dismiss the untimely appeal, noting that "an untimely filed motion [under Rule 8002(b)] will not toll the time for an appeal." *Id*. at 844. Here, the December 23 Objection objects to the entry of the Order on December 7, 2004. As such, it was untimely because it was filed more than 10 days after the Order to which it objects.

### 2.    The December 23 Objection Was not a Motion under Rule 8002.

10.    Questions of timing aside, the December 23 Objection is not a motion of any of the types specified by Rule 8002, therefore the rule's deadline suspension was not triggered. The December 23 Objection does not request amended or additional findings of facts, therefore it cannot be a motion under Rule 7052. There was no judgment to alter or amend, nor was the December 23 Objection a request for a new trial, therefore the December 23 Objection was not a motion under Rule 9023. Finally, the December 23 Objection does not allege any of the grounds for relief from an order or judgment under Rule 9024. Indeed, aside from a bare argument that the Order was "invalid," (A52 ¶ 4), the December 23 Objection offers no argument why the Bankruptcy Court should revisit the decision it entered after giving Belgrave an opportunity to file pleadings and be heard on the issue.

### B.    The December 23 Objection Was not a Functional Notice of Appeal.

11.    The December 23 Objection was not a Notice of Appeal for the purposes of Rule 8002(a) because it did not put the Plan Administrator on notice that Belgrave intended to appeal the Order. *See Hindes v. F.D.I.C.*, 137 F.3d 148, 156 (3d Cir. 1998) (holding that a functional notice of appeal must notify the parties and the court of an intention to appeal). The December

23 Objection does not even use the word "appeal." *See id.* (citing examples of functional notices of appeals, all of which include the word "appeal"). Furthermore, the December 23 Objection did not satisfy any of the elements of a proper notice of appeal under the Rules, nor did Belgrave follow it with a designation of the record.

12.    The December 23 Objection did not give notice of an intention to appeal because Belgrave likely had no so such intention when he filed it. When he filed his actual Notice of Appeal on May 4, 2005, Belgrave (i) captioned the document "Notice of Appeal," (ii) addressed it (albeit erroneously) to an appellate court, and (iii) enclosed the record on appeal. He did not take any of those steps when filing the December 23 Objection.

**C.    Belgrave's Failure to Timely File a Notice of Appeal Was Not the Result of Excusable Neglect.**

13.    The Response states that "A notice of appeal may be granted upon a showing of excusable neglect." Response ¶ 8. To the extent that Belgrave argues that his late-filed Notice of Appeal should be treated as timely on the grounds of excusable neglect, the argument fails. Rule 8002(c)(2) provides, in pertinent part, that "A request to extend the time for filing a notice of appeal . . . filed *not later than* 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect." (Emphasis added.) Thus, "[e]ven in cases of excusable neglect, the issue must be raised and the appeal must be filed within the 30 day window of Rule 8002 (Rule 8002(a)'s 10 days for the appeal + 8002(c)'s 20 days for the extension). The rule does not allow a party to claim excusable neglect after the expiration of Rule 8002's 30-day period." *See Shareholders*, 109 F.3d at 879 (citations omitted) (holding that the court lacks jurisdiction over an appeal noticed more than 30 days after the order being appealed). Belgrave's claim of excusable neglect comes far too late—he filed the Notice of Appeal 118 days after the closing of the "30 day window."

14.    Even if the Notice of Appeal were not filed long after the 30 days allotted under Rule 8002(c), Belgrave's delay does not qualify as excusable neglect. As a threshold matter, the party asserting excusable neglect bears the burden of demonstrating the reason for his neglect and that such neglect was excusable. *See Jones v. Chemetron Corp.*, 212 F.3d 199, 205 (3d Cir. 2000). Belgrave's claim of excusable neglect fails because he has offered no explanation for his delay beyond the statement that did not file a notice of appeal because he "anticipated" receiving a response to the December 23 Objection. Response ¶ 8. Notably, Belgrave does not allege that he actually neglected the deadline for noticing his appeal.

15.    The United States Supreme Court has set forth a two element test for excusable neglect: there must have been neglect and it must have been excusable. *See Pioneer Inv. Svcs. v. Brunswick Assocs.*, 507 U.S. 380, 382, 388, 395 (1993). Belgrave's failure to timely file his Notice of Appeal was neither the result of neglect nor is it excusable. "Neglect" is defined as a faultless, careless or negligent failure to act. *See id.* at 388. Thus, intentional conduct would not be neglect, nor would "inadvertence, ignorance of the rules, or mistakes construing the rules." *See id.* at 392. Belgrave appears to argue that his failure to file a notice of appeal was intentional while he awaited a response to the December 23 Objection. Merely being mistaken as to his obligation under the Rules to file a Notice of Appeal is not sufficient to show neglect.

16.    Furthermore, Belgrave has not shown that his conduct is excusable. There are four factors that should be weighed in determining whether neglect is excusable: (i) the danger of prejudice to the non-movant; (ii) the length of the delay; (iii) the potential impact on judicial proceedings; and (iv) the reason for the delay, including the movant's good faith. *See id.* at 395; *Shareholders*, 109 F.3d at 879 (applying *Pioneer* to an excusable neglect determination under

7

Rule 8002).  Even if Belgrave delay's was the result of neglect, it would not be excusable because none of these four factors weigh in his favor.

17.    Beginning with factor (iv), the reason for Belgrave's delay, even assuming that his delay was in good faith, Belgrave does not argue that he missed the deadline because he neglected it.  Rather, as discussed above, his failure to file a notice of appeal was intentional while he awaited a response to the December 23 Objection, which is not sufficient to show excusable neglect.  *See In re Old Summit Mfg., LLC*, Adv. No. 5-04-ap-50061, -- B.R. --, 2005 WL 1050414 (Bankr. M.D.Pa. April 7, 2005) (attached hereto as **Exhibit B)** (rejecting a claim that inability to find supporting case law within the 10 day deadline was excusable neglect; noting that the movant did not allege neglect of the deadline); *In re Woskob*, 96 Fed. Appx. 794, 795 (3d Cir. 2004) (unpublished) (upholding finding that missing the deadline to notice an appeal because of confusion as to the date of that deadline was not excusable neglect); *see also Pioneer*, 507 U.S. at 392 (stating that ignorance of or confusion as to the Rules is usually not excusable neglect).  Regardless of whether he was awaiting a response, it was Belgrave's obligation—and within his power—to comply with the deadlines provided in the Rules.  *See In re Am. Classic Voyages Co.*, 405 F.3d 127, 134 (3d Cir. 2005).

18.    As to the second factor, because so much time has passed since the deadline to notice an appeal expired, it must weigh against Belgrave.  *See id.* at 133 (rejecting an excusable neglect claim after a 93 day delay).  Even if a short delay would have been excusable, Belgrave has offered no justification for delaying 138 days before filing his notice of appeal.  Furthermore, the Bankruptcy Court docket demonstrates that, at no time during the more than four months after filing the December 23 Objection before filing his Notice of Appeal, did Belgrave contact

the Bankruptcy Court, nor did he contact the Plan Administrator, regarding a response to his December 23 Objection.

19.    As to the remaining factors, the prejudice and the negative impact upon the Plan Administrator would be severe if Belgrave's untimely appeal were allowed, in that the floodgates would be opened for untimely appeals of numerous disallowed claims, undermining the orderly and efficient administration of the plan and the finality of the Bankruptcy Court's orders, issued after notice and a hearing, expunging various claims. *See id.*

### D.    The Remaining Arguments in the Response are not Relevant to the Disposition of the Motions.

20.    To the extent that the Response objects to the Motion to Dismiss based upon Rule 8001(b)(2), it should be overruled because that rule pertains to voluntary dismissal by the Appellant; the Motion to Dismiss was filed under Rule 8011(a) (pertaining to "[a] request for an order or other relief").

21.    The Response quotes Rule 8002(a) for the proposition that "[a] notice of appeal filed after the announcement of a decision but before entry of the judgment, order or decree shall be treated as filed after such entry on the date thereof." To the extent that the Response argues this rule affects when the Notice of Appeal will be treated as filed, the argument must be rejected because the Notice of Appeal was filed after the entry of the Order.

22.    Moreover, the Notice of Appeal was not "mistakenly filed with the District Court or the Bankruptcy Appellate Panel," therefore the portions of Rule 8002(a) relating thereto are irrelevant here.[3]

23.    As discussed above, Belgrave did not bring a motion below to alter or amend

---

[3]    It should be noted that, in accord with this rule, the Notice of Appeal was considered filed on May 4, 2004, the day it was mistakenly filed with the Third Circuit Court of Appeals.

judgment of the Bankruptcy Court. Therefore, to the extent that the Response argues that the requirement under Rule 8002 that the Appellant file an amended notice of appeal after the Bankruptcy Court disposes of such a motion, the argument is irrelevant.

24.    To the extent that paragraph 10 of the Response argues that Belgrave is entitled to review of the Order under Rule 8011(b), the argument must fail because Rule 8011 applies to actions taken by appellate courts, not trial courts. *See In re Lindsey*, 178 B.R. 895, 904 (Bankr. N.D. Ga. 1995). Under Rule 8011(b), a party may move to reconsider, vacate or modify action taken by an appellate court on a motion without first receiving a response or holding a hearing. As this Court has, in fact, received the Response before ruling upon the Motions, an argument based upon Rule 8011(b) is moot.

25.    To the extent that the Response argues that the Motion to Stay should be rejected because it was not promptly filed, Rules 8011(c) and (d) have no relevance here. Rule 8011(c) provides that "[a] motion for a stay, or for other emergency relief" may be denied if not brought promptly, but the Motion to Stay does not seek emergency relief. *See* Rule 8011(d) (requiring that motions for emergency relief be captioned as such and be accompanied by an affidavit setting forth the nature of the emergency); *cf. In re Premiere Operations*, 293 B.R. 334, 335 (S.D.N.Y. 2003)(refusing to consider an appeal on an emergency basis where the requirements of Rule 8011(d) were not satisfied). Even if the promptness requirement of Rules 8011(c) and (d) did apply here, they would be satisfied because the Motion to Stay was presented promptly— only 3 days—after the Appeal was referred to mediation.

**E.     The Motions Were Certified and Served as Required by the Federal Rules of Civil Procedure and the Local Rules.**

26.    As set forth in the certification accompanying the Motion to Stay, Gregory A. Taylor, counsel for the Plan Administrator, attempted to contact Belgrave before filing the

Motion to Stay.  On the day the Motions were filed, counsel called Belgrave's telephone number and spoke with an unidentified woman who informed him that Belgrave was not home.  Counsel left a telephone number and a message asking that Belgrave return his call to discuss the Appeal and the mediation.  To date, Belgrave has still not returned this call.

27.     The Motions were served on Belgrave by U.S. Mail and Federal Express, in satisfaction of the Federal and Local Rules of Procedure.  However, Belgrave's assertion that the certificate of service accompanying the Motions is "untrue" is technically correct; numerous attempts to send the Motions by facsimile to the number Belgrave provided (*see* A51) failed because there was no facsimile signal at that number.  Thus, the Plan Administrator was not able to provide the Motions to Belgrave via facsimile but, nevertheless, did serve the Motions upon Belgrave by Federal Express and U.S. Mail.

[Remainder of the page intentionally left blank.]

## CONCLUSION

WHEREFORE, the Plan Administrator respectfully requests that this Court enter orders in the forms attached to the Motions, (i) granting the Motion to Dismiss and the relief sought therein; (ii) granting the Motion to Stay and the relief sought therein; and (iii) granting such further relief as is necessary or appropriate.

ASHBY & GEDDES, P.A.

William P. Bowden (I.D. #2553)
Gregory A. Taylor (I.D. #4008)
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888

—and—

BROWN RUDNICK BERLACK
ISRAELS LLP
Peter J. Antoszyk
One Financial Center
Boston, MA 02111
(617) 856-8200

Dated: June 17, 2005                *Counsel to the Plan Administrator*
158168.1

12