# EXHIBIT B

**Westlaw.**

2005 WL 1050414 Page 1
--- B.R. ----, 2005 WL 1050414 (Bankr.M.D.Pa.)
**(Cite as: 2005 WL 1050414 (Bankr.M.D.Pa.))**

**H**

United States Bankruptcy Court,
M.D. Pennsylvania.
In re OLD SUMMIT MANUFACTURING, LLC,
Debtor.
William G. Schwab, Trustee for Old Summit
Manufacturing, LLC, Plaintiff,
v.
J.R. Trucking & Rigging, Inc., Defendant.
**Bankruptcy No. 5-02-bk-02811.**
**Adversary No. 5-04-ap-50061.**

April 7, 2005.

**Background:** More than ten days after entry of order denying preference defendant's motion to set aside default judgment entered against it, defendant moved for reconsideration or, in alternative, for extension of time to file notice of appeal.

**Holdings:** The United States Bankruptcy Court for the Middle District of Pennsylvania, John J. Thomas, J., held that:
(1) motion for reconsideration that party filed more than ten days after entry of judgment had to be denied as untimely; and
(2) party making out-of-time request for extension of time to file notice of appeal failed to demonstrate any "neglect," excusable or otherwise, and was not entitled to extension of appeals deadline.
Motion denied.

**[1] Bankruptcy** ⬦2164.1
51k2164.1 Most Cited Cases
Motion for reconsideration that party filed more than ten days after entry of judgment had to be denied as untimely, though bankruptcy court, in inviting party to move for reconsideration if it could find case law supporting its position, had not referenced any time within which motion had to be filed, and though movant was allegedly unable to locate case law in support of its position until after expiration of ten-day deadline specified in Bankruptcy Rules. Fed.Rules Bankr.Proc.Rules 9006(b)(2), 9023, 11 U.S.C.A.

**[2] Bankruptcy** ⬦2164.1
51k2164.1 Most Cited Cases
Time limit for filing motion for reconsideration is not within discretion of bankruptcy court; rather, such motions must be filed within ten days of entry of judgment. Fed.Rules Bankr.Proc.Rule 9023, 11 U.S.C.A.

**[3] Bankruptcy** ⬦2164.1
51k2164.1 Most Cited Cases
Bankruptcy court has no discretion or authority to extend time for filing request for reconsideration. Fed.Rules Bankr.Proc.Rules 9006(b)(2), 9023, 11 U.S.C.A.

**[4] Bankruptcy** ⬦3775
51k3775 Most Cited Cases
Party making out-of-time request for extension of time to file notice of appeal failed to demonstrate any "neglect," excusable or otherwise, and was not entitled to extension of appeals deadline, where party's failure to move for reconsideration or to file notice of appeal within ten days of entry of judgment was result solely of its inability to find any case law supporting its position until more than ten days after judgment was entered. Fed.Rules Bankr.Proc.Rule 8002(c)(2), 11 U.S.C.A.

**[5] Bankruptcy** ⬦3775
51k3775 Most Cited Cases
Among factors that bankruptcy court would consider in deciding whether to grant out-of-time request of extension of time to file notice of appeal on "excusable neglect" theory were the following: (1) whether party's inadvertence in failing to file notice of appeal or request for extension within ten-day appeals period reflects professional incompetence, such as ignorance of rules of procedure; (2) whether asserted inadvertence reflects an easily manufactured excuse incapable of verification by court; (3) whether the tardiness results from counsel's failure to provide for readily foreseeable consequence; (4) whether the inadvertence reflects a complete lack of diligence; and (5) whether court is satisfied that inadvertence resulted despite counsel's substantial good faith efforts at compliance. Fed.Rules Bankr.Proc.Rule 8002(c)(2), 11 U.S.C.A.

Neal D. Colton, Cozen O'Connor, Philadelphia, PA, for Debtor.

*OPINION* [FN1]

JOHN J. THOMAS, Bankruptcy Judge.

*1 Before the Court is Defendant's Motion for Reconsideration of Original Motion to Open and Set

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Aside Default Judgment or, in the alternative, Motion for Extension of Time for Appeal Pursuant to Bankruptcy Rule 8002(c)(2), filed November 19, 2004, (Doc. # 22). For the reasons provided herein, Defendant's Motion is denied.

Because resolution of this matter calls into play several of the Rules of Civil Procedure, as made applicable to adversary proceedings by the Federal Rules of Bankruptcy Procedure, it is important to outline the procedural posture of this case. This matter was initiated by the filing of a Complaint under 11 U.S.C. § 547 of the Bankruptcy Code on February 12, 2004. Thereafter, the Plaintiff filed a Motion for Default Judgment on April 23, 2004, which Motion was granted by the entry of an Order on May 12, 2004. On June 15, 2004, the Defendant filed an untimely Motion to Open/Strike Default Judgment. Even though the Defendant filed a detailed brief in support of the Motion to Open/Strike the default, the Defendant did not appear at the day and time of the hearing scheduled on the Motion to Open/Strike, and the Court denied said Motion for failure to prosecute. See Order dated 8/19/04 (Doc. # 12).

On August 31, 2004, the Defendant filed a Motion to Reconsider the August 19, 2004 Order Denying Motion to Open/Strike Default Judgment. On October 21, 2004, I granted the Defendant's Motion to Reconsider but, nonetheless, denied the Motion to Open/Strike Default Judgment for reasons which are not particularly germane to the instant resolution. It was during the colloquy between the Court and the parties that the Court suggested to the Defendant that if it could locate applicable law to convince the Court that its decision to deny the Motion to Open/Strike Default Judgment was incorrect, then the Court would be willing to reconsider that decision, once again.

It was not until November 19, 2004 that the instant Motion for Reconsideration was filed by the Defendant. In paragraph 7 of the Motion, the Defendant acknowledges receipt of the Order filed October 21, 2004. The Motion further provides that the Defendant, through its own counsel, and through the services of an organization referred to as the "National Legal Research Group, Inc., Charlottesville, VA" undertook research to determine if case law existed which would be helpful to its position requesting the Court to reconsider the Order of October 21, 2004. Paragraph 13 of the Motion provides, inter alia, that the Court did not indicate a time limit in which it would reconsider the Order of October 21, 2004, and the Defendant could not find supporting case law within the ten (10) day period for an appeal as set forth in Rule 8002(a). The Motion further provides, however, that Federal Rule of Bankruptcy Procedure 8002(c)(2) permits a party to request an extension of time for filing a notice of appeal if it is filed not later than twenty (20) days after the expiration of the original time for filing a notice of appeal and there is a showing of excusable neglect for such extension of time. In short, the only reason proffered by the Defendant as to the lateness of the filing of the instant Motion for Reconsideration and in support of its request for an extension of time for filing a notice of appeal is that its attempt to find applicable case law in support of its position was not accomplished within the original ten (10) days in which to either file a motion for reconsideration or an appeal under the applicable Federal Rules of Bankruptcy Procedure.

*2 [1][2] The Bankruptcy Practice Order and Forms for the Middle District of Pennsylvania ("B.P.O.") at ¶ 9023-2(e) (Post-Trial Briefs of Moving Party) [FN2] provides, inter alia, that if supporting legal briefs are not filed within the time provided herein, such motion shall be deemed to be withdrawn. A review of the docket reflects that the Defendant/Movant did not file a brief in support. Nevertheless, because of the plethora of procedural errors that this case presents, the Court will not consider this Motion withdrawn, but will address the arguments raised in the Motion. The Motion indicates that the Court did not reference a time limit within which it would reconsider the earlier Order of October 21, 2004. The time limit for filing a motion for reconsideration is not within the discretion of the Court. These motions must be filed within ten (10) days of the entry of a judgment. See Federal Rule of Bankruptcy Procedure 9023 (New Trials; Amendment of Judgments) which makes applicable to cases under the Code, Rule 59 of the Federal Rules of Civil Procedure. See Fed.R.Civ.P. 59(e); Federal Kemper Ins., Co. v. Rauscher, 807 F.2d 345, 348 (3rd Cir.1987). The November 19, 2004 Motion requesting this Court to reconsider the October 21, 2004 Order is untimely.

[3] More important, however, is the application of Federal Rule of Bankruptcy Procedure 9006(b)(2) which prohibits the Court from enlarging the time for taking action under Rule 9023 (request for reconsideration). In other words, the Court has no discretion, nor do the Rules grant it authority, to extend the time to file a request for reconsideration. It is for all the above reasons stated that the Motion for

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Reconsideration is denied.

[4][5] Addressing the Motion for Extension of Time for Appeal Pursuant to Bankruptcy Rule 8002(c)(2), the Court notes that this request is timely and may be granted upon a showing of "excusable neglect". Once again, we note that the only reason given for the failure to file a motion to reconsider and a notice of appeal within the ten (10) day period as prescribed by the applicable Rules is that the Defendant could not timely conclude research supporting its position. Federal Rule of Bankruptcy Procedure 8002 is essentially an adaptation of Rule 4(a) of the Federal Rules of Appellate Procedure. See Advisory Committee Note to Fed. R. Bank. P. 8002. The Third Circuit has analyzed the "excusable neglect" application to late-filed appeals under Federal Rule of Appellate Procedure 4(a). See Consolidated Freightways Corporation of Delaware v. Larson, 827 F.2d 916 (3rd Cir.1987). We find the following in the Consolidated Freightways case concerning the factors that the Court must weigh and balance when determining whether excusable neglect has occurred.

> Although every case must be examined on an ad hoc basis and it is impossible to compose an exhaustive list of factors relevant to a determination of whether excusable neglect has occurred, a thoughtful analysis of this issue in a particular context will, at a minimum, require a weighing and balancing of the following factors: (1) whether the inadvertence reflects professional incompetence such as ignorance of the rules of procedure, Campbell v. Bowlin, 724 F.2d 484 (5th Cir.1984) (failure to read rules of procedure not excusable); (2) whether the asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court, Airline Pilots v. Executive Airlines, Inc., 569 F.2d 1174 (1st Cir.1978) (mistake in diarying counsel's calendar not excusable); (3) whether the tardiness results from counsel's failure to provide for a readily foreseeable consequence, United States v. Commonwealth of Virginia, 508 F.Supp. 187 (E.D.Va.1981) (failure to arrange coverage during attorney's vacation which encompassed end of appeal period not excusable); (4) whether the inadvertence reflects a complete lack of diligence, Reinsurance Co. of America, Inc. v. Administratia, 808 F.2d 1249 (7th Cir.1987); or (5) whether the court is satisfied that the inadvertence resulted despite counsel's substantial good faith efforts toward compliance.
> *3 Id. at 919.

The Defendant/Movant acknowledges that it must show excusable neglect for this Court to grant an extension of time. This inability of the Defendant/Movant to find appropriate case law was through the efforts not only of its own counsel but through the alleged services of an organization called the National Legal Research Group, Inc., from Charlottesville, VA. Applying the factors listed above, the Court is compelled to find that the Defendant/Movant has not shown excusable neglect. This case does not present situations in which there are errors or mistakes such as in the Consolidated Freightways case (inadvertent misdirection of a notice of appeal) or a miscalculation of the appropriate appeal deadline. See Woskob v. Woskob, 96 Fed.Appx. 794, 2004 WL 603436 (3rd Cir.2004). In the instant case, the Defendant/Movant does not allege that there was any ignorance of the rules of procedure, such as the time limitations on filing appeals. There was no mistake or inadvertence alleged. In fact, there was no allegation of any neglect on behalf of the Defendant/Movant in which this Court could make a determination as to whether the neglect was excusable or not. Even if we take as true all the allegations of the Motion that the Defendant/Movant used all due diligence in its lawyering attempt to find case law to support its position, the Defendant/Movant, nonetheless, alleges it simply could not find appropriate case law within the applicable ten (10) day appeal period.

These facts simply do not meet the rigid standards of the factors listed by the Third Circuit and enunciated in the Consolidated Freightways case. [FN3] In short, the Court is impressed that the Defendant/Movant did not allege the neglect of a deadline. At all times, the Defendant/Movant was aware that there was a ten (10) day appeal period of the final Order of this Court. With that said, simply being unable to research and find appropriate case law to support its position is not the type of neglect which this Court must determine is excusable. It is for the reasons enunciated above that the Court will deny Defendant's Motion for Extension of Time for Appeal Pursuant to Bankruptcy Rule 8002(c)(2).

An Order will follow.

## ORDER

For those reasons indicated in the Opinion filed this date, **IT IS HEREBY**

**ORDERED** that Defendant's Motion for Reconsideration of Original Motion to Open and Set Aside Default Judgment or, in the alternative, Motion for Extension of Time for Appeal Pursuant to

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Bankruptcy Rule 8002(c)(2), filed November 19, 2004, (Doc. # 22), is denied.

> FN1. Drafted with the assistance of Richard P. Rogers, Law Clerk.
>
> FN2. The B.P.O. was vacated by Order of this Court dated December 30, 2004 and B.P.O. ¶ 9023-2(e) is now found in Local Bankruptcy Rule 9023- 2(e).
>
> FN3. Even were this Court to apply the more lenient *Pioneer* standards concerning excusable neglect under Fed. R. Bank. P. 9006(b)(1), the Court would still make a determination that the Defendant/Movant did not make a sufficient showing of excusable neglect. *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

--- B.R. ----, 2005 WL 1050414 (Bankr.M.D.Pa.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.