IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re ) | Chapter 11 |
| ) | |
| BRAC GROUP, INC. (f/k/a Budget Group, ) | Case No. 02-12152 (RB) |
| Inc.), ) | |
| ) | |
| Reorganized Debtor. ) | |
| ) | |
| ) | |
| MICHAEL BELGRAVE, ) | |
| ) | |
| Appellant, ) | Civil Action No. 05-319-KAJ |
| ) | |
| v. ) | |
| ) | |
| THE PLAN ADMINISTRATOR FOR BRAC ) | |
| GROUP, INC., ) | |
| ) | |
| Appellee. ) | |

## MEMORANDUM ORDER

### I.   INTRODUCTION

This is an appeal from a November 6, 2004 Order of the Bankruptcy Court for the District of Delaware approving the Eighteenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "Order").  Michael Belgrave ("Belgrave") filed a Notice of Appeal in the United States Court of Appeals for the Third Circuit on May 4, 2005 (the "Notice of Appeal"),[1] which that Court transmitted here.  (Docket Item ["D.I."] 1 at 1.)  Before me is a Motion to Dismiss Michael Belgrave's Appeal (D.I. 8, the "Motion to Dismiss"), and a Motion to Stay Mediation Pending Decision on the Motion to

---

[1] The appeal is dated April 25, 2005, but was received by the Court on May 4, 2005.  (D.I. 1.)

Dismiss the Appeal (D.I. 7; the "Motion to Stay"), both filed by the Plan Administrator for BRAC Group, Inc. (the "Plan Administrator"). Also before me is a Motion filed by Belgrave, which he captioned a Petition for Writ of Certiorari. (D.I. 16.) For the reasons that follow, the Motion to Dismiss will be granted, the Motion to Stay will be denied as moot, and the Petition for Writ of Certiorari will be denied.

## II.    BACKGROUND

On November 4, 2004, the Plan Administrator filed the Eighteenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "Eighteenth Omnibus Objection"). (D.I. 9 at A10, ¶ 2.) The Eighteenth Omnibus Objection asked the Bankruptcy Court to disallow and expunge certain claims against the bankruptcy estate of BRAC Group, Inc., either because the claims were filed late (D.I. 9 at A3-A4), or because the claims were filed without any documentation (*Id.* at A5). Belgrave's claim against the estate was part of the latter group of claims. (*Id.*) Belgrave alleges that he objected to the Eighteenth Omnibus Objection on November 17, 2004, and provided "evidence of documentation" of his claim. (D.I. 10 at ¶ 2.) The Court entered the Order approving the Eighteenth Omnibus Objection on December 6, 2004, disallowing and expunging all of the claims, including Belgrave's claim. (D.I. 9 at A1-A2.)

An Amended Order was entered on December 16, 2004, correcting only a mistake in the references to the exhibits.[2] (*Id.* at A22-A23.) On December 23, 2004

---

[2] Specifically, the initial order had improperly referred to the claims that were filed late as being in Exhibit B, when these claims were actually in Exhibit A, and the claims

Belgrave filed a document captioned "Objection to Order and Amended Order Approving Eighteenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1" in the Bankruptcy Court (the "December 23 Objection"). (*Id.* at A52.) Belgrave filed the Notice of Appeal on May 4, 2005. (D.I. 1.)

## III.   DISCUSSION

### A.   *Motion to Dismiss the Appeal*

Federal Rule of Bankruptcy Procedure 8002(a) provides that "[t]he notice of appeal shall be filed with the clerk within ten days of the entry of the judgment, order, or decree appealed from." This ten day time limit "has been strictly construed, requiring strict compliance with its terms. Nor can it be doubted that the rule is jurisdictional in effect. ... Failure to file a timely notice of appeal thus deprives the district court of jurisdiction to review the bankruptcy court's order or judgment." *In re Universal Minerals, Inc.*, 755 F.2d 309, 311-12 (3d Cir. 1985); *see also In re Memorex Telex Corp.*, 241 B.R. 841, 843 (D. Del. 1999) ("It is well-established that the time limit for filing an appeal from an order of the Bankruptcy Court is jurisdictional in nature.")

The Bankruptcy Court entered the Order from which Belgrave is attempting to appeal on December 6, 2004 and the Amended Order on December 16, 2004. Belgrave did not file his notice of appeal until May 4, 2005, over 140 days after the entry of the Order. This is clearly far outside the ten day limit of Bankruptcy Rule 8002(a).

---

that were filed without documentation as in Exhibit A, when they were actually in Exhibit B. (*See* D.I. 9 at A1-2, A22-23.)

3

Additionally, even if the December 23 Objections could be considered a functional notice of appeal, they were not timely filed. The initial order in this case was entered December 6, 2004, seventeen days before the December 23 Objections were filed. Thus, only if the time restarted with the entry of the Amended Order on December 16, 2004 would the Objections have been filed within the ten day limit required by Bankruptcy Rule 8002.

The Supreme Court has held, however, that "the mere fact that a judgment previously entered has been reentered or revised in an immaterial way does not toll the time within which review must be sought. Only when the lower court changes matters of substance, or resolves a genuine ambiguity, in a judgment previously rendered should the period within which an appeal must be taken or a petition for certiorari filed begin to run anew. The test is a practical one. The question is whether the lower court, in its second order, has disturbed or revised legal rights and obligations which, by its prior judgment, had been plainly and properly settled with finality." *Federal Trade Commission v. Minneapolis-Honeywell Regulator Co.*, 344 U.S. 206, 211-212 (1952); *see also Keith v. Truck Stops Corp. of America*, 909 F.2d 743, 746 (3d Cir. 1990) (same). The Amended Order simply corrected mistaken references to the exhibits, and therefore did not change the substantive legal rights of the parties in any way. Thus, the time for appeal began to run when the December 6 Order was entered. Because the December 23 Objections were filed seventeen days after this order was entered, even if they could be considered the functional equivalent of a notice of appeal, they were outside the ten day time limit of Bankruptcy Rule 8002.

Belgrave appears to argue that his appeal should not be barred because it fits within one of the exceptions to the ten day time limit of Bankruptcy Rule 8002(a). (*See* D.I. 10 at ¶¶ 6-10.) Several of the Bankruptcy Rules that Belgrave cites have no applicability to this case.[3] Belgrave also cites the exceptions to the ten day period set out in Bankruptcy Rule 8002(b) & (c). (D.I. 10 at ¶¶ 7, 9.) Bankruptcy Rule 8002(b) provides that if a party files "a timely motion: (1) to amend or make additional findings of fact under Rule 7052 ...; (2) to alter or amend the judgment under Rule 9023; (3) for a new trial under Rule 9023; or (4) for relief under Rule 9024 if the motion is filed no later than 10 days after the entry of judgment[,]" the time for filing an appeal runs from the Bankruptcy Court's disposition of that motion. However, because the November 23 Objections do not ask for additional findings of fact, do not request a new trial, do not request that a judgment be altered or amended,[4] and do not set forth any of the grounds for relief under Rule 9024, the November 23 Objections cannot be classified as a motion under any of these sections, and thus, Rule 8002(b) is inapplicable here.

---

[3] For example, Belgrave cites Bankruptcy Rule 8001, regarding Voluntary Dismissal by the appellant, and Bankruptcy Rule 8011 regarding motion practice in the Bankruptcy Court. (D.I. 10 at ¶¶ 6, 10.) Neither of these provisions are applicable here.

[4] The December 23 Objections cannot be considered a motion to alter or amend a judgment, as there is no judgment to amend within the meaning of Rule 9023. Even if the December 23 Objections could be considered a motion to alter or amend, however, the Motion would be considered untimely, as the initial Order in this case, which was not substantively altered by the Amended Order, was entered on December 6, 2004. Bankruptcy Rule 9023 provides that a motion to alter or amend must be filed "no later than 10 days after entry of the judgment." Thus, because the December 23 Objections were filed more than ten days after the entry of the Order, they would be considered untimely under Rule 9023.

Finally, Belgrave appears to assert that his appeal should not be dismissed because of its untimeliness, because its untimeliness is the result of excusable neglect. (D.I. 10 at ¶ 8.) However, Bankruptcy Rule 8002(c) provides that a party must request an extension for excusable neglect within ten days of the order, and must file an appeal within twenty days "after the expiration of the time for filing a notice of appeal...". Belgrave has not met either of these conditions, and therefore, his appeal cannot be considered timely due to excusable neglect. Therefore, because Belgrave's appeal was filed outside the ten day period contemplated by Bankruptcy Rule 8002, I do not have jurisdiction to consider it, and the appeal must be dismissed.

B.  *Motion to Stay Mediation*

The Plan Administrator moved to stay mediation while the Motion to Dismiss was pending. Because I will grant the Motion to Dismiss here, the Motion to Stay is now moot, and will be denied.

C.  *Petition for Writ of Certiorari*

Belgrave's Petition for Writ of Certiorari reiterates, verbatim, all of the claims he makes in his response to the Motions to Dismiss and Stay. (D.I. 16.) A writ of certiorari is "issued by an appellate court, at its discretion, directing a lower court to deliver the record in the case for review." Black's Law Dictionary 220 (7th ed. 1999.) There is nothing in the Bankruptcy Rules allowing a party to appeal an order of a bankruptcy court to a district court using a writ of certiorari. Furthermore, Belgrave cannot escape the jurisdictional bar to his appeal simply by changing the caption on his arguments from an appeal to a Petition for Writ of Certiorari. Therefore, for the reasons discussed above, Belgrave's Petition for Writ of Certiorari will be denied.

6

## IV.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the Motion to Dismiss (D.I. 8) is GRANTED, the Motion to Stay (D.I. 7) is DENIED as moot, and Belgrave's Petition for Writ of Certiorari (D.I. 16) is DENIED.

_____
UNITED STATES DISTRICT JUDGE

March 9, 2006
Wilmington, Delaware