|  |  |
|---|---|
| in re: | ) **Chapter 11** |
| BRAC GROUP, INC. (f/k/a Budget Group, Inc.) | ) |
| Reorganized Debtor. | ) Re: Case No. 02-12152 (JLP) (RB) |
|  | ) |
| MICHAEL BELGRAVE, | ) and Civil Action No. 05-319-KAJ |
|  | ) |
| Appellant, | ) |
| v. | ) |
|  | ) |
| THE PLAN ADMINISTRATOR FOR BRAC GROUP, INC., | ) |
| Appllee. | ) |

## NOTICE OF APPEAL OF MEMORANDUM ORDER IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE Civil Action No. 05-319-KAJ

### I.   INTRODUCTION

This is an appeal from a March 9, 2005 Memorandum Order(the"Order3") of the United States District Court for the District of Delaware regarding a December 6, 2004 Order of the Bankruptcy Court for the District of Delaware, approving the Eighteenth Omnibus(Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1(the"Order1"). For the reasons set forth, I hereby pray for relief in the amount of $70,000.00, including interest compounded daily.

### II.   BACKGROUND

On November 4, 2004, the Plan Administrator filed the Eighteenth Omnibus (Non-Substantive)Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1(the Eighteenth Omnibus Objection) (Docket No. 5264).

Please take notice that a hearing on the Objection (the Hearing) was to be held before the Honorable John L. Peterson, United States Bankruptcy Judge, in the United States Bankruptcy Court, 824 Market St., 3rd Floor, Wilmington, DE 19801 on December 7, 2004 at 10:30 a.m. (Eastern Time).

Please take further notice, on December 6, 2004 the Order approving the eighteenth omnibus objection (the Order1) (Docket No. 5315) was signed by the Honorable John L. Peterson and filed prior to the December 7, 2004 hearing date. Also, specifically, this order had improperly referred to the claims that were filed late as being in Exhibit B, when these claims were actually in Exhibit A. Conversely, the claims that were filed without documentation as in Exhibit A, when they were actually in Exhibit B. The severity of these inconsistencies would no doubt alter the Bankruptcy Court's judgment. The Plan Administrator included Michael Belgrave in the class of "no documentation claims", when in fact on November 17, 2004; Michael Belgrave filed Docket No. 5283 and complied with the order by providing "evidence of documentation" as requested.

Please take further notice, on December 15, 2004 Michael Belgrave filed an Objection to the (Order1), Docket No. 5315 and the amended (Order2), Docket No. 5332 approving this flawed eighteenth omnibus objection, Docket No. 5339. My act of objecting, my reason for, or a feeling of disapproval, received no response from the Bankruptcy Court or Judge Peterson. I considered my "offer of proof" to be a functional notice of appeal, where I could explain the relevance of the Objections and of what the evidence would bring out.

Please take further notice, on May 16, 2005, the Plan Administrator knowingly entered the Counter-Designation of the items for record on Appeal. Specifically, Item No's. 9, 10, and11, referring to Docket No's. 5292,5304 and 5315 respectively,  the Notice of agenda of matters scheduled for hearing, the Amended notice of agenda of matters for hearing and the Order approving the eighteenth omnibus (non-substantive) Objection to claims pursuant to section 502(b) of the Bankruptcy code, Bankruptcy rules

3003 and 3007 and Local rule 3007-1, clearly lists the hearing date as <u>12/7/2004</u>. Whereas, in the Memorandum Order, dated March 9, 2006, the Plan Administrator recants and correctly refers to the eighteenth omnibus objection as being entered by"<u>The Court"on December 6, 2004</u>, while deceitfully omitting the Docket No. 5315(the Order1) from which the tainted order originated.

Please take notice, the amended orders Docket No's. 5325 and 5332, respectively, were hastily filed on December 10th and 16th, 2004 in an attempt to"corrupt"the record. Clearly, these orders were tremendously more important to the Plan Administrator than merely correction of a mistake in reference to the exhibits. To date, my objection to the eighteenth omnibus objection has gone unanswered. The Plan Administrator seems more interested in filing motions to dismiss and stays of mediation based on filing dates and technicalities, rather than exposing the fact that their (Order1) was endorsed without a hearing.

III.    Argument

Please take notice, the Plan Administrator seeks to negate and confuse the facts. The eighteenth omnibus Order was docketed and signed <u>one day prior</u> to the stated hearing date of December 7, 2004, this action creates genuine ambiguity in the judgment, therefore any of Michael Belgrave's objections, appeals and or petitions should run anew. Michael Belgrave's December 15th objection should be considered a functional notice of appeal. The Plan Administrator refuses to recognize Docket No. 5339, which is in full compliance with Bankruptcy Rule 8002.

Please take further notice, the Memorandum Order (the Order3), specifically, page 5, regarding Bankruptcy Rule 8002(b), erroneously refers to the December 15th objections as the "November 23 Objections", validation, the Plan Administrator is careless, creating confusion, ultimately resulting in Michael Belgrave challenging their motions. Additionally, the Plan Administrator claims the December 15th objections do not ask for additional findings of fact, do not request a new trial, do not request that judgment be altered or amended and do not set forth any of the grounds for relief under Bankruptcy Rule 9024. Please see items 4 and 5 of the December 15th objections:

"4. Specifically, the signed order being invalid corrupts the Eighteenth Omnibus Objection and should be excluded from the plan. The amended order was filed (3) days after the court hearing which negates the purpose of the Eighteenth Omnibus Objection and should be hereby excluded from the plan.

5. Thus, in order to correct the record, I pray the court dismiss in full the Eighteenth Omnibus Objection, whereas the undersigned counsel to the Plan Administrator should honor my claim at the Court's earliest convenience."

These statements clearly comply with Bankruptcy Rule 9024.

Please take further notice, the Plan Administrator seeks to block the appeal of excusable neglect under Bankruptcy Rule 8002(c), when the fact remains that the December 15th Objections <u>still</u> go unanswered. In Docket No. 5483, the Counter-Designation of items for records on appeal, (the timeline) shall serve as proof the December 15th Objections were <u>never</u> answered. Thusly, Michael Belgrave awaited the Plan Administrator's response. Now, the Plan Administrator seeks to use their own negligence to dismiss Michael Belgrave's Appeals.

Please take further notice, Michael Belgrave hereby <u>objects in advance</u> to any motions made by the Plan Administrator to dismiss, stays of mediation, objections, change of venue, extensions or the like that will prevent Michael Belgrave's Appeal from proceeding.

Please take further notice, Michael Belgrave seeks the approval of the Appeals Court to proceed without the prepayment of fees under the Writ of Certiorari (U.S.C ~1915) Please find Approval from the District Court for the District of Delaware, signed by Kent A. Jordan, United States District Judge. Michael Belgrave would like to transfer his right to this appeal proceeding.

**IV.     Conclusion**

Accordingly, Michael Belgrave hereby attest, I pray the United States Court of Appeals grant a Notice of Appeal and find opposition in BRAC Group Bankruptcy proceeding and the Plan Administrator of the undersigned counsel.

That once the judgment is rendered, the sum of $70,000.00 including interest compounded daily shall be immediately awarded to Michael Belgrave.

MICHAEL BELGRAVE
PRO SE

Dated March 15, 2006

cc: Ashby & Geddes

## CERTIFICATE OF SERVICE

I, Michael Belgrave hereby certify that on the 15th day of March, 2006, I caused a true and correct copy of the attached <u>NOTICE OF APPEAL OF MEMORANDUM ORDER IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE Civil Action No. 05-319-KAJ,</u> to be served upon the party listed below by Priority U.S. Mail, postage paid.


The BRAC Group Bankruptcy Plan Administrator
Ashby & Geddes
222 Delaware Avenue
PO Box 1150
Wilmington, Delaware 19899


MICHAEL BELGRAVE
PRO SE

MAR 2 0

OFFICE OF THE CLERK

**MARCIA M. WALDRON**

CLERK

# United States Court of Appeals

FOR THE THIRD CIRCUIT
21400 UNITED STATES COURTHOUSE
601 MARKET STREET
PHILADELPHIA 19106-1790

TELEPHONE

215-597-2995

May 4, 2005

Michael Belgrave
311 Taft
Cleveland, TX 77327

Re: Undocketed in Third Circuit Court of Appeals
(D. Del. Bankr. No. 02-12152 (  B))

Dear Mr. Belgrave:

The enclosed notice of appeal is forwarded to the Clerk of the United States District Court for the District of Delaware for such action, if any, that Court deems appropriate. It does not appear that this Court has authority to take any action in regard to it. The notice was received in this Court on May 4, 2005.

Under the version of 28 U.S.C. § 158(d) currently in effect, a court of appeals has no authority to consider an appeal from a bankruptcy court. Such an appeal must be directed in the first instance to the district court. 28 U.S.C. § 158(a). Since no district court number is identified in your notice of appeal, we must conclude that you have not yet completed the appeal process in the district court. Therefore this Court has no authority to consider the matter unless an appeal is filed from a decision rendered by the district court in the initial appeal.

In any event, even if you have completed the appeal process in the district court, a notice of appeal seeking to initiate an appeal in this Court must be filed with the clerk of the district court as required by Rules 3 and 4, Federal Rules of Appellate Procedure. This Court may not take any action in regard to a notice of appeal until the notice has been entered on the District Court docket and has been certified to this Court by the clerk of the district court.

Very truly yours,

Marcia M. Waldron, Clerk

By:

/s/ Bradford A. Baldus
Bradford A. Baldus
Senior Legal Advisor to the Clerk

cc: Peter T. Dalleo, Clerk (with enclosure)

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------

In re:                                                              Chapter 11
**BRAC GROUP, INC. (f/k/a Budget Group, Inc.),**                    **Case No. 02-12152 (JLP)**
                    Reorganized Debtor.

-------------------------------------------------------

### OBJECTION TO ORDER and AMENDED ORDER APPROVING EIGHTEENTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, <u>BANKRUPTCY RULES 3003 AND 3007 AND LOCAL RULE 3007-1</u>

Upon consideration of the Eighteenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 and Local Rule 3007-1 (the"Objection") by which the Plan Administrator (William P. Bowden I.D.#2553 and Gregory A. Taylor I.D.#4008) requested the entry of an order disallowing in full and expunging each of the claims listed on <u>Exhibit A</u> (identified as "No Documentation Claims to be Disallowed and Expunged") and <u>Exhibit B</u> (identified as "Late Filed Claims to be Disallowed and Expunged") were attached to the order (**Docket Number 5315 filed 12/6/04**).

I, Michael Belgrave (the "Claimant"), hereby attest the following:

1.  I am a claimant in the BRAC GROUP, INC. (f/k/a Budget Group, Inc.) bankruptcy proceeding, where Ashby & Geddes, P.A., Delaware Counsel to Walker, Truesdell & Associates, in its capacity as Plan Administrator (the "Plan Administrator"), with respect to the above captioned case.

2.  On November 17, 2004. the Claimant **filed and served the response (Docket Number 5283)** along with **evidence of documentation** listed on **Docket Number 5292 11/24/04 and amended Docket Number 5304 12/3/04.**

3.  The Plan Administrator filed **Docket Number 5315 12/6/04** (Approval of Eighteenth Omnibus Objection) **which predates hearing yet is endorsed by Honorable John L. Peterson, Bankruptcy Judge and is referenced as 12/7/04 on item 3 of Docket Number 5325** (Amended Order) **which no endorsement appears**.

4.  Specifically, the signed order being invalid corrupts the Eighteenth Omnibus Objection and should be excluded from the plan. The amended order was **filed (3) days** after the court hearing which negates the purpose of the Eighteenth Omnibus Objection and should be hereby excluded from the plan.

5.  Thus, in order to correct the record, I pray the court dismiss in full the Eighteenth Omnibus Objection, whereas the undersigned counsel to the Plan Administrator should honor my claim at the Court's earliest convenience.

Dated December 15, 2004

MICHAEL BELGRAVE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2005 JUL -5  AM 11: 36

| | |
|---|---|
| In re: | : |
| | : Chapter 11 Case No. 02-12152(RB) |
| BRAC GROUP, INC. | : |
| (f/k/a Budget Group, Inc.), | : |
| Reorganized Debtor, | : |
| | : |
| MICHAEL BELGRAVE, | : |
| Appellant, | : |
| v. | : Civil Action No. 05-319-KAJ |
| THE PLAN ADMINISTRATOR FOR | : |
| BRAC GROUP INC., | : |
| Appellee. | : |

**ORDER**

At Wilmington this 5th day of July , 2005,

the Court having considered the application to proceed without

prepayment of fees under 28 U.S.C. § 1915;

IT IS ORDERED that the application is GRANTED.

United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| BRAC GROUP, INC. (f/k/a Budget Group, Inc.), | ) | Case No. 02-12152 (RB) |
| | ) | |
| Reorganized Debtor. | ) | |
| | ) | |
| ———————————————— | ) | |
| | ) | |
| MICHAEL BELGRAVE, | ) | |
| | ) | |
| Appellant, | ) | Civil Action No. 05-319-KAJ |
| | ) | |
| v. | ) | |
| | ) | |
| THE PLAN ADMINISTRATOR FOR BRAC GROUP, INC., | ) | |
| | ) | |
| Appellee. | ) | |

MAR 2 0 2006

## MEMORANDUM ORDER

### I.    INTRODUCTION

This is an appeal from a November 6, 2004 Order of the Bankruptcy Court for the District of Delaware approving the Eighteenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "Order"). Michael Belgrave ("Belgrave") filed a Notice of Appeal in the United States Court of Appeals for the Third Circuit on May 4, 2005 (the "Notice of Appeal"),[1] which that Court transmitted here. (Docket Item ["D.I."] 1 at 1.) Before me is a Motion to Dismiss Michael Belgrave's Appeal (D.I. 8, the "Motion to Dismiss"), and a Motion to Stay Mediation Pending Decision on the Motion to

---

[1] The appeal is dated April 25, 2005, but was received by the Court on May 4, 2005. (D.I. 1.)

Dismiss the Appeal (D.I. 7; the "Motion to Stay"), both filed by the Plan Administrator for

BRAC Group, Inc. (the "Plan Administrator"). Also before me is a Motion filed by

Belgrave, which he captioned a Petition for Writ of Certiorari. (D.I. 16.) For the reasons

that follow, the Motion to Dismiss will be granted, the Motion to Stay will be denied as

moot, and the Petition for Writ of Certiorari will be denied.

## II.    BACKGROUND

On November 4, 2004, the Plan Administrator filed the Eighteenth Omnibus

(Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy

Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "Eighteenth

Omnibus Objection"). (D.I. 9 at A10, ¶ 2.) The Eighteenth Omnibus Objection asked

the Bankruptcy Court to disallow and expunge certain claims against the bankruptcy

estate of BRAC Group, Inc., either because the claims were filed late (D.I. 9 at A3-A4),

or because the claims were filed without any documentation (*Id.* at A5). Belgrave's

claim against the estate was part of the latter group of claims. (*Id.*) Belgrave alleges

that he objected to the Eighteenth Omnibus Objection on November 17, 2004, and

provided "evidence of documentation" of his claim. (D.I. 10 at ¶ 2.) The Court entered

the Order approving the Eighteenth Omnibus Objection on December 6, 2004,

disallowing and expunging all of the claims, including Belgrave's claim. (D.I. 9 at A1-

A2.)

An Amended Order was entered on December 16, 2004, correcting only a

mistake in the references to the exhibits.[2] (*Id.* at A22-A23.) On December 23, 2004

---

[2] Specifically, the initial order had improperly referred to the claims that were filed
late as being in Exhibit B, when these claims were actually in Exhibit A, and the claims

2

Belgrave filed a document captioned "Objection to Order and Amended Order Approving Eighteenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1" in the Bankruptcy Court (the "December 23 Objection"). (*Id.* at A52.) Belgrave filed the Notice of Appeal on May 4, 2005. (D.I. 1.)

## III.    DISCUSSION

### A.    *Motion to Dismiss the Appeal*

Federal Rule of Bankruptcy Procedure 8002(a) provides that "[t]he notice of appeal shall be filed with the clerk within ten days of the entry of the judgment, order, or decree appealed from." This ten day time limit "has been strictly construed, requiring strict compliance with its terms. Nor can it be doubted that the rule is jurisdictional in effect. ... Failure to file a timely notice of appeal thus deprives the district court of jurisdiction to review the bankruptcy court's order or judgment." *In re Universal Minerals, Inc.*, 755 F.2d 309, 311-12 (3d Cir. 1985); *see also In re Memorex Telex Corp.*, 241 B.R. 841, 843 (D. Del. 1999) ("It is well-established that the time limit for filing an appeal from an order of the Bankruptcy Court is jurisdictional in nature.")

The Bankruptcy Court entered the Order from which Belgrave is attempting to appeal on December 6, 2004 and the Amended Order on December 16, 2004. Belgrave did not file his notice of appeal until May 4, 2005, over 140 days after the entry of the Order. This is clearly far outside the ten day limit of Bankruptcy Rule 8002(a).

---

that were filed without documentation as in Exhibit A, when they were actually in Exhibit B. (*See* D.I. 9 at A1-2, A22-23.)

Additionally, even if the December 23 Objections could be considered a functional notice of appeal, they were not timely filed. The initial order in this case was entered December 6, 2004, seventeen days before the December 23 Objections were filed. Thus, only if the time restarted with the entry of the Amended Order on December 16, 2004 would the Objections have been filed within the ten day limit required by Bankruptcy Rule 8002.

The Supreme Court has held, however, that "the mere fact that a judgment previously entered has been reentered or revised in an immaterial way does not toll the time within which review must be sought. Only when the lower court changes matters of substance, or resolves a genuine ambiguity, in a judgment previously rendered should the period within which an appeal must be taken or a petition for certiorari filed begin to run anew. The test is a practical one. The question is whether the lower court, in its second order, has disturbed or revised legal rights and obligations which, by its prior judgment, had been plainly and properly settled with finality." *Federal Trade Commission v. Minneapolis-Honeywell Regulator Co.*, 344 U.S. 206, 211-212 (1952); *see also Keith v. Truck Stops Corp. of America*, 909 F.2d 743, 746 (3d Cir. 1990) (same). The Amended Order simply corrected mistaken references to the exhibits, and therefore did not change the substantive legal rights of the parties in any way. Thus, the time for appeal began to run when the December 6 Order was entered. Because the December 23 Objections were filed seventeen days after this order was entered, even if they could be considered the functional equivalent of a notice of appeal, they were outside the ten day time limit of Bankruptcy Rule 8002.

4

Belgrave appears to argue that his appeal should not be barred because it fits within one of the exceptions to the ten day time limit of Bankruptcy Rule 8002(a). (*See* D.I. 10 at ¶¶ 6-10.) Several of the Bankruptcy Rules that Belgrave cites have no applicability to this case.[3] Belgrave also cites the exceptions to the ten day period set out in Bankruptcy Rule 8002(b) & (c). (D.I. 10 at ¶¶ 7, 9.) Bankruptcy Rule 8002(b) provides that if a party files "a timely motion: (1) to amend or make additional findings of fact under Rule 7052 ...; (2) to alter or amend the judgment under Rule 9023; (3) for a new trial under Rule 9023; or (4) for relief under Rule 9024 if the motion is filed no later than 10 days after the entry of judgment[,]" the time for filing an appeal runs from the Bankruptcy Court's disposition of that motion. However, because the November 23 Objections do not ask for additional findings of fact, do not request a new trial, do not request that a judgment be altered or amended,[4] and do not set forth any of the grounds for relief under Rule 9024, the November 23 Objections cannot be classified as a motion under any of these sections, and thus, Rule 8002(b) is inapplicable here.

---

[3] For example, Belgrave cites Bankruptcy Rule 8001, regarding Voluntary Dismissal by the appellant, and Bankruptcy Rule 8011 regarding motion practice in the Bankruptcy Court. (D.I. 10 at ¶¶ 6, 10.) Neither of these provisions are applicable here.

[4] The December 23 Objections cannot be considered a motion to alter or amend a judgment, as there is no judgment to amend within the meaning of Rule 9023. Even if the December 23 Objections could be considered a motion to alter or amend, however, the Motion would be considered untimely, as the initial Order in this case, which was not substantively altered by the Amended Order, was entered on December 6, 2004. Bankruptcy Rule 9023 provides that a motion to alter or amend must be filed "no later than 10 days after entry of the judgment." Thus, because the December 23 Objections were filed more than ten days after the entry of the Order, they would be considered untimely under Rule 9023.

Finally, Belgrave appears to assert that his appeal should not be dismissed because of its untimeliness, because its untimeliness is the result of excusable neglect. (D.I. 10 at ¶ 8.) However, Bankruptcy Rule 8002(c) provides that a party must request an extension for excusable neglect within ten days of the order, and must file an appeal within twenty days "after the expiration of the time for filing a notice of appeal...". Belgrave has not met either of these conditions, and therefore, his appeal cannot be considered timely due to excusable neglect. Therefore, because Belgrave's appeal was filed outside the ten day period contemplated by Bankruptcy Rule 8002, I do not have jurisdiction to consider it, and the appeal must be dismissed.

B.    *Motion to Stay Mediation*

The Plan Administrator moved to stay mediation while the Motion to Dismiss was pending. Because I will grant the Motion to Dismiss here, the Motion to Stay is now moot, and will be denied.

C.    *Petition for Writ of Certiorari*

Belgrave's Petition for Writ of Certiorari reiterates, verbatim, all of the claims he makes in his response to the Motions to Dismiss and Stay. (D.I. 16.) A writ of certiorari is "issued by an appellate court, at its discretion, directing a lower court to deliver the record in the case for review." Black's Law Dictionary 220 (7th ed. 1999.) There is nothing in the Bankruptcy Rules allowing a party to appeal an order of a bankruptcy court to a district court using a writ of certiorari. Furthermore, Belgrave cannot escape the jurisdictional bar to his appeal simply by changing the caption on his arguments from an appeal to a Petition for Writ of Certiorari. Therefore, for the reasons discussed above, Belgrave's Petition for Writ of Certiorari will be denied.

**IV.    CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that the Motion to Dismiss (D.I. 8) is

GRANTED, the Motion to Stay (D.I. 7) is DENIED as moot, and Belgrave's Petition for

Writ of Certiorari (D.I. 16) is DENIED.

UNITED STATES DISTRICT JUDGE

March 9, 2006
Wilmington, Delaware

7

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

MAR 2 0 2006

U.S.C/. 3 ....  R.

| In re: | Chapter 11 |
| BRAC GROUP, INC. (f/k/a Budget Group, Inc.), | Case No. 02-12152 (RB) |
| Reorganized Debtor. | RE: D.I. 5315, 5332, 5325, 5480 |

## COUNTER-DESIGNATION OF ITEMS FOR RECORD ON APPEAL

Pursuant to Federal Rule of Bankruptcy Procedure 8006, Appellee, Walker Truesdell and

Associates in its capacity as the Plan Administrator, by and through its undersigned counsel, files

this counter-designation of additional items for inclusion in the record with respect to the appeal

of the Amended Order Approving Eighteenth Omnibus (Non-Substantive) Objection to Claims

Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 and Local

Rule 3007-1 dated Dec. 16, 2004 (D.I. 5332), filed by Michael Belgrave on or about April 25,

2005 in the United States Court of Appeals for the Third Circuit and subsequently forwarded to

the United States District Court for the District of Delaware on May 4, 2005. As required under

Del.Bankr.L.R. 8006-1, a copy of each additional item designated below has been served upon

the parties to the appeal and the Clerk.

### Additional Items for Inclusion in the Record on Appeal

| Item No. | Filed Date | Docket No. | Description |
|----------|-----------|-----------|-------------|
| 1. | 7/29/2002 | 1 | Chapter 11 Voluntary Petition |
| 2. | 2/24/2003 | 2624 | Bar Date Order |
| 3. | 3/17/2004 | 3896 | Debtors' Second Amended Chapter 11 Plan |
| 4. | 3/17/2004 | 3901 | Notice of (1) Approval of Disclosure Statement, (2) Hearing to Consider Confirmation of Debtors' Joint Plan Under Chapter 11 of the Bankruptcy Code and (3) Deadline to File Objections to Confirmation of the Plan |
| 5. | 4/23/2004 | 4068 | Order Confirming Debtors' Second Amended Joint Chapter 11 Liquidating Plan |

DKT. NO. 5953

DT. FILED 5·16·05

| Item No. | Filed Date | Docket No. | Description |
|----------|-----------|-----------|-------------|
| 6. | 4/30/2004 | 4108 | Notice of (i) Entry of Order Confirming the Second Amended Joint Chapter 11 Liquidating Plan of BRAC Group, Inc. and its Debtor Subsidiaries and (ii) the Bar Date for Administrative Claims |
| 7. | 11/4/2004 | 5264 | Eighteenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 and Local Rule 3007-1 Filed by Plan Administrator |
| 8. | 11/17/2004 | 5283 | Response to Eighteenth Omnibus (Non-Substantive) Objection to Claims, Filed by Michael Belgrave |
| 9. | 11/24/2004 | 5292 | Notice of Agenda of Matters Scheduled for Hearing Filed by Plan Administrator Hearing scheduled for 12/7/2004 at 10:30 AM |
| 10. | 12/3/2004 | 5304 | Amended Notice of Agenda of Matters Scheduled for Hearing on Tuesday, December 7, 2004 at 10:30 a.m., Filed by Plan Administrator |
| 11. | 12/7/2004 | 5315 | Order Approving Eighteenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 and Local Rule 3007-1 |
| 12. | 12/10/2004 | 5325 | Certification of Counsel Regarding Eighteenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 and Local Rule 3007-1 |
| 13. | 12/16/2004 | 5332 | Amended Order Approving Eighteenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 and Local Rule 3007-1 |
| 14. | 12/23/2004 | 5339 | Objection to Order & Amended Order Approving Eighteenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 and Local Rule 3007-1, Filed by Michael Belgrave |

| Item No. | Filed Date | Docket No. | Description |
|----------|------------|------------|-------------|
| **15.** | 4/25/2005 | 5480 | Michael Belgrave's Notice of Appeal |

ASHBY & GEDDES, P.A.

William P. Bowden (ID #2553)
Gregory A. Taylor (ID #4008)
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

· -and-

BROWN RUDNICK BERLACK
ISRAELS LLP
Peter J. Antoszyk
Daniel J. Saval
One Financial Center
Boston, MA 02111
(617) 856-8200

*Counsel to the Plan Administrator*

Dated: May 16, 2005
157219.1

3

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

MAR 2 0 2006

| | |
|---|---|
| *In re*: | Chapter 11 |
| BRAC GROUP, INC. (f/k/a Budget Group, Inc.), | Case No. 02-12152 (JLP) |
| Reorganized Debtor. [1] | |

**Responses Due: November 22, 2004 at 4:00 p.m.**
**Hearing Date: December 7, 2004 at 10:30 a.m.**

## NOTICE OF EIGHTEENTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007 AND LOCAL RULE 3007-1

PLEASE TAKE NOTICE that the Plan Administrator for the above-captioned debtor filed its Eighteenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 and Local Rule 3007-1 (the "Objection") with the United States Bankruptcy Court for the District of Delaware.

PLEASE TAKE FURTHER NOTICE that a hearing on the Objection (the "Hearing") will be held before the Honorable John L. Peterson, United States Bankruptcy Judge, in the United States Bankruptcy Court, 824 Market St., 3rd Floor, Wilmington, DE 19801 on **December 7, 2004 at 10:30 a.m. (Eastern time).**

PLEASE TAKE FURTHER NOTICE that responses (the "Responses") to the Objection, if any, must be made in writing, filed with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware, 19801 and served upon the undersigned counsel to the Plan Administrator so as to be received **no later than 4:00 p.m. (prevailing Eastern time) on November 22, 2004.**

PLEASE TAKE FURTHER NOTICE that every Response to the Objection must contain at a minimum the following:

(a) a caption setting forth the name of the Court, the name of the Reorganized Debtor, the case number and the title of the Objection to which the Response is directed; the name of the claimant and description of the basis for the amount of the Claim;

(b) a concise statement setting forth the reasons why the Claim should not be disallowed or modified for reasons set forth in the Objection including, but not limited to, the specific factual and legal basis upon which the claimant relies in opposing the Objection;

---

[1] The Debtors were substantively consolidated on May 3, 2004 pursuant to section 4.1 of the Second Amended Joint Chapter 11 Liquidating Plan confirmed on April 23, 2004 and made effective on May 3, 2004.

**DKT. NO.** 5264

**DT. FILED** 11-4-04

(c) the name, address, telephone number and fax number of the person(s) (which may be the claimant or a legal representative thereof) to whom counsel for the Plan Administrator should serve a reply to the Response and who possesses authority to reconcile, settle or otherwise resolve the objection to the Claim on behalf of the claimant.

PLEASE TAKE FURTHER NOTICE that questions about the Objection should be directed in writing to the undersigned counsel to the Plan Administrator. <u>CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.</u>

PLEASE TAKE FURTHER NOTICE that if a Claimant fails to timely file and serve a Response in accordance with the above requirements, such Claimant will be deemed to have concurred with and consented to the Objection and the relief requested therein, and the Plan Administrator will present to the Bankruptcy Court, without further notice to the Claimant, an appropriate order sustaining the Objection and disallowing and expunging such Claim.

Dated: November 4, 2004                ASHBY & GEDDES, P.A.

William P. Bowden (No. 2553)
Gregory A. Taylor (No. 4008)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
Tel: (302) 654-1888

-and-

BROWN RUDNICK BERLACK ISRAELS LLP
Peter J. Antoszyk
Daniel J. Saval
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
Fax: (617) 856-8201

*Co-Counsel to the Plan Administrator*

2

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

In re:

BRAC GROUP, INC. (f/k/a Budget Group, Inc.),

Reorganized Debtor. [1]

Chapter 11

Case No. 02-12152 (JLP)

**Responses Due: November 22, 2004 at 4 p.m.
Hearing Date: December 7, 2004 at 10:30 a.m.**

**EIGHTEENTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION
TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY
CODE, BANKRUPTCY RULES 3003 AND 3007 AND LOCAL RULE 3007-1**

Walker Truesdell & Associates, in its capacity as Plan Administrator (the "Plan

Administrator") for BRAC Group, Inc., the above-captioned Reorganized Debtor (the

"Reorganized Debtor"), hereby files this omnibus objection (the "Objection") to certain claims

filed against the Reorganized Debtor by the claimants (collectively, the "Claimants"), which are

listed on Exhibits A and B attached hereto (the "Disputed Claims"). By this Objection, the Plan

Administrator requests the entry of an order disallowing and expunging the Disputed Claims in

their entirety. This Objection is made pursuant to section 502(b) of title 11 of the United States

Code (the "Bankruptcy Code"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules") and Rule 3007-1 of the Local Rules of Bankruptcy Practice

and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local

Rules"). In support of this Objection, the Plan Administrator submits the declaration of Hobart

G. Truesdell (the "Truesdell Declaration") on Exhibit C attached hereto, and respectfully

---

[1] The Debtors were substantively consolidated on May 3, 2004 pursuant to section 4.1 of the Second Amended Joint Chapter 11 Liquidating Plan confirmed on April 23, 2004 and made effective on May 3, 2004. On June 21, 2004, this Court entered a final decree closing the Chapter 11 cases of Budget Group, Inc.'s United States debtor subsidiaries.

1

represents as follows:

## STATUS OF THE CASE AND JURISDICTION

1.      On July 29, 2002 (the "Petition Date"), BRAC Group, Inc. ("BGI") and certain of its subsidiaries (the "BGI Subsidiary Debtors", together with BGI, the "Debtors") commenced certain cases by each filing a voluntary petition for relief under title 11 of the United States Code (the "Bankruptcy Code"). On the Petition Date, the Debtors also jointly filed motions or applications seeking certain typical "first day" orders, including an order to have their cases jointly administered.

2.      On August 8, 2002, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors in the Debtors' cases pursuant to section 1102 of the Bankruptcy Code (the "Committee").

3.      On April 20, 2004, this Court confirmed the Debtors' Second Amended Joint Chapter 11 Liquidating Plan of BRAC Group, Inc. and its Debtor Subsidiaries (Docket No. 3728) (the "Plan", the order confirming the Plan, the "Confirmation Order"). The Plan became effective as of May 3, 2003 (the "Effective Date"). As of the Effective Date, pursuant to section 4.7 of the Plan, the Plan Administrator has the authority to continue the claims resolution and objection process.

4.      Pursuant to the Confirmation Order and the Plan, as of the Effective Date, each of the BGI Subsidiary Debtors, with the exception of BRACII, was merged with and into BGI to form Reorganized BGI. Under section 4.1(a)(i) of the Plan, any claim against any Debtor, with the exception of BRACII, is deemed to be one claim against and obligation of Reorganized BGI.

5.      The Court has jurisdiction over this matter pursuant to Article XI of the Plan and 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), in that it is a matter concerning the administration of the Reorganized Debtor's estate. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007. This Objection complies with the statutory requirements set forth in Local Rule 3007-1.

## BACKGROUND OF THE DEBTORS

6.      Prior to the closing of the North American Sale (defined below), the Debtors, together with their non-debtor affiliates (collectively, the "Budget Entities"), operated the third largest vehicle rental system in the world. The Budget Entities served the daily vehicle rental needs of leisure and business travelers from a network of on-airport and off-airport locations, as well as the truck rental needs of customers in the consumer and light commercial truck rental markets. The Budget Entities' operations consisted of corporate-owned, franchised, and dealer-operated car and truck rental locations in all fifty states, as well as in Canada, Mexico, Europe, the Middle East, Africa, the Caribbean, Latin America, Asia, and the Pacific Rim.

7.      On August 22, 2002, the Debtors entered into an Asset and Stock Purchase Agreement (the "ASPA") with Cendant Corporation ("Cendant") and Cherokee Acquisition Corporation ("Cherokee"), pursuant to which Cherokee agreed to (i) purchase substantially all of the Debtors' car and truck rental assets in the United States, Canada, the Caribbean, Latin America, and the Asia-Pacific Region, as well as the stock of certain non-debtor subsidiaries, and (ii) assume certain of the Debtors' liabilities (the "North American Sale"). On August 23, 2002, the Debtors filed a motion (the "Sale Motion") seeking, among other things, approval of

3

the ASPA. On November 8, 2002, this Court entered an order (the "Sale Order") which, among other things, approved the ASPA and authorized the sale of certain of the Debtors' assets to Cherokee free and clear of all liens, claims, encumbrances and interests. The North American Sale closed on November 22, 2002.

8.    Prior to the closing of the EMEA Sale (defined below), the Debtors' car rental business outside of North America was operated through debtor BRAC Rent-A-Car International, Inc. (f/k/a Budget Rent-A-Car International, Inc.) ("BRACII"), a wholly-owned subsidiary of debtor BRAC Rent A Car Corporation (f/k/a Budget Rent A Car Corporation) ("BRACC"), and its debtor and non-debtor subsidiaries. In connection with the proposed EMEA Sale, BRACII filed a petition for administration with the High Court of Justice, Chancery Division, in London, England on January 7, 2003 (the "UK Administration"). On January 14, 2003, the English court appointed Simon Freakley and Gurpal Singh Jopal as administrators of BRACII's insolvency proceedings (collectively, the "UK Administrator").

9.    On January 10, 2003, the Debtors filed a motion (the "EMEA Sale Motion") seeking approval of a sale of the Debtors' remaining car and truck rental assets in Europe, the Middle East and Africa ("EMEA Sale") to Avis Europe plc and Zodiac Europe plc (the "Purchasers") pursuant to that certain Asset Purchase Agreement by and among BRACC, BRACII, the UK Administrator, Budget Rent-A-Car Espana S.A., Budget Deutschland GmbH, Business Rent a Car GmbH and the Purchasers (the "APA"). On February 24, 2003, this Court entered an order approving the APA, and the EMEA Sale closed on March 11, 2003.

10.    On January 14, 2004, the UK Administrator and the Official Committee of Unsecured Creditors in the above captioned case entered into a settlement agreement (the "UK

Settlement Agreement") which provided, among other things, the allocation of assets between the US Estates and BRACII. In addition, the Plan provides for the payment of BRACII allowed claims separate from the payment of allowed claims asserted against BGI and its other subsidiaries.

11.    On April 1, 2004, the Debtors and Cherokee entered into a settlement agreement (the "US Settlement Agreement"), which was subsequently amended on April 16, 2004, providing for the resolution of certain outstanding matters that arose between the Debtors and Cherokee subsequent to the Sale Order.

### BAR DATES AND PROOFS OF CLAIM

12.    On August 7, 2002, this Court entered an order appointing The Trumbull Group L.L.C. (f/k/a Trumbull Services L.L.C.) ("Trumbull") as claims and noticing agent in these chapter 11 cases. Trumbull is authorized to maintain (i) all proofs of claim filed against the Debtors and (ii) an official claims register by docketing all proofs of claim in a claims database containing, inter alia, information regarding the name and address of each claimant, the date the proof of claim was received by Trumbull, the claim number assigned to the proof of claim, and the asserted amount and classification of the claim.

13.    On February 24, 2003, this Court entered an order (the "Bar Date Order") establishing April 30, 2003 at 4:00 p.m. (EST) (the "Bar Date") as the final date and time for filing proofs of claim against the Debtors' estates on account of claims arising, or deemed to have arisen pursuant to section 501(d) of the Bankruptcy Code, prior to the Petition Date (the "Claims") and approving the form and manner of notice of the Bar Date. Pursuant to the Bar Date Order, Trumbull sent actual notice of the Bar Date to (i) the Office of the United States

Trustee; (ii) counsel to the Plan Administrator; (iii) counsel to the Agent for the Debtors' pre-Petition Date secured lenders; (iv) counsel to the Agents for the Debtors' post-Petition Date debtor in possession financing lenders; (v) all persons and entities who have requested notice pursuant to Bankruptcy Rule 2002 as of the date of the Bar Date Order; (vi) all persons or entities listed in the Debtors' schedules as holding prepetition claims against any of the Debtors; (vii) all known parties to executory contracts and unexpired leases with the Debtors; (viii) all known holders of equity securities in the Debtors as of the Petition Date; (ix) all indenture trustees with respect to the Debtors' outstanding debentures; (x) all taxing authorities for the jurisdictions in which the Debtors maintained assets or conducted business operations up to one year prior to the Petition Date; (xi) all known holders of claims against the Debtors and their counsel (if known); and (xii) all persons employed by the Debtors up to one year prior to the Petition Date. In addition, notice of the Bar Date was published in the national and global editions of The Wall Street Journal and in the national editions of The New York Times and USA Today on March 21, 2003. Affidavits of service and publication confirming such actual and publication notice of the Bar Date have been filed with the Court.

14.     On May 7, 2004, the Debtors filed a Notice of (1) Entry of Order Confirming the Second Amended Joint Chapter 11 Liquidating Plan of BRAC Group, Inc. and its Debtor Subsidiaries and (2) the Bar Date for Administrative Claims, establishing June 7, 2004 at 4 P.M. (EST) as the final date and time for the filing of administrative expense claims (the "Administrative Bar Date"). Trumbull sent actual notice of the Administrative Bar Date to all parties who filed a proof of claim, all known creditors, and all parties who filed a request for notice of service pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.

15.    To date, in excess of 5,200 proofs of claim for pre-petition and administrative expense claims have been filed in these chapter 11 cases. The Debtors, the Committee and the Plan Administrator have spent considerable time and effort reviewing and reconciling the claims filed against the Debtors.

16.    **CLAIMANTS ARE ADVISED TO REVIEW EACH PAGE OF EACH EXHIBIT ATTACHED HERETO, AS THEIR CLAIMS MAY BE SUBJECT TO MULTIPLE OBJECTIONS AS DESCRIBED HEREIN.**

## RELIEF REQUESTED

17.    By this Objection, the Plan Administrators seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, granting the following relief with respect to the Disputed Claims:

### A.    Late Filed Claims

18.    Pursuant to the Bar Date Order, all holders of claims and interests arising or deemed to have arisen before the Petition Date were required to file a proof of claim with supporting documentation on or before the Bar Date. The claims identified on Exhibit A attached hereto represent claims arising or deemed to have arisen before the Petition Date that were filed *after* the Bar Date and that were not specific or proper amendments to timely filed claims (the "Late Filed Claims").

19.    Failure to disallow the Late Filed Claims will result in the Claimants receiving an unwarranted recovery against the Reorganized Debtor's estate, to the detriment of other unsecured creditors in this case. Accordingly, the Plan Administrator hereby objects to the

Late Filed Claims and requests entry of an order disallowing in full and expunging each of the Late Filed Claims identified on Exhibit A attached hereto.

### B.    No Documentation Claims

20.    The claims identified on Exhibit B attached hereto are those Disputed Claims that were filed without any supporting documentation (the "No Documentation Claims").

21.    With respect to such No Documentation Claims, the Plan Administrator is unable to determine whether the Reorganized Debtor is liable to the Claimants for the asserted claim amounts. Accordingly, the Plan Administrator hereby objects to the No Documentation Claims and requests entry of an order disallowing in full and expunging each of the No Documentation Claims identified on Exhibit B attached hereto.

### APPLICABLE AUTHORITY

22.    Section 502(b) of the Bankruptcy Code provides in pertinent part that:

> the court, after notice and a hearing, shall determine the amount of [a] claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that . . . such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured.

11 U.S.C. § 502(b)(1).

23.    Pursuant to Bankruptcy Code section 502(b), the Court should disallow and expunge each Disputed Claim.

## RESPONSES TO OBJECTIONS

24.    <u>Filing and Service of Responses</u>.  To contest the Objection, a claimant must file and serve a written response to the Objection (a "<u>Response</u>") so that it is received no later than 4 p.m. Eastern Time on November 22, 2004.  Claimants should read the proposed Order and the attached exhibits carefully.  A Response must address each ground upon which the Plan Administrator objects to a particular claim.  A hearing to consider the objection to the claim shall be held on December 7, 2004 at 10:30 a.m. Prevailing Eastern Time, before the Honorable John L. Peterson, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Wilmington, Delaware 19801 (the "<u>Hearing</u>").

25.    Every Response shall be filed and served upon the following entities at the following addresses:  (a) Office of the Clerk of the United States Bankruptcy Court; (b) Walker Truesdell & Associates, Attn:  Hobart Truesdell, 380 Lexington Ave., Suite 1514, New York, NY  10168; (c) Brown Rudnick Berlack Israels, Attn:  Peter J. Antoszyk, One Financial Center, Boston, MA  02111; and (d) Ashby & Geddes, Attn:  William P. Bowden, 222 Delaware Ave., 17th Floor, P.O. Box 1150, Wilmington, DE  19899.

26.    <u>Content of Responses</u>.  Every Response to the Objection must contain at a minimum the following:

  a)    a caption setting forth the name of the Court, the name of the Reorganized Debtor, the case number and the title of the Objection to which the Response is directed; the name of the claimant and description of the basis for the amount of the claim;

  b)    a concise statement setting forth the reasons why the claim should not be disallowed or modified for reasons set forth in the Objection including, but not limited to, the specific factual and legal basis upon which the claimant relies in opposing the Objection;

c)      the name, address, telephone number and fax number of the person(s) (which may be the claimant or a legal representative thereof) to whom counsel for the Plan Administrator should serve a reply to the Response and who possesses authority to reconcile, settle or otherwise resolve the objection to the claim on behalf of the claimant.

27.      <u>Timely Response Required</u>.  If a claimant fails to file and serve a timely Response, then without further notice to the claimant or a hearing, the Plan Administrator will present to the Court an order disallowing or modifying the claim as indicated herein.

28.      <u>Service Address</u>.  If a Response contains an address for the claimant different from that stated on the claim, the address in the Response shall constitute the service address for future service of papers upon the Claimant with respect to the Objection unless or until counsel for the Plan Administrator receives written notice from the claimant or the Claimant's counsel of a changed service address.

## ADJOURNMENT OF HEARING

29.      The Plan Administrator reserves the right to adjourn the hearing on any objection.  In the event that the Plan Administrator so adjourns the hearing, they will state that the hearing on the objection and/or the Response thereto has been adjourned on the agenda for the hearing on the Objection.  Such agenda will be served on the person designated by the Claimants noted above.

## RESERVATION OF RIGHTS

30.      The Plan Administrator expressly reserves the right to amend, modify or supplement this Objection, and to file additional objections to any claims filed in this chapter 11 case including, without limitation, objections as to the amounts and priority asserted in the proofs

of claim, or any other claims (filed or not) against the Reorganized Debtor but which are not the subject of this Objection. Should one or more of the grounds for this Objection be dismissed or overruled, the Plan Administrator reserves the right to object to the Disputed Claims on any other grounds.

## NOTICE

31.    The Plan Administrator will provide notice of this Objection to (i) each of the Claimants identified on Exhibits A and B attached hereto; (ii) the Office of the United States Trustee; (iii) the BRACII Plan Administrator; and (iv) those persons who have requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Plan Administrator submits that no other or further notice is required.

## FURTHER INFORMATION

32.    Questions about or request for additional information about the proposed disposition of the Claims set forth herein should be directed to counsel for the Plan Administrator (Attn: Peter Antoszyk) in writing at the Boston address listed below.

33.    Claimants should not contact the Clerk of the Court to discuss the merits of their claims or this Objection.

34.    Pursuant to Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1, the Plan Administrator will provide all Claimants affected by the Objection with at least thirty (30) days' notice of the hearing date on the Objection.

11

## NO PREVIOUS REQUEST

35.    No previous request for the relief sought herein has been made to this or

any other Court.

WHEREFORE, the Plan Administrator respectfully request entry of an order

granting this Objection in all respects and granting such other and further relief as the Court

deems just and proper.

Dated: Wilmington, Delaware                    Respectfully submitted,
        November 4, 2004
                                        ASHBY & GEDDES


                                        William P. Bowden (No. 2553)
                                        Gregory Taylor (No. 4008)
                                        222 Delaware Avenue, 17th Floor
                                        P.O. Box 1150
                                        Wilmington, DE  19899
                                        Tel:  (302) 654-1888


                                        -and-

                                        BROWN RUDNICK BERLACK ISRAELS LLP
                                        Peter J. Antoszyk
                                        Daniel J. Saval
                                        One Financial Center
                                        Boston, MA  02111
                                        Tel: (617) 856-8200
                                        Fax: (617) 856-8201

                                        Co-Counsel to the Plan Administrator

#1277816 v\1
149620.1

# **EXHIBIT A**

BRAC Group, Inc. f/k/a Budget Group, Inc., et al.
Case No. 02-12152

**Late Filed Claims to be Disallowed and Expunged**
**Exhibit A - Eighteenth Omnibus (Non-Substantive) Objection**

| Creditor Name and Address | Claim Number | Case Number | Date Claim Filed | Total Claim Amount* | Claim Priority Status | Basis for Objection |
|---|---|---|---|---|---|---|
| 6108825<br>COMANS, JAMES<br>C/O WALTZER & ASSOCIATES<br>BRUCE C. WALTZER<br>3715 WESTBANK EXP.<br>SUITE 13<br>HARVEY, LA 70058 | 00005233 | 02-12152 | 05/20/2004 | $10,000.00 | U | The proof of claim was filed after the Bar Date. |
| 6112997<br>DOTTERY, LARRY II<br>C/O MARC MENDELSON, ESQ.<br>RITA KOSTOPOULOS, ESQ.<br>19080 WEST TEN MILE ROAD<br>SOUTHFIELD, MI 48075 | 00005238 | 02-12152 | 05/27/2004 | $150,000.00 | U | The proof of claim was filed after the Bar Date. |
| 6134312<br>DUNAWAY, CARROLL<br>C/O HERALD, MOORE & WILLETT, PLLC.<br>1901 CENTRAL DRIVE<br>SUITE 610<br>BEDFORD, TX 76021 | 00005287 | 02-12152 | 06/10/2004 | $20,000.00 | U | The proof of claim was filed after the Bar Date. |

PAGE 1 OF  2

Class Key: A - Administrative, P - Priority, S - Secured, U - Unsecured, K - Unknown

* Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

The Trumbull Group, 4 Griffin Road North, Windsor, CT 06095     860-687-7596     final_version

BRAC Group, Inc. f/k/a Budget Group, Inc., et al.
Case No. 02-12152

**Late Filed Claims to be Disallowed and Expunged
Exhibit A - Eighteenth Omnibus (Non-Substantive) Objection**

| Creditor Name and Address | Claim Number | Case Number | Date Claim Filed | Total Claim Amount* | Claim Priority Status | Basis for Objection |
|---|---|---|---|---|---|---|
| 5774209<br>DUNAWAY, GRACE<br>28700 WAIKIKI LN<br>MONTGOMERY, TX 77356 | 00005296 | 02-12152 | 06/14/2004 | $180,000.00 | U | The proof of claim was filed after the Bar Date. |
| 5312089<br>MCCOY, GERINA<br>3160 VIRGINIA DOWNS<br>APT. A<br>MONTGOMERY, AL 36116 | 00004910 | 02-12167 | 05/28/2003 | $70,000.00 | U | The proof of claim was filed after the Bar Date. |
| 6160725<br>MILILANI BACK CARE CENTER, INC.<br>TED CHUN, D.C., CHIROPRACTOR<br>95-720 LANIKUHANA AVE.<br>MILILANI, HI 96789 | 00005312 | 02-12152 | 06/21/2004 | $305.71 | U | The proof of claim was filed after the Bar Date. |
| 5983928<br>MOORE, MICHELLE & KEITH<br>C/O WILLIAM W. PRICE, P.A., ATTORNEY A<br>NEIL P. ANTHONY<br>320 FERN STREET<br>WEST PALM BEACH, FL 33401 | 00005209 | 02-12152 | 03/11/2004 | $1,000,000.00 | U | The proof of claim was filed after the Bar Date. |
| **TOTALS:** | **7** | | | **$1,430,305.71** | | |

- END OF LATE EXHIBIT -

PAGE 2 OF 2

Class Key: A - Administrative, P - Priority, S - Secured, U - Unsecured, K - Unknown

* Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

The Trumbull Group, 4 Griffin Road North, Windsor, CT 06095        860-687-7596        final_version

# EXHIBIT B

BRAC Group, Inc. f/k/a Budget Group, Inc., et al.
Case No. 02-12152

**No Documentation Claims to be Disallowed and Expunged**
**Exhibit B - Eighteenth Omnibus (Non-Substantive) Objection**

| Creditor Name and Address | Claim Number | Case Number | Date Claim Filed | Total Claim Amount* | Claim Priority Status | Reason for Proposed Disallowance |
|---|---|---|---|---|---|---|
| 5061051<br>ANYAKWO, VICTOR<br>C/O MICHAEL SMITH<br>21515 HAWTHORNE BLVD., STE. 590<br>TORRANCE, CA 90503 | 00004196 | 02-12162 | 04/29/2003 | $1,000,000.00 | U | The claimant has submitted no documentation to support the claim. |
| 5772546<br>BELGRAVE, MICHAEL<br>311 TAFT AVE.<br>CLEVELAND, TX 77327 | 00005293 | 02-12152 | 06/10/2004 | $70,000.00 | U | The claimant has submitted no documentation to support the claim. |
| 5061050<br>COX, MICHELLE<br>C/O MICHAEL SMITH<br>21515 HAWTHORNE BLVD., STE. 590<br>TORRANCE, CA 90503 | 00004195 | 02-12167 | 04/29/2003 | $1,000,000.00 | U | The claimant has submitted no documentation to support the claim. |
| 5312089<br>MCCOY, GERINA<br>3160 VIRGINIA DOWNS<br>APT. A<br>MONTGOMERY, AL 36116 | 00004910 | 02-12167 | 05/28/2003 | $70,000.00 | U | The claimant has submitted no documentation to support the claim. |
| **TOTALS:** | **4** | | | **$2,140,000.00** | | |

- END OF NODOC EXHIBIT -

PAGE 1 OF   1

Class Key: A - Administrative, P - Priority, S - Secured, U - Unsecured, K - Unknown

* Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

The Trumbull Group 4 Griffin Road North, Windsor, CT 06095    860-687-7596                                    version_01

# EXHIBIT C

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>BRAC GROUP, INC.<br>(f/k/a Budget Group, Inc.),<br><br>Reorganized Debtor. | Chapter 11<br><br>Case No. 02-12152 (JLP) |

**DECLARATION OF HOBART G. TRUESDELL IN SUPPORT OF THE**
**EIGHTEENTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS**
**PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE,**
**BANKRUPTCY RULES 3003 AND 3007 AND LOCAL RULE 3007-1**

|  |  |  |
|---|---|---|
| STATE OF NEW YORK | ) | |
| | ) | SS. |
| COUNTY OF NEW YORK | ) | |

HOBART G. TRUESDELL declares as follows:

1.      I am a member of Walker Truesdell & Associates, the Plan Administrator for the above-captioned Reorganized Debtor.  Pursuant to Article IV of the Debtors' Plan of Reorganization, the Plan Administrator is now responsible for overseeing the claims reconciliation and objection process in the Reorganized Debtor's chapter 11 case.  I have read the Plan Administrator's Eighteenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 and Local Rule 3007-1 (the "Objection"),[1] and am directly, or by and through the Plan Administrator's advisors and personnel, including the Court-approved claims and noticing agent The Trumbull Group L.L.C. (f/k/a Trumbull Services, L.L.C.) ("Trumbull"), familiar with the information contained therein and the exhibits attached thereto.

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Objection.

2.      Considerable resources and time have been expended to ensure that there exists a high level of diligence in reviewing and reconciling the proofs of claim filed or pending against the Reorganized Debtor in this case. These claims are being carefully reviewed and analyzed in good faith with the assistance of the appropriate personnel, including Trumbull. These efforts resulted in the identification of certain objectionable claims that are the subject of this Objection.

3.      Upon a thorough review of the proofs of claim filed in this chapter 11 case and supporting documentation thereto, the Plan Administrator has determined that the proofs of claim listed on Exhibits A and B to the Objection are not properly asserted against the Reorganized Debtor pursuant to section 502(b) of the Bankruptcy Code.

4.      The Plan Administrator has reviewed the proofs of claim filed in this chapter 11 case together with any supporting documentation attached thereto and has determined that each of the claims identified in Exhibit A of the Objection as "No Documentation Claims to be Disallowed and Expunged" is a claim filed without any supporting documentation to substantiate the claim (the "No Documentation Claims"). Accordingly, the No Documentation Claims listed on Exhibit A to the Objection should be disallowed in full and expunged. The information contained in Exhibit A is true and correct to the best of my knowledge and belief.

5.      The Plan Administrator has reviewed the proofs of claim filed in this chapter 11 case together with any supporting documentation attached thereto and has determined that each of the claims identified in Exhibit B of the Objection as "Late Filed Claims to be Disallowed and Expunged" is a claim arising, or deemed to have arisen, before the Petition Date that was filed after the Bar Date (the "Late Filed Claims"). Accordingly, the Late Filed Claims

listed on Exhibit B to the Objection should be disallowed in full and expunged.  The information contained in Exhibit B is true and correct to the best of my knowledge and belief.

6.    I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: New York, New York
       November 3, 2004

_Hobart G. Truesdell_
Hobart G. Truesdell

#1308678 \11

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BRAC GROUP, INC.<br>(f/k/a Budget Group, Inc.), | Case No. 02-12152 (JLP) |
| Reorganized Debtor.[1] | Related Docket No. |

**ORDER APPROVING EIGHTEENTH OMNIBUS (NON-SUBSTANTIVE)
OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY
CODE, BANKRUPTCY RULES 3003 AND 3007 AND LOCAL RULE 3007-1**

Upon consideration of the Eighteenth Omnibus (Non-Substantive) Objection to Claims

Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 and Local

Rule 3007-1 (the "Objection");[2] by which the Plan Administrator requested the entry of an order

disallowing in full and expunging each of the claims listed on <u>Exhibits A</u> and <u>B</u> attached to the

Objection; and after hearing and consideration of the Objection and arguments contained therein,

and the opposition thereto, if any; and the Court finding that (a) the Court has jurisdiction over

this matter pursuant to Article XI of the Plan, 28 U S.C. §§ 157 and 1334, (b) this is a core

proceeding pursuant to 28 U S.C. § 157(b)(2), and (c) notice of the Objection was due and proper

under the circumstances; and good and sufficient cause appearing therefor, it is hereby

ORDERED, that the Objection is sustained as provided herein; and it is further

ORDERED, that the No Documentation Claims identified as "No Documentation Claims

to be Disallowed and Expunged" on <u>Exhibit A</u> attached hereto are disallowed in full and

expunged in their entirety; and it is further

---

[1] The Debtors were substantively consolidated on May 3, 2004 pursuant to Section 4.1 of the Second Amended
Joint Chapter 11 Liquidating Plan confirmed on April 23, 2004 and made effective on May 3, 2004. On June 21,
2004, this Court entered a final decree closing the Chapter 11 cases of Budget Group, Inc.'s United States debtor
subsidiaries.

ORDERED, that Late Filed Claims identified as "Late Filed Claims to be Disallowed and Expunged" on Exhibit B attached hereto are disallowed in full and expunged in their entirety; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to any matters related to or arising from the implementation or interpretation of this Order.


Dated:_____, 2004
      Wilmington, Delaware

                                        _____
                                        Honorable John L. Peterson
                                        United States Bankruptcy Judge

#1308690 v\1
149646.1

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Objection.

## CERTIFICATE OF SERVICE

I, Gregory A. Taylor, Esquire, hereby certify that on November 4, 2004, I caused a copy of the foregoing to be served on the parties listed on the attached service lists via first class United States mail, postage prepaid, unless otherwise indicated.


Gregory A. Taylor (#4008)

In re BRAC Group, Inc.; Case No. 02-12152 (CGC)
Post-Effective Date Rule 2002 Service List
149640.1

**HAND DELIVERY**
Robert S. Brady, Esq.
Joseph A Malfitano, Esq.
Young, Conaway, Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Wilmington, DE 19899
*Counsel to the Debtors*

Lawrence J. Nyhan, Esq
Sidley Austin Brown & Wood LLP
Bank One Plaza
10 South Dearborn Street
Chicago IL 60603
*Debtor in Possession*

Shmuel Vasser, Esq.
Skadden Arps Slate Meagher & Flom LLP
Four Times Square
New York, New York 10036
*Budget Rent A Car System*

Budget Group, Inc.
Attn: David Coonfield
125 Basin Street, Suite 210
Daytona Beach, FL 32114
*Debtor*

Edward H. Arnold, III, Esq.
Seth A. Levine, Esq.
Baker Donelson Bearman Caldwell & Berkowitz PC
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170
*New Orleans International Airport*

John A. Anthony, Esq.
GRAYROBINSON, P.A.
P.O. Box 3324
Tampa, Florida 33601
*Eckerd Corporation*

**HAND DELIVERY**
Christopher P. Simon
Cross & Simon, LLC
913 Market Street, Suite 1001
Wilmington DE 19801

**HAND DELIVERY**
Margaret Harrison, Esq.
Office of the United States Trustee
844 King Street, Room 2313
Wilmington, DE 19801
*Trustee*

Budget Group, Inc.
Attn: Bill Johnson, CFO
4225 Naperville Road
Lisle, IL 60532
*Debtor*

**HAND DELIVERY**
Mark D. Collins
Richard Layton & Finger
One Rodney Square
Wilmington, DE 19801
*UK Plan Administrator*

**HAND DELIVERY**
Anthony W. Clark, Esq.
Skadden Arps Slate Meagher & Flom LLP
One Rodney Square
Wilmington, DE 19899
*Budget Rent A Car System*

James Comans
C/o Waltzer & Associates
Bruce C. Waltzer
3715 Westbank Exp.; Ste. 13
Harvey, LA 70058

**HAND DELIVERY**
Robert J. Dehney, Esq.
Daniel B. Butz, Esq.
Morris Nichols Arsht & Tunnell
1201 Market Street, Suite 1501
P.O. Box 1347
Wilmington, Delaware 19899-1347

Chester B. Salomon, Esq.
Constantine D. Pourakis, Esq.
Salomon, Green & Ostrow, PC
485 Madison Avenue, 20th Floor
New York, NY 10022

In re BRAC Group, Inc.; Case No. 02-12152 (CGC)
Post-Effective Date Rule 2002 Service List
149640.1

Larry Dottery, II
c/o Marc Mendelson, Esq.
Rita Kostopoulos, Esq.
19080 West Ten Mile Road
Southfield, MI  48075

Carroll Dunaway
c/o Herald Moore & Willett PLLC
1901 Central Drive; Ste. 610
Bedford, TX  76021

Grace Dunaway
28700 Waikiki Ln.
Montgomery, TX  77356

Demetria Lincoln
4410 Fanconia Dr.
Apt. A
Montgomery, AL  36116

Mililani Back Care Center, Inc.
Ted Chun, D.C., Chiropractor
95-720 Lanikuhana Ave.
Mililani, HI  96789

Michelle & Keith Moore
c/o William W. Price, PA
Neil P. Anthony
320 Fern St.
West Palm Beach, FL  33401

Victor Anyakwo
c/o Michael Smith
21515 Hawthorne Blvd.; Ste. 590
Torrance, CA  90503

Michael Belgrave
311 Taft Ave.
Cleveland, TX  77327

Michelle Cox
c/o Michael Smith
21515 Hawthorne Blvd.; Ste. 590
Torrance, CA  90503

Gerina McCoy
3160 Virginia Downs
Apt. A
Montgomery, AL  36116

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

*In re*:

BRAC GROUP, INC.
(f/k/a Budget Group, Inc.),

Reorganized Debtor.[1]

Chapter 11

Case No. 02-12152 (JLP)

MAR 2 0

### NOTICE OF AGENDA OF MATTERS SCHEDULED FOR HEARING ON
### TUESDAY, DECEMBER 7, 2004 AT 10:30 A.M. (Eastern Time)[2]

*(Any party wishing to participate telephonically in the hearing __and who has obtained__ __authority from the Court to do so__ may contact the Plan Administrator's undersigned counsel to obtain the relevant call-in information.)*

## WITHDRAWN MATTERS:

1.  Motion for Payment of Administrative Expenses/Claims Filed by State Farm Mutual Automobile Insurance Company (Filed June 7, 2004) [Docket No. 4278]

    **Objection/Response Deadline:**  July 5, 2004 at 4:00 p.m. (Extended for the Plan Administrator)

    **Objection/Response Received:**  None at this time

    **Related Documents:**

    (i)  Notice Of Withdrawal Of Motion For Allowance Of An Administrative Claim (Filed November 12, 2004) [Docket No. 5274]

    **Status:**  This matter has been withdrawn.

---

[1] The Debtors were substantively consolidated on May 3, 2004 pursuant to section 4.1 of the Second Amended Joint Chapter 11 Liquidating Plan confirmed on April 23, 2004 and made effective on May 3, 2004. On June 21, 2004, this Court entered a final decree closing the Chapter 11 cases of Budget Group, Inc.'s United States debtor subsidiaries.

[2] This Notice of Agenda has been served in accordance with Del. Bankr. L.R. 9029-3 and an Affidavit of Service is on file.

DKT. NO. 5292

DT. FILED 11·24·04

2.      Motion of Bonnie L. Cunningham For Relief From The Automatic Stay (Filed on
        September 8, 2004) [Docket No. 5193]

    **Objection/Response Deadline:**    October 25, 2004 at 4:00 p.m.
        (Extended for the Plan Administrator
        to November 22, 2004 at 4:00 p.m.)

    **Objection/Response Received:**    None at this time.

    **Related Documents:**

        (i)    Amended Notice Of Motion Of Plaintiff Bonnie L. Cunningham
        For Relief From Automatic Stay Under §362 Of The Bankruptcy
        Code (Filed October 13, 2004) [Docket No. 5235]

        (ii)    Notice of Withdrawal of Motion for Relief From Stay (Filed
        October 28, 2004) [Docket No. 5257]

    **Status**:    This matter has been withdrawn.

## CONTINUED MATTERS:

3.      Request Of $R^2$ Investments, Ltd. For (A) Reimbursement Of Fees And Expenses
        Pursuant To 11 U.S.C. Sec. 503(b)(3)(D), 503(b)(4) And Federal Rule Of
        Bankruptcy Procedures 2016; And (B) Waiver Of Requirements Of Local Rule
        2016 Pursuant To Local Rule 2016(h) (Filed July 7, 2004) [Docket No. 4410]

    **Objection/Response Deadline:**    August 31, 2004 at 4:00 p.m.

        (a)    United States Trustee's Objection Request Of $R^2$ Investments, Ltd.
        For (A) Reimbursement Of Fees And Expenses Pursuant To 11
        U.S.C. Sec. 503(b)(3)(D), 503(b)(4) And Federal Rule Of
        Bankruptcy Procedures 2016; And (B) Waiver of Requirements Of
        Local Rule 2016 Pursuant To Local Rule 2016(h) (Filed
        September 7, 2004) [Docket No. 5191]

    **Related Documents:**

        (i)    Amended Notice Of Hearing On The Request For (A)
        Reimbursement Of Fees And Expenses Pursuant To 11 U.S.C. Sec.
        503(b)(3)(D), 503(b)(4) And Federal Rule Of Bankruptcy
        Procedures 2016; And (B) Waiver Of Requirements Of Local Rule
        2016 Pursuant To Local Rule 2016(h) (Filed July 22, 2004)
        [Docket No. 4806]

    **Status**:    This matter has been adjourned to February 10, 2005 at 3:30 p.m.

**UNCONTESTED MATTERS:**

6.    Motion For Order Extending The Period Within Which The Reorganized Debtor May Remove Actions Pursuant To 28 U.S.C. 1452 And Federal Rules Of Bankruptcy Procedure 9006 And 9027 (Filed October 15, 2004) [Docket No. 5237]

**Objection/Response Deadline:**          November 5, 2004 at 4:00 p.m.

**Objection/Response Received:**          None

**Related Documents:**

(i)    Amended Notice of Hearing (Filed October 18, 2004) [Docket No. 5254]

(ii)   Certificate of No Objection (Filed November 24, 2004) [Docket No. 5291]

**Status:**      This matter is going forward.

**CONTESTED MATTERS:**

7.    Motion Of The BRACII Plan Administrator For Order Extending Deadline To Object To Administrative Claims (Filed October 20, 2004) [Docket No. 5245]

**Objection/Response Deadline:**          November 24, 2004 at 4:00 p.m.

**Objection/Response Received:**          None to date

**Status:**      This matter is going forward.

8.    First Omnibus Objection And Motion For Order (I) Disallowing And Expunging Or (II) Reclassifying Proofs Of Administrative And Priority Claims (Substantive) (Filed on October 20, 2004) [Docket No. 5246]

**Objection/Response Deadline:**          November 24, 2004 at 4:00 p.m.

**Objection/Response Received:**          None to date

**Related Documents:**

(i)    Notice of Submission of Proofs of Claim (Filed November 23, 2004) [Docket No. 5290]

**Status:**      This matter is going forward.

9.  Eighteenth Omnibus (Non-Substantive) Objection To Claims Pursuant To Section 502(b) Of The Bankruptcy Code, Bankruptcy Rules 3003 And 3007 And Local Rule 3007-1 (Filed November 4, 2004) [Docket No. 5264]

   **Objection/Response Deadline:**          November 22, 2004 at 4:00 p.m.

   **Objection/Response Received:**

   (a)  Response To Eighteenth Omnibus (Non-Substantive) Objection To Claims filed by Michael Belgrave (Filed November 17, 2004) [Docket No. 5283]

   **Status:**      This matter is going forward.

10. Nineteenth Omnibus (Substantive) Objection To Claims Pursuant To Section 502(b) and 502(d) Of The Bankruptcy Code, Bankruptcy Rules 3003 And 3007 And Local Rule 3007-1 (Filed November 4, 2004) [Docket No. 5265]

   **Objection/Response Deadline:**          November 22, 2004 at 4:00 p.m.

   **Objection/Response Received:**

   (a)  Response Of Patricia Mack Regarding Nineteenth Omnibus (Substantive) Objection To Claims Pursuant To Section 502(B) And 502(D) Of The Bankruptcy Code, Bankruptcy Rules 3003 And 3007 And Local Rule 3007-1 (Filed November 12, 2004) [Docket No. 5273]

   (b)  Objection To Nineteenth Omnibus (Substantive) Objection To Claims filed by Patricia Mack (Filed November 15, 2004) [Docket No. 5276]

   (c)  Objection To Nineteenth Omnibus (Substantive) Objection To Claims filed by Alphonso Kirven (Filed November 15, 2004) [Docket No. 5277]

   (d)  Objection To Nineteenth Omnibus (Substantive) Objection To Claims filed by Alphonso Kirven and Patricia Mack (Filed November 22, 2004) [Docket No. 5285]

   (e)  Response To Objection Of Claim Of Kenneth Fields (Filed November 22, 2004) [Docket No. 5289]

   **Related Documents:**

   (i)  Notice Of The Supplement To Nineteenth Omnibus (Substantive) Objection To Claims Pursuant To Section 502(B) And 502(D) Of

The Bankruptcy Code, Bankruptcy Rules 3003 And 3007 And Local Rule 3007-1 (Filed November 18, 2004) [Docket No. 5280][3]

    (ii)    Notice of Submission of Proofs of Claim (Filed November 23, 2004) [Docket No. 5288]

**Status:**    This matter is adjourned to February 10, 2005 at 3:30 p.m. with respect to the claims filed by Alphonso Kirven, Patricia Mack and Walter J. Rosenthal. This matter is going forward with respect to all other claimants.

11.    Motion For Entry Of An Order Further Extending The Period Within Which The Reorganized Debtor May Object To Prepetition Claims (Filed November 19, 2004) [Docket No. 5283]

**Objection/Response Deadline:**    December 1, 2004 at 4:00 p.m.

**Objection/Response Received:**    None to date

**Status:**    This matter is going forward.

Dated: November 24, 2004        ASHBY & GEDDES, P.A.

William P. Bowden (I.D. #2553)
Gregory A. Taylor (I.D. #4008)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
Tel: (302) 654-1888
Fax: (302) 654-2067

*-and-*

---

[3] The Supplement is only applicable to Claims Numbered 3611 and 3612 filed by Alphonso Kirven and Patricia Mack.

BROWN RUDNICK BERLACK ISRAELS LLP
Peter J. Antoszyk, Esq.
Susan A. Simone, Esq.
One Financial Center
Boston, MA 02111
Tel:  (617) 856-8200
Fax:  (617) 856-8201

*Counsel to the Plan Administrator*

## CERTIFICATE OF SERVICE

I, Gregory A. Taylor, Esq. hereby certify that on the 24th day of November, 2004, I caused a true and correct copy of the attached *NOTICE OF AGENDA OF MATTERS SCHEDULED FOR HEARING ON DECEMBER 7, 2004 AT 10:30 A.M.* to be served upon the parties on the attached service list by First Class U.S. Mail, postage prepaid, or in the manner so indicated.

150404.1

Gregory A. Taylor (I.D. #4008)

In re BRAC Group, Inc.; Case No. 02-12152 (CGC)
Post-Effective Date Rule 2002 Service List
150515v1

**HAND DELIVERY**
Robert S. Brady, Esq.
Joseph A Malfitano, Esq.
Young, Conaway, Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Wilmington, DE 19899
*Counsel to the Debtors*

Lawrence J. Nyhan, Esq
Sidley Austin Brown & Wood LLP
Bank One Plaza
10 South Dearborn Street
Chicago IL 60603
*Debtor in Possession*

Shmuel Vasser, Esq.
Skadden Arps Slate Meagher & Flom LLP
Four Times Square
New York, New York 10036
*Budget Rent A Car System*

Budget Group, Inc.
Attn: David Coonfield
125 Basin Street, Suite 210
Daytona Beach, FL 32114
*Debtor*

Edward H. Arnold, III, Esq.
Seth A. Levine, Esq.
Baker Donelson Bearman Caldwell & Berkowitz PC
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170
*New Orleans International Airport*

John A. Anthony, Esq.
GRAYROBINSON, P.A.
P.O. Box 3324
Tampa, Florida 33601
*Eckerd Corporation*

**HAND DELIVERY**
Christopher P. Simon
Cross & Simon, LLC
913 Market Street, Suite 1001
Wilmington DE 19801

**HAND DELIVERY**
Margaret Harrison, Esq.
Office of the United States Trustee
844 King Street, Room 2313
Wilmington, DE 19801
*Trustee*

Budget Group, Inc.
Attn: Bill Johnson, CFO
4225 Naperville Road
Lisle, IL 60532
*Debtor*

**HAND DELIVERY**
Mark D. Collins
Richard Layton & Finger
One Rodney Square
Wilmington, DE 19801
*UK Plan Administrator*

**HAND DELIVERY**
Anthony W. Clark, Esq.
Skadden Arps Slate Meagher & Flom LLP
One Rodney Square
Wilmington, DE 19899
*Budget Rent A Car System*

James Comans
C/o Waltzer & Associates
Bruce C. Waltzer
3715 Westbank Exp.; Ste. 13
Harvey, LA 70058

**HAND DELIVERY**
Robert J. Dehney, Esq.
Daniel B. Butz, Esq.
Morris Nichols Arsht & Tunnell
1201 Market Street, Suite 1501
P.O. Box 1347
Wilmington, Delaware 19899-1347

Chester B. Salomon, Esq.
Constantine D. Pourakis, Esq.
Salomon, Green & Ostrow, PC
485 Madison Avenue, 20th Floor
New York, NY 10022

In re BRAC Group, Inc.; Case No. 02-12152 (CGC)
Post-Effective Date Rule 2002 Service List
150515v1

Larry Dottery, II
c/o Marc Mendelson, Esq.
Rita Kostopoulos, Esq.
19080 West Ten Mile Road
Southfield, MI  48075

Carroll Dunaway
c/o Herald Moore & Willett PLLC
1901 Central Drive; Ste. 610
Bedford, TX  76021

Grace Dunaway
28700 Waikiki Ln.
Montgomery, TX  77356

Demetria Lincoln
4410 Fanconia Dr.
Apt. A
Montgomery, AL  36116

Mililani Back Care Center, Inc.
Ted Chun, D.C., Chiropractor
95-720 Lanikuhana Ave.
Mililani, HI  96789

Michelle & Keith Moore
c/o William W. Price, PA
Neil P. Anthony
320 Fern St.
West Palm Beach, FL  33401

Victor Anyakwo
c/o Michael Smith
21515 Hawthorne Blvd.; Ste. 590
Torrance, CA  90503

Michael Belgrave
311 Taft Ave.
Cleveland, TX  77327

**HAND DELIVERY**
Christopher P. Simon
Cross & Simon, LLC
913 Market Street, Suite 1001
Wilmington DE 19801

Chester B. Salomon, Esq.
Constantine D. Pourakis, Esq.
Salomon, Green & Ostrow, PC
485 Madison Avenue, 20th Floor
New York, NY 10022

Kenneth Fields
George Stanbury, Esq.
Stanbury Fishelman & Wisner, Inc.
9200 Sunset Blvd.
P1430
Los Angeles, CA  90067

Hudson United Bank
c/o The Van Borkulo-Nuzzo Law Firm
Maribelisa Marti, Paralegal
1000 Macarthur Blvd.
Mahwah, NJ  07430

Alphonso Kirven
P.O. Box 12364
Florence, SC  29504

Anthony Kpoyour
c/o Sachs Waldman PC
Brian McKenna, Esq.
1000 Farmer St.
Detroit, MI  48226

In re BRAC Group, Inc.; Case No. 02-12152 (CGC)
Post-Effective Date Rule 2002 Service List
150515v1

Patricia Mack
P.O. Box 12364
Florence, SC 29504

James Autrey Riley
5220 Weber Road, #204D
Corpus Christi, TX 78411

Halat G. Yosif
c/o Mayo Norris & Carpenter
Henry H. Carpenter, Jr.
28 Middleton St.
Nashville, TN 37210

Walter J. Rosenthal
c/o Jeffer Mangels Butler & Marmaro
Thomas M. Geher
1900 Avenue of the Stars; 7th Floor
Los Angeles, CA 90067-4308

John Wiles
c/o Sachs Waldman PC
Brian McKenna, Esq.
1000 Farmer St.
Detroit, MI 48226

Jaime A. Rothman, Esq.
Orrick Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, NY 10103-0001
*Counsel to CW Woods*

Savo Hiking
P.O. Box 18336
San Jose, CA 95158-8336

McKee Auto Truck & Equipment, Inc.
8544 N Dale Mabry
Tampa, FL 33614

Raymond A. McKee
5550 Bob Smith Ave
Plant City, FL 33565

Gordon T. Page and Linda A. Page
JT TEN Discretionary
5104 E. Longboat Pl.
Tampa, FL 33615

Michelle Cox
c/o Michael Smith
21515 Hawthorne Blvd.; Ste. 590
Torrance, CA 90503

Gerina McCoy
3160 Virginia Downs
Apt. A
Montgomery, AL 36116

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*: | Chapter 11 |
| BRAC GROUP, INC.<br>(f/k/a Budget Group, Inc.), | Case No. 02-12152 (JLP) |
| Reorganized Debtor.[1] | |

MR 2 0

## NOTICE OF AMENDED AGENDA OF MATTERS
## SCHEDULED FOR HEARING ON
## TUESDAY, DECEMBER 7, 2004 AT 10:30 A.M. (Eastern Time)[2]

*(Any party wishing to participate telephonically in the hearing **and who has obtained authority from the Court to do so** may contact the Plan Administrator's undersigned counsel to obtain the relevant call-in information.)*

**\*Amended Items Appear in bold**

## WITHDRAWN MATTERS:

1.  Motion for Payment of Administrative Expenses/Claims Filed by State Farm Mutual Automobile Insurance Company (Filed June 7, 2004) [Docket No. 4278]

    **Objection/Response Deadline:**    July 5, 2004 at 4:00 p.m. (Extended for the Plan Administrator)

    **Objection/Response Received:**    None at this time

    **Related Documents:**

    (i)    Notice Of Withdrawal Of Motion For Allowance Of An Administrative Claim (Filed November 12, 2004) [Docket No. 5274]

---

[1] The Debtors were substantively consolidated on May 3, 2004 pursuant to section 4.1 of the Second Amended Joint Chapter 11 Liquidating Plan confirmed on April 23, 2004 and made effective on May 3, 2004. On June 21, 2004, this Court entered a final decree closing the Chapter 11 cases of Budget Group, Inc.'s United States debtor subsidiaries.

[2] This Notice of Agenda has been served in accordance with Del. Bankr. L.R. 9029-3 and an Affidavit of Service is on file.

DKT. NO. 5304

DT. FILED 12-3-04

**Status:**    This matter has been withdrawn.

2.    Motion of Bonnie L. Cunningham For Relief From The Automatic Stay (Filed on September 8, 2004) [Docket No. 5193]

**Objection/Response Deadline:**    October 25, 2004 at 4:00 p.m. (Extended for the Plan Administrator to November 22, 2004 at 4:00 p.m.)

**Objection/Response Received:**    None at this time.

**Related Documents:**

    (i)    Amended Notice Of Motion Of Plaintiff Bonnie L. Cunningham For Relief From Automatic Stay Under §362 Of The Bankruptcy Code (Filed October 13, 2004) [Docket No. 5235]

    (ii)    Notice of Withdrawal of Motion for Relief From Stay (Filed October 28, 2004) [Docket No. 5257]

**Status:**    This matter has been withdrawn.

**CONTINUED MATTERS:**

3.    Request Of $R^2$ Investments, Ltd. For (A) Reimbursement Of Fees And Expenses Pursuant To 11 U.S.C. Sec. 503(b)(3)(D), 503(b)(4) And Federal Rule Of Bankruptcy Procedures 2016; And (B) Waiver Of Requirements Of Local Rule 2016 Pursuant To Local Rule 2016(h) (Filed July 7, 2004) [Docket No. 4410]

**Objection/Response Deadline:**    August 31, 2004 at 4:00 p.m.

    (a)    United States Trustee's Objection Request Of $R^2$ Investments, Ltd. For (A) Reimbursement Of Fees And Expenses Pursuant To 11 U.S.C. Sec. 503(b)(3)(D), 503(b)(4) And Federal Rule Of Bankruptcy Procedures 2016; And (B) Waiver of Requirements Of Local Rule 2016 Pursuant To Local Rule 2016(h) (Filed September 7, 2004) [Docket No. 5191]

**Related Documents:**

    (i)    Amended Notice Of Hearing On The Request For (A) Reimbursement Of Fees And Expenses Pursuant To 11 U.S.C. Sec. 503(b)(3)(D), 503(b)(4) And Federal Rule Of Bankruptcy Procedures 2016; And (B) Waiver Of Requirements Of Local Rule 2016 Pursuant To Local Rule 2016(h) (Filed July 22, 2004) [Docket No. 4806]

**Status:**      This matter has been adjourned to February 10, 2005 at 3:30 p.m.

## UNCONTESTED MATTERS:

4.      Motion For Order Extending The Period Within Which The Reorganized Debtor May Remove Actions Pursuant To 28 U.S.C. 1452 And Federal Rules Of Bankruptcy Procedure 9006 And 9027 (Filed October 15, 2004) [Docket No. 5237]

**Objection/Response Deadline:**          November 5, 2004 at 4:00 p.m.

**Objection/Response Received:**          None

**Related Documents:**

(i)      Amended Notice of Hearing (Filed October 18, 2004) [Docket No. 5254]

(ii)      Certificate of No Objection (Filed November 24, 2004) [Docket No. 5291]

**Status:**      This matter is going forward.

## CONTESTED MATTERS:

5.      Motion Of The BRACII Plan Administrator For Order Extending Deadline To Object To Administrative Claims (Filed October 20, 2004) [Docket No. 5245]

**Objection/Response Deadline:**          November 24, 2004 at 4:00 p.m.

**Objection/Response Received:**          None to date

**Related Documents:**

**(i)      Certificate of No Objection (Filed November 29, 2004) [Docket No. 5297]**

**Status:**      This matter is going forward.

6.      First Omnibus Objection And Motion For Order (I) Disallowing And Expunging Or (II) Reclassifying Proofs Of Administrative And Priority Claims (Substantive) (Filed on October 20, 2004) [Docket No. 5246]

**Objection/Response Deadline:**          November 24, 2004 at 4:00 p.m.

**Objection/Response Received:**          None to date

**Related Documents:**

    (i)    Notice of Submission of Proofs of Claim (Filed November 23, 2004) [Docket No. 5290]

    **(ii)**    **Certificate of No Objection (Filed November 29, 2004) [Docket No. 5298]**

**Status:**    This matter is going forward.

7.    Eighteenth Omnibus (Non-Substantive) Objection To Claims Pursuant To Section 502(b) Of The Bankruptcy Code, Bankruptcy Rules 3003 And 3007 And Local Rule 3007-1 (Filed November 4, 2004) [Docket No. 5264]

    **Objection/Response Deadline:**    November 22, 2004 at 4:00 p.m.
    **(Extended for The Estate of Grace Dunaway and Carroll Dunaway)**

    **Objection/Response Received:**

    (a)    Response To Eighteenth Omnibus (Non-Substantive) Objection To Claims filed by Michael Belgrave (Filed November 17, 2004) [Docket No. 5283]

    **(b)**    **Response To Eighteenth Omnibus (Non-Substantive) Objection To Claims filed by Victor Anyakwo (Filed November 29, 2004) [Docket No. 5295]**

    **(c)**    **Response To Eighteenth Omnibus (Non-Substantive) Objection To Claims filed by Michelle Cox (Filed November 29, 2004) [Docket No. 5296]**

    **(d)**    **Response To Eighteenth Omnibus (Non-Substantive) Objection To Claims filed by The Estate of Grace Dunaway and Carroll Dunaway (Filed November 30, 2004) [Docket No. 5300]**

    **Status:**    This matter is going forward. **The Plan Administrator will be withdrawing this matter as it relates to Victor Anyakwo, Michelle Cox, and Grace and Carroll Dunaway.**

8.    Nineteenth Omnibus (Substantive) Objection To Claims Pursuant To Section 502(b) and 502(d) Of The Bankruptcy Code, Bankruptcy Rules 3003 And 3007 And Local Rule 3007-1 (Filed November 4, 2004) [Docket No. 5265]

    **Objection/Response Deadline:**    November 22, 2004 at 4:00 p.m.

    **Objection/Response Received:**

(a)    Response Of Patricia Mack Regarding Nineteenth Omnibus (Substantive) Objection To Claims Pursuant To Section 502(B) And 502(D) Of The Bankruptcy Code, Bankruptcy Rules 3003 And 3007 And Local Rule 3007-1 (Filed November 12, 2004) [Docket No. 5273]

(b)    Objection To Nineteenth Omnibus (Substantive) Objection To Claims filed by Patricia Mack (Filed November 15, 2004) [Docket No. 5276]

(c)    Objection To Nineteenth Omnibus (Substantive) Objection To Claims filed by Alphonso Kirven (Filed November 15, 2004) [Docket No. 5277]

(d)    Objection To Nineteenth Omnibus (Substantive) Objection To Claims filed by Alphonso Kirven and Patricia Mack (Filed November 22, 2004) [Docket No. 5285]

(e)    Response To Objection Of Claim Of Kenneth Fields (Filed November 22, 2004) [Docket No. 5289]

(f)    **Response To Nineteenth Omnibus (Non-Substantive) Objection To Claims filed by Kenneth Fields (Filed December 1, 2004) [Docket No. 5301]**

**Related Documents:**

(i)    Notice Of The Supplement To Nineteenth Omnibus (Substantive) Objection To Claims Pursuant To Section 502(B) And 502(D) Of The Bankruptcy Code, Bankruptcy Rules 3003 And 3007 And Local Rule 3007-1 (Filed November 18, 2004) [Docket No. 5280][3]

(ii)   Notice of Submission of Proofs of Claim (Filed November 23, 2004) [Docket No. 5288]

**Status:**    This matter is adjourned to February 10, 2005 at 3:30 p.m. with respect to the claims filed by Alphonso Kirven, Patricia Mack, Walter J. Rosenthal **and Kenneth Fields**. This matter is going forward with respect to all other claimants.

---

[3] The Supplement is only applicable to Claims Numbered 3611 and 3612 filed by Alphonso Kirven and Patricia Mack.

9. Motion For Entry Of An Order Further Extending The Period Within Which The Reorganized Debtor May Object To Prepetition Claims (Filed November 19, 2004) [Docket No. 5282]

**Objection/Response Deadline:**    December 1, 2004 at 4:00 p.m.

**Objection/Response Received:**    None to date

**Related Documents:**

(i) **Certificate of No Objection (Filed December 2, 2004) [Docket No. 5303]**

**Status:**    This matter is going forward.

Dated: December 3, 2004    ASHBY & GEDDES, P.A.

William P. Bowden (I.D. #2553)
Gregory A. Taylor (I.D. #4008)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
Tel: (302) 654-1888
Fax: (302) 654-2067

*-and-*

BROWN RUDNICK BERLACK ISRAELS LLP
Peter J. Antoszyk, Esq.
Susan A. Simone, Esq.
Daniel J. Saval, Esq.
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
Fax: (617) 856-8201

*Counsel to the Plan Administrator*

## CERTIFICATE OF SERVICE

I, Gregory A. Taylor, Esq. hereby certify that on the 3rd day of December, 2004, I caused a true and correct copy of the attached *NOTICE OF AMENDED AGENDA OF MATTERS SCHEDULED FOR HEARING ON DECEMBER 7, 2004 AT 10:30 A.M.* to be served upon the parties on the attached service list by First Class U.S. Mail, postage prepaid, or in the manner so indicated.

150404.1

Gregory A. Taylor (I.D. #4008)

In re BRAC Group, Inc.; Case No. 02-12152 (CGC)
Post-Effective Date Rule 2002 Service List
150515v1

**HAND DELIVERY**
Robert S. Brady, Esq.
Joseph A Malfitano, Esq.
Young, Conaway, Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Wilmington, DE 19899
*Counsel to the Debtors*

Lawrence J. Nyhan, Esq
Sidley Austin Brown & Wood LLP
Bank One Plaza
10 South Dearborn Street
Chicago IL 60603
*Debtor in Possession*

Shmuel Vasser, Esq.
Skadden Arps Slate Meagher & Flom LLP
Four Times Square
New York, New York 10036
*Budget Rent A Car System*

Budget Group, Inc.
Attn: David Coonfield
125 Basin Street, Suite 210
Daytona Beach, FL 32114
*Debtor*

Edward H. Arnold, III, Esq.
Seth A. Levine, Esq.
Baker Donelson Bearman Caldwell & Berkowitz PC
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170
*New Orleans International Airport*

John A. Anthony, Esq.
GRAYROBINSON, P.A.
P.O. Box 3324
Tampa, Florida 33601
*Eckerd Corporation*

**HAND DELIVERY**
Christopher P. Simon
Cross & Simon, LLC
913 Market Street, Suite 1001
Wilmington DE 19801

**HAND DELIVERY**
Margaret Harrison, Esq.
Office of the United States Trustee
844 King Street, Room 2313
Wilmington, DE 19801
*Trustee*

Budget Group, Inc.
Attn: Bill Johnson, CFO
4225 Naperville Road
Lisle, IL 60532
*Debtor*

**HAND DELIVERY**
Mark D. Collins
Richard Layton & Finger
One Rodney Square
Wilmington, DE 19801
*UK Plan Administrator*

**HAND DELIVERY**
Anthony W. Clark, Esq.
Skadden Arps Slate Meagher & Flom LLP
One Rodney Square
Wilmington, DE 19899
*Budget Rent A Car System*

James Comans
C/o Waltzer & Associates
Bruce C. Waltzer
3715 Westbank Exp.; Ste. 13
Harvey, LA 70058

**HAND DELIVERY**
Robert J. Dehney, Esq.
Daniel B. Butz, Esq.
Morris Nichols Arsht & Tunnell
1201 Market Street, Suite 1501
P.O. Box 1347
Wilmington, Delaware 19899-1347

Chester B. Salomon, Esq.
Constantine D. Pourakis, Esq.
Salomon, Green & Ostrow, PC
485 Madison Avenue, 20th Floor
New York, NY 10022

In re BRAC Group, Inc.; Case No. 02-12152 (CGC)
Post-Effective Date Rule 2002 Service List
150515v1

Larry Dottery, II
c/o Marc Mendelson, Esq.
Rita Kostopoulos, Esq.
19080 West Ten Mile Road
Southfield, MI 48075

Carroll Dunaway
c/o Herald Moore & Willett PLLC
1901 Central Drive; Ste. 610
Bedford, TX 76021

Grace Dunaway
28700 Waikiki Ln.
Montgomery, TX 77356

Demetria Lincoln
4410 Fanconia Dr.
Apt. A
Montgomery, AL 36116

Mililani Back Care Center, Inc.
Ted Chun, D.C., Chiropractor
95-720 Lanikuhana Ave.
Mililani, HI 96789

Michelle & Keith Moore
c/o William W. Price, PA
Neil P. Anthony
320 Fern St.
West Palm Beach, FL 33401

Victor Anyakwo
c/o Michael Smith
21515 Hawthorne Blvd.; Ste. 590
Torrance, CA 90503

Michael Belgrave
311 Taft Ave.
Cleveland, TX 77327

**HAND DELIVERY**
Christopher P. Simon
Cross & Simon, LLC
913 Market Street, Suite 1001
Wilmington DE 19801

Chester B. Salomon, Esq.
Constantine D. Pourakis, Esq.
Salomon, Green & Ostrow, PC
485 Madison Avenue, 20th Floor
New York, NY 10022

Kenneth Fields
George Stanbury, Esq.
Stanbury Fishelman & Wisner, Inc.
9200 Sunset Blvd.
P1430
Los Angeles, CA 90067

Hudson United Bank
c/o The Van Borkulo-Nuzzo Law Firm
Maribelisa Marti, Paralegal
1000 Macarthur Blvd.
Mahwah, NJ 07430

Alphonso Kirven
P.O. Box 12364
Florence, SC 29504

Anthony Kpoyour
c/o Sachs Waldman PC
Brian McKenna, Esq.
1000 Farmer St.
Detroit, MI 48226

In re BRAC Group, Inc.; Case No. 02-12152 (CGC)
Post-Effective Date Rule 2002 Service List
150515v1

Patricia Mack
P.O. Box 12364
Florence, SC  29504

James Autrey Riley
5220 Weber Road, #204D
Corpus Christi, TX  78411

Halat G. Yosif
c/o Mayo Norris & Carpenter
Henry H. Carpenter, Jr.
28 Middleton St.
Nashville, TN  37210

Walter J. Rosenthal
c/o Jeffer Mangels Butler & Marmaro
Thomas M. Geher
1900 Avenue of the Stars; 7th Floor
Los Angeles, CA  90067-4308

John Wiles
c/o Sachs Waldman PC
Brian McKenna, Esq.
1000 Farmer St.
Detroit, MI  48226

Jaime A. Rothman, Esq.
Orrick Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, NY  10103-0001
*Counsel to CW Woods*

Savo Hiking
P.O. Box 18336
San Jose, CA  95158-8336

McKee Auto Truck & Equipment, Inc.
8544 N Dale Mabry
Tampa, FL  33614

Raymond A. McKee
5550 Bob Smith Ave
Plant City, FL 33565

Gordon T. Page and Linda A. Page
JT TEN Discretionary
5104 E. Longboat Pl.
Tampa, FL  33615

Michelle Cox
c/o Michael Smith
21515 Hawthorne Blvd.; Ste. 590
Torrance, CA  90503

Gerina McCoy
3160 Virginia Downs
Apt. A
Montgomery, AL  36116

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BRAC GROUP, INC.<br>(f/k/a Budget Group, Inc.), | Case No. 02-12152 (CGC) |
| Reorganized Debtor.[1] | **Related Docket No. 5264** |

MAR 2 0 2

## ORDER APPROVING EIGHTEENTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007 AND LOCAL RULE 3007-1

Upon consideration of the Eighteenth Omnibus (Non-Substantive) Objection to Claims

Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 and Local

Rule 3007-1 (the "Objection");[2] by which the Plan Administrator requested the entry of an order

disallowing in full and expunging each of the claims listed on Exhibits A and B attached to the

Objection; and after hearing and consideration of the Objection and arguments contained therein,

and the opposition thereto, if any; and the Court finding that (a) the Court has jurisdiction over

this matter pursuant to Article XI of the Plan, 28 U.S.C. §§ 157 and 1334, (b) this is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2), and (c) notice of the Objection was due and proper

under the circumstances; and good and sufficient cause appearing therefor, it is hereby

ORDERED, that the Objection is sustained as provided herein; and it is further

ORDERED, that the No Documentation Claims identified as "No Documentation Claims

to be Disallowed and Expunged" on Exhibit A attached hereto are disallowed in full and

---

[1] The Debtors were substantively consolidated on May 3, 2004 pursuant to Section 4.1 of the Second Amended Joint Chapter 11 Liquidating Plan confirmed on April 23, 2004 and made effective on May 3, 2004. On June 21, 2004, this Court entered a final decree closing the Chapter 11 cases of Budget Group, Inc.'s United States debtor subsidiaries.

DKT. NO. _____5315_____

DT. FILED _____12-6-04_____

expunged in their entirety; and it is further

ORDERED, that Late Filed Claims identified as "Late Filed Claims to be Disallowed and Expunged" on Exhibit B attached hereto are disallowed in full and expunged in their entirety; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to any matters related to or arising from the implementation or interpretation of this Order.

Dated: December 6, 2004
      Wilmington, Delaware

                                    Honorable John L. Peterson
                                    United States Bankruptcy Judge

#1308890 v\1

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Objection.

BRAC Group, Inc. f/k/a Budget Group, Inc., et al.
Case No. 02-12152

**Late Filed Claims to be Disallowed and Expunged**
**Exhibit A - Eighteenth Omnibus (Non-Substantive) Objection**

| Creditor Name and Address | Claim Number | Case Number | Date Claim Filed | Total Claim Amount* | Claim Priority Status | Basis for Objection |
|---|---|---|---|---|---|---|
| 6108825<br>COMANS, JAMES<br>C/O WALTZER & ASSOCIATES<br>BRUCE C. WALTZER<br>3715 WESTBANK EXP.<br>SUITE 13<br>HARVEY, LA 70058 | 00005233 | 02-12152 | 05/20/2004 | $10,000.00 | U | The proof of claim was filed after the Bar Date. |
| 6112997<br>DOTTERY, LARRY II<br>C/O MARC MENDELSON, ESQ.<br>RITA KOSTOPOULOS, ESQ.<br>19080 WEST TEN MILE ROAD<br>SOUTHFIELD, MI 48075 | 00005238 | 02-12152 | 05/27/2004 | $150,000.00 | U | The proof of claim was filed after the Bar Date. |
| 5312069<br>MCCOY, GERINA<br>3160 VIRGINIA DOWNS<br>APT. A<br>MONTGOMERY, AL 36116 | 00004910 | 02-12167 | 05/28/2003 | $70,000.00 | U | The proof of claim was filed after the Bar Date. |

PAGE 1 OF 2

Class Key: A - Administrative, P - Priority, S - Secured, U - Unsecured, K - Unknown

* Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

The Trumbull Group, 4 Griffin Road North, Windsor, CT 06095    860-687-7596    version_01

BRAC Group, Inc. f/k/a Budget Group, Inc., et al.
Case No. 02-12152

**Late Filed Claims to be Disallowed and Expunged**
**Exhibit A - Eighteenth Omnibus (Non-Substantive) Objection**

| Creditor Name and Address | Claim Number | Case Number | Date Claim Filed | Total Claim Amount* | Claim Priority Status | Basis for Objection |
|---|---|---|---|---|---|---|
| 6160725<br>MILILANI BACK CARE CENTER, INC.<br>TED CHUN, D.C., CHIROPRACTOR<br>95-720 LANIKUHANA AVE.<br>MILILANI, HI 96789 | 00005312 | 02-12152 | 06/21/2004 | $305.71 | U | The proof of claim was filed after the Bar Date. |
| 5983928<br>MOORE, MICHELLE & KEITH<br>C/O WILLIAM W. PRICE, P.A., ATTORNEY A<br>NEIL P. ANTHONY<br>320 FERN STREET<br>WEST PALM BEACH, FL 33401 | 00005209 | 02-12152 | 03/11/2004 | $1,000,000.00 | U | The proof of claim was filed after the Bar Date. |
| **TOTALS:** | **5** | | | **$1,230,305.71** | | |

- END OF LATE EXHIBIT -

Class Key: A - Administrative, P - Priority, S - Secured, U - Unsecured, K - Unknown

* Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

The Trumbull Group, 4 Griffin Road North, Windsor, CT 06095        860-687-7596        version_01

BRAC Group, Inc. f/k/a Budget Group, Inc., et al.
Case No. 02-12152

**No Documentation Claims to be Disallowed and Expunged
Exhibit B - Eighteenth Omnibus (Non-Substantive) Objection**

| Creditor Name and Address | Claim Number | Case Number | Date Claim Filed | Total Claim Amount* | Claim Priority Status | Reason for Proposed Disallowance |
|---|---|---|---|---|---|---|
| 5772546<br>BELGRAVE, MICHAEL<br>311 TAFT AVE.<br>CLEVELAND, TX 77327 | 00005293 | 02-12152 | 06/10/2004 | $70,000.00 | U | The claimant has submitted no documentation to support the claim. |
| 5312089<br>MCCOY, GERINA<br>3160 VIRGINIA DOWNS<br>APT. A<br>MONTGOMERY, AL 36116 | 00004910 | 02-12167 | 05/28/2003 | $70,000.00 | U | The claimant has submitted no documentation to support the claim. |
| **TOTALS:** | **2** | | | **$140,000.00** | | |

- END OF NODOC EXHIBIT -

PAGE 1 OF   1

Class Key: A - Administrative, P - Priority, S - Secured, U - Unsecured, K - Unknown

* Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

The Trumbull Group 4 Griffin Road North, Windsor, CT 06095          860-687-7598          version_01

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BRAC GROUP, INC.<br>(f/k/a Budget Group, Inc.), | Case No. 02-12152 (JLP) |
| Reorganized Debtor.[1] | **Related Docket Nos. 5264 and 5315** |

MAR 2 0

### CERTIFICATION OF COUNSEL REGARDING THE EIGHTEENTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007 AND LOCAL RULE 3007-1

I, Gregory A. Taylor, hereby certify the following:

1.      I am an attorney with Ashby & Geddes, P.A., Delaware Counsel to Walker, Truesdell & Associates, in its capacity as Plan Administrator (the "Plan Administrator"), with respect to the above-captioned case.

2.      On November 4, 2004, the Plan Administrator filed and served the Eighteenth Omnibus Objection (Non-Substantive) to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 and Local Rule 3007-1 [Docket No. 5264] (the "Eighteenth Omnibus Objection").  Schedules of the claims subject to objection via the Eighteenth Omnibus Objection were attached to the Eighteenth Omnibus Objection as Exhibits A and B (the "Eighteenth Omnibus Objection Exhibits").

3.      On December 7, 2004, the Court convened a hearing and subsequently entered an Order approving the Eighteenth Omnibus Objection [Docket No. 5315] (the "Eighteenth

---

[1] The Debtors were substantively consolidated on May 3, 2004 pursuant to Section 4.1 of the Second Amended Joint Chapter 11 Liquidating Plan confirmed on April 23, 2004 and made effective on May 3, 2004. On June 21, 2004, this Court entered a final decree closing the Chapter 11 cases of Budget Group, Inc.'s United States debtor subsidiaries.

DKT. NO. 5325

DT. FILED 12·10·04

Omnibus Order"). Following entry of the Eighteenth Omnibus Order, the Plan Administrator discovered that the Eighteenth Omnibus Order incorrectly references the Exhibits attached thereto.

4.    Specifically, the Eighteenth Omnibus Objection Proposed Order refers to the claims identified on Exhibit A attached to the Order as "No Documentation Claims to be Disallowed and Expunged," when in fact such claims are identified on Exhibit A as "Late Filed Claims to be Disallowed and Expunged," and, conversely, the Order refers to the claims identified on Exhibit B attached to the Order as "Late Filed Claims to be Disallowed and Expunged," when in fact such claims are identified on Exhibit B as "No Documentation Claims to be Disallowed and Expunged."

5.    Thus, in order to correct the record, the undersigned counsel to the Plan Administrator hereby submits the form of Amended Order approving the Eighteenth Omnibus Objection attached hereto as Exhibit 1, which correctly references the claims identified on the Eighteenth Omnibus Objection Exhibits. Accordingly, the undersigned respectfully requests entry of the Amended Order attached hereto as Exhibit 1 at the Court's earliest convenience.

Dated: December 10, 2004

ASHBY & GEDDES, P.A.

William P. Bowden (I.D. #2553)
Gregory A. Taylor (I.D. #4008)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

2

-and-

BROWN RUDNICK BERLACK
ISRAELS LLP
Peter J. Antoszyk, Esq.
Daniel J. Saval, Esq.
One Financial Center
Boston, MA 02111
(617) 856-8200

Counsel to the Plan Administrator

151054.1

3

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>BRAC GROUP, INC.<br>(f/k/a Budget Group, Inc.),<br><br>    Reorganized Debtor.[1] | Chapter 11<br><br>Case No. 02-12152 (JLP)<br><br>**Related Docket Nos. 5264 and 5315** |

**AMENDED ORDER APPROVING EIGHTEENTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007 AND LOCAL RULE 3007-1**

Upon consideration of the Eighteenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 and Local Rule 3007-1 (the "Objection");[2] by which the Plan Administrator requested the entry of an order disallowing in full and expunging each of the claims listed on Exhibits A and B attached to the Objection; and after hearing and consideration of the Objection and arguments contained therein, and the opposition thereto, if any; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to Article XI of the Plan, 28 U S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U S.C. § 157(b)(2), and (c) notice of the Objection was due and proper under the circumstances; and good and sufficient cause appearing therefor, it is hereby

ORDERED, that the Objection is sustained as provided herein; and it is further

ORDERED, that the Late Filed Claims identified as "Late Filed Claims to be Disallowed and Expunged" on Exhibit A attached hereto are disallowed in full and expunged in their

---

[1] The Debtors were substantively consolidated on May 3, 2004 pursuant to Section 4.1 of the Second Amended Joint Chapter 11 Liquidating Plan confirmed on April 23, 2004 and made effective on May 3, 2004. On June 21, 2004, this Court entered a final decree closing the Chapter 11 cases of Budget Group, Inc.'s United States debtor subsidiaries.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Objection.

entirety; and it is further

ORDERED, that the No Documentation Claims identified as "No Documentation Claims to be Disallowed and Expunged" on Exhibit B attached hereto are disallowed in full and expunged in their entirety; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to any matters related to or arising from the implementation or interpretation of this Order.


Dated: December ____, 2004
         Wilmington, Delaware                    _____
                                                  Honorable John L. Peterson
                                                  United States Bankruptcy Judge


#1308690 v\1
151055.1

BRAC Group, Inc. f/k/a Budget Group, Inc., et al.
Case No. 02-12152

**Late Filed Claims to be Disallowed and Expunged**
**Exhibit A - Eighteenth Omnibus (Non-Substantive) Objection**

| Creditor Name and Address | Claim Number | Case Number | Date Claim Filed | Total Claim Amount* | Claim Priority Status | Basis for Objection |
|---|---|---|---|---|---|---|
| 6108825<br>COMANS, JAMES<br>C/O WALTZER & ASSOCIATES<br>BRUCE C. WALTZER<br>3715 WESTBANK EXP.<br>SUITE 13<br>HARVEY, LA 70058 | 00005233 | 02-12152 | 05/20/2004 | $10,000.00 | U | The proof of claim was filed after the Bar Date. |
| 6112997<br>DOTTERY, LARRY II<br>C/O MARC MENDELSON, ESQ.<br>RITA KOSTOPOULOS, ESQ.<br>19080 WEST TEN MILE ROAD<br>SOUTHFIELD, MI 48075 | 00005238 | 02-12152 | 05/27/2004 | $150,000.00 | U | The proof of claim was filed after the Bar Date. |
| 5312089<br>MCCOY, GERINA<br>3160 VIRGINIA DOWNS<br>APT. A<br>MONTGOMERY, AL 36116 | 00004910 | 02-12167 | 05/28/2003 | $70,000.00 | U | The proof of claim was filed after the Bar Date. |

PAGE 1 OF  2

Class Key: A - Administrative, P - Priority, S - Secured, U - Unsecured, K - Unknown

* Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

The Trumbull Group, 4 Griffin Road North, Windsor, CT 06095        860-687-7596        version_01

BRAC Group, Inc. f/k/a Budget Group, Inc., et al.
Case No. 02-12152

## Late Filed Claims to be Disallowed and Expunged
## Exhibit A - Eighteenth Omnibus (Non-Substantive) Objection

| Creditor Name and Address | Claim Number | Case Number | Date Claim Filed | Total Claim Amount* | Claim Priority Status | Basis for Objection |
|---|---|---|---|---|---|---|
| 6160725<br>MILILANI BACK CARE CENTER, INC.<br>TED CHUN, D.C., CHIROPRACTOR<br>95-720 LANIKUHANA AVE.<br>MILILANI, HI 96789 | 00005312 | 02-12152 | 06/21/2004 | $305.71 | U | The proof of claim was filed after the Bar Date. |
| 5983928<br>MOORE, MICHELLE & KEITH<br>C/O WILLIAM W. PRICE, P.A., ATTORNEY A<br>NEIL P. ANTHONY<br>320 FERN STREET<br>WEST PALM BEACH, FL 33401 | 00005209 | 02-12152 | 03/11/2004 | $1,000,000.00 | U | The proof of claim was filed after the Bar Date. |
| **TOTALS:** | **5** | | | **$1,230,305.71** | | |

- END OF LATE EXHIBIT -

Class Key: A - Administrative, P - Priority, S - Secured, U - Unsecured, K - Unknown

* Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

The Trumbull Group, 4 Griffin Road North, Windsor, CT 06095        860-687-7596        version_01

BRAC Group, Inc. f/k/a Budget Group, Inc., <u>et al</u>.
<u>Case No. 02-12152</u>

## No Documentation Claims to be Disallowed and Expunged
## Exhibit B - Eighteenth Omnibus (Non-Substantive) Objection

| Creditor Name and Address | Claim Number | Case Number | Date Claim Filed | Total Claim Amount* | Claim Priority Status | Reason for Proposed Disallowance |
|---|---|---|---|---|---|---|
| 5772546<br>BELGRAVE, MICHAEL<br>311 TAFT AVE.<br>CLEVELAND, TX 77327 | 00005293 | 02-12152 | 06/10/2004 | $70,000.00 | U | The claimant has submitted no documentation to support the claim. |
| 5312089<br>MCCOY, GERINA<br>3160 VIRGINIA DOWNS<br>APT. A<br>MONTGOMERY, AL 36116 | 00004910 | 02-12167 | 05/28/2003 | $70,000.00 | U | The claimant has submitted no documentation to support the claim. |
| TOTALS: | 2 | | | $140,000.00 | | |

- END OF NODOC EXHIBIT -

Class Key: A - Administrative, P - Priority, S - Secured, U - Unsecured, K - Unknown

* Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

The Trumbull Group 4 Griffin Road North, Windsor, CT 06095    860-687-7596    version_01

## CERTIFICATE OF SERVICE

I, Gregory A. Taylor, hereby certify that, on the 10th day of December 2004, I caused a true and correct copy of the *Certification of Counsel Regarding the Eighteenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 and Local Rule 3007-1* be served upon the attached service list by U.S. Mail, postage pre-paid, or in the manner so indicated:

Gregory A. Taylor (I.D. #4008)

120926v2

In re BRAC Group, Inc.; Case No. 02-12152 (CGC)
Post-Effective Date Rule 2002 Service List for 18th Omn. Cl. Obj.
149640.1

**HAND DELIVERY**
Robert S. Brady, Esq.
Joseph A Malfitano, Esq.
Young, Conaway, Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Wilmington, DE 19899
*Counsel to the Debtors*

Lawrence J. Nyhan, Esq
Sidley Austin Brown & Wood LLP
Bank One Plaza
10 South Dearborn Street
Chicago IL 60603
*Debtor in Possession*

Shmuel Vasser, Esq.
Skadden Arps Slate Meagher & Flom LLP
Four Times Square
New York, New York 10036
*Budget Rent A Car System*

Budget Group, Inc.
Attn: David Coonfield
125 Basin Street, Suite 210
Daytona Beach, FL 32114
*Debtor*

Edward H. Arnold, III, Esq.
Seth A. Levine, Esq.
Baker Donelson Bearman Caldwell & Berkowitz PC
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170
*New Orleans International Airport*

John A. Anthony, Esq.
GRAYROBINSON, P.A.
P.O. Box 3324
Tampa, Florida 33601
*Eckerd Corporation*

**HAND DELIVERY**
Christopher P. Simon
Cross & Simon, LLC
913 Market Street, Suite 1001
Wilmington DE 19801

**HAND DELIVERY**
Margaret Harrison, Esq.
Office of the United States Trustee
844 King Street, Room 2313
Wilmington, DE 19801
*Trustee*

Budget Group, Inc.
Attn: Bill Johnson, CFO
4225 Naperville Road
Lisle, IL 60532
*Debtor*

**HAND DELIVERY**
Mark D. Collins
Richard Layton & Finger
One Rodney Square
Wilmington, DE 19801
*UK Plan Administrator*

**HAND DELIVERY**
Anthony W. Clark, Esq.
Skadden Arps Slate Meagher & Flom LLP
One Rodney Square
Wilmington, DE 19899
*Budget Rent A Car System*

James Comans
C/o Waltzer & Associates
Bruce C. Waltzer
3715 Westbank Exp.; Ste. 13
Harvey, LA 70058

**HAND DELIVERY**
Robert J. Dehney, Esq.
Daniel B. Butz, Esq.
Morris Nichols Arsht & Tunnell
1201 Market Street, Suite 1501
P.O. Box 1347
Wilmington, Delaware 19899-1347

Chester B. Salomon, Esq.
Constantine D. Pourakis, Esq.
Salomon, Green & Ostrow, PC
485 Madison Avenue, 20th Floor
New York, NY 10022

In re BRAC Group, Inc.; Case No. 02-12152 (CGC)
Post-Effective Date Rule 2002 Service List for 18th Omn. Cl. Obj.
149640.1

Larry Dottery, II
c/o Marc Mendelson, Esq.
Rita Kostopoulos, Esq.
19080 West Ten Mile Road
Southfield, MI  48075

Carroll Dunaway
c/o Herald Moore & Willett PLLC
1901 Central Drive; Ste. 610
Bedford, TX  76021

Grace Dunaway
28700 Waikiki Ln.
Montgomery, TX  77356

Demetria Lincoln
4410 Fanconia Dr.
Apt. A
Montgomery, AL  36116

Mililani Back Care Center, Inc.
Ted Chun, D.C., Chiropractor
95-720 Lanikuhana Ave.
Mililani, HI  96789

Michelle & Keith Moore
c/o William W. Price, PA
Neil P. Anthony
320 Fern St.
West Palm Beach, FL  33401

Victor Anyakwo
c/o Michael Smith
21515 Hawthorne Blvd.; Ste. 590
Torrance, CA  90503

Michael Belgrave
311 Taft Ave.
Cleveland, TX  77327

Michelle Cox
c/o Michael Smith
21515 Hawthorne Blvd.; Ste. 590
Torrance, CA  90503

Gerina McCoy
3160 Virginia Downs
Apt. A
Montgomery, AL  36116

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BRAC GROUP, INC.<br>(f/k/a Budget Group, Inc.),<br><br>Reorganized Debtor.[1] | Chapter 11<br><br>Case No. 02-12152 (JLP)<br><br>**Related Docket Nos. 5264 and 5315** |

MAR 2 0

## AMENDED ORDER APPROVING EIGHTEENTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007 AND LOCAL RULE 3007-1

Upon consideration of the Eighteenth Omnibus (Non-Substantive) Objection to Claims

Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 and Local

Rule 3007-1 (the "Objection");[2] by which the Plan Administrator requested the entry of an order

disallowing in full and expunging each of the claims listed on <u>Exhibits</u> <u>A</u> and <u>B</u> attached to the

Objection; and after hearing and consideration of the Objection and arguments contained therein,

and the opposition thereto, if any; and the Court finding that (a) the Court has jurisdiction over

this matter pursuant to Article XI of the Plan, 28 U.S.C. §§ 157 and 1334, (b) this is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2), and (c) notice of the Objection was due and proper

under the circumstances; and good and sufficient cause appearing therefor, it is hereby

ORDERED, that the Objection is sustained as provided herein; and it is further

ORDERED, that the Late Filed Claims identified as "Late Filed Claims to be Disallowed

and Expunged" on <u>Exhibit</u> <u>A</u> attached hereto are disallowed in full and expunged in their

---

[1] The Debtors were substantively consolidated on May 3, 2004 pursuant to Section 4.1 of the Second Amended Joint Chapter 11 Liquidating Plan confirmed on April 23, 2004 and made effective on May 3, 2004. On June 21, 2004, this Court entered a final decree closing the Chapter 11 cases of Budget Group, Inc.'s United States debtor subsidiaries.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Objection.

entirety; and it is further

ORDERED, that the No Documentation Claims identified as "No Documentation Claims to be Disallowed and Expunged" on Exhibit B attached hereto are disallowed in full and expunged in their entirety; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to any matters related to or arising from the implementation or interpretation of this Order.

Dated: December ____, 2004
      Wilmington, Delaware

_____ _____
Honorable John L. Peterson
United States Bankruptcy Judge

#1308690 v\1
151055.1

BRAC Group, Inc. f/k/a Budget Group, Inc., et al.
Case No. 02-12152

**Late Filed Claims to be Disallowed and Expunged**
**Exhibit A - Eighteenth Omnibus (Non-Substantive) Objection**

| Creditor Name and Address | Claim Number | Case Number | Date Claim Filed | Total Claim Amount* | Claim Priority Status | Basis for Objection |
|---|---|---|---|---|---|---|
| 6108825<br>COMANS, JAMES<br>C/O WALTZER & ASSOCIATES<br>BRUCE C. WALTZER<br>3715 WESTBANK EXP.<br>SUITE 13<br>HARVEY, LA 70058 | 00005233 | 02-12152 | 05/20/2004 | $10,000.00 | U | The proof of claim was filed after the Bar Date. |
| 6112997<br>DOTTERY, LARRY II<br>C/O MARC MENDELSON, ESQ.<br>RITA KOSTOPOULOS, ESQ.<br>19080 WEST TEN MILE ROAD<br>SOUTHFIELD, MI 48075 | 00005238 | 02-12152 | 05/27/2004 | $150,000.00 | U | The proof of claim was filed after the Bar Date. |
| 5312089<br>MCCOY, GERINA<br>3160 VIRGINIA DOWNS<br>APT. A<br>MONTGOMERY, AL 36116 | 00004910 | 02-12167 | 05/28/2003 | $70,000.00 | U | The proof of claim was filed after the Bar Date. |

PAGE 1 OF 2

Class Key: A - Administrative, P - Priority, S - Secured, U - Unsecured, K - Unknown

* Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

The Trumbull Group, 4 Griffin Road North, Windsor, CT 06095    860-687-7596    version_01

BRAC Group, Inc. f/k/a Budget Group, Inc., **et al.**
Case No. 02-12152

## Late Filed Claims to be Disallowed and Expunged
## Exhibit A - Eighteenth Omnibus (Non-Substantive) Objection

| Creditor Name and Address | Claim Number | Case Number | Date Claim Filed | Total Claim Amount* | Claim Priority Status | Basis for Objection |
|---|---|---|---|---|---|---|
| 6160725<br>MILIANI BACK CARE CENTER, INC.<br>TED CHUN, D.C., CHIROPRACTOR<br>95-720 LANIKUHANA AVE.<br>MILILANI, HI 96789 | 00005312 | 02-12152 | 06/21/2004 | $305.71 | U | The proof of claim was filed after the Bar Date. |
| 5983928<br>MOORE, MICHELLE & KEITH<br>C/O WILLIAM W. PRICE, P.A., ATTORNEY A<br>NEIL P. ANTHONY<br>320 FERN STREET<br>WEST PALM BEACH, FL 33401 | 00005209 | 02-12152 | 03/11/2004 | $1,000,000.00 | U | The proof of claim was filed after the Bar Date. |
| **TOTALS:** | **5** | | | **$1,230,305.71** | | |

- END OF LATE EXHIBIT -

Class Key: A - Administrative, P - Priority, S - Secured, U - Unsecured, K - Unknown

* Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

The Trumbull Group, 4 Griffin Road North, Windsor, CT 06095    860-687-7998    version_01

BRAC Group, Inc. f/k/a Budget Group, Inc., et al.
Case No. 02-12152

**No Documentation Claims to be Disallowed and Expunged**
**Exhibit B - Eighteenth Omnibus (Non-Substantive) Objection**

| Creditor Name and Address | Claim Number | Case Number | Date Claim Filed | Total Claim Amount* | Claim Priority Status | Reason for Proposed Disallowance |
|---|---|---|---|---|---|---|
| 5772546<br>BELGRAVE, MICHAEL<br>311 TAFT AVE.<br>CLEVELAND, TX 77327 | 00005293 | 02-12152 | 06/10/2004 | $70,000.00 | U | The claimant has submitted no documentation to support the claim. |
| 5312089<br>MCCOY, GERINA<br>3160 VIRGINIA DOWNS<br>APT. A<br>MONTGOMERY, AL 36116 | 00004910 | 02-12167 | 05/28/2003 | $70,000.00 | U | The claimant has submitted no documentation to support the claim. |
| **TOTALS:** | **2** | | | **$140,000.00** | | |

- END OF NODOC EXHIBIT -

Class Key: A - Administrative, P - Priority, S - Secured, U - Unsecured, K - Unknown

* Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

The Trumbull Group 4 Griffin Road North, Windsor, CT 06095     860-687-7598     version_01

## CERTIFICATE OF SERVICE

I, Gregory A. Taylor, hereby certify that, on the 10th day of December 2004, I caused a true and correct copy of the *Certification of Counsel Regarding the Eighteenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 and Local Rule 3007-1* be served upon the attached service list by U.S. Mail, postage pre-paid, or in the manner so indicated:

Gregory A. Taylor (I.D. #4008)

120926v2

In re BRAC Group, Inc.; Case No. 02-12152 (CGC)
Post-Effective Date Rule 2002 Service List for 18th Omn. Cl. Obj.
149640.1

**HAND DELIVERY**
Robert S. Brady, Esq.
Joseph A Malfitano, Esq.
Young, Conaway, Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Wilmington, DE 19899
*Counsel to the Debtors*

Lawrence J. Nyhan, Esq
Sidley Austin Brown & Wood LLP
Bank One Plaza
10 South Dearborn Street
Chicago IL 60603
*Debtor in Possession*

Shmuel Vasser, Esq.
Skadden Arps Slate Meagher & Flom LLP
Four Times Square
New York, New York 10036
*Budget Rent A Car System*

Budget Group, Inc.
Attn: David Coonfield
125 Basin Street, Suite 210
Daytona Beach, FL 32114
*Debtor*

Edward H. Arnold, III, Esq.
Seth A. Levine, Esq.
Baker Donelson Bearman Caldwell & Berkowitz PC
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170
*New Orleans International Airport*

John A. Anthony, Esq.
GRAYROBINSON, P.A.
P.O. Box 3324
Tampa, Florida 33601
*Eckerd Corporation*

**HAND DELIVERY**
Christopher P. Simon
Cross & Simon, LLC
913 Market Street, Suite 1001
Wilmington DE 19801

**HAND DELIVERY**
Margaret Harrison, Esq.
Office of the United States Trustee
844 King Street, Room 2313
Wilmington, DE 19801
*Trustee*

Budget Group, Inc.
Attn: Bill Johnson, CFO
4225 Naperville Road
Lisle, IL 60532
*Debtor*

**HAND DELIVERY**
Mark D. Collins
Richard Layton & Finger
One Rodney Square
Wilmington, DE 19801
*UK Plan Administrator*

**HAND DELIVERY**
Anthony W. Clark, Esq.
Skadden Arps Slate Meagher & Flom LLP
One Rodney Square
Wilmington, DE 19899
*Budget Rent A Car System*

James Comans
C/o Waltzer & Associates
Bruce C. Waltzer
3715 Westbank Exp.; Ste. 13
Harvey, LA 70058

**HAND DELIVERY**
Robert J. Dehney, Esq.
Daniel B. Butz, Esq.
Morris Nichols Arsht & Tunnell
1201 Market Street, Suite 1501
P.O. Box 1347
Wilmington, Delaware 19899-1347

Chester B. Salomon, Esq.
Constantine D. Pourakis, Esq.
Salomon, Green & Ostrow, PC
485 Madison Avenue, 20th Floor
New York, NY 10022

In re BRAC Group, Inc.; Case No. 02-12152 (CGC)
Post-Effective Date Rule 2002 Service List for 18th Omn. Cl. Obj.
149640.1

Larry Dottery, II
c/o Marc Mendelson, Esq.
Rita Kostopoulos, Esq.
19080 West Ten Mile Road
Southfield, MI 48075

Carroll Dunaway
c/o Herald Moore & Willett PLLC
1901 Central Drive; Ste. 610
Bedford, TX 76021

Grace Dunaway
28700 Waikiki Ln.
Montgomery, TX 77356

Demetria Lincoln
4410 Fanconia Dr.
Apt. A
Montgomery, AL 36116

Mililani Back Care Center, Inc.
Ted Chun, D.C., Chiropractor
95-720 Lanikuhana Ave.
Mililani, HI 96789

Michelle & Keith Moore
c/o William W. Price, PA
Neil P. Anthony
320 Fern St.
West Palm Beach, FL 33401

Victor Anyakwo
c/o Michael Smith
21515 Hawthorne Blvd.; Ste. 590
Torrance, CA 90503

Michael Belgrave
311 Taft Ave.
Cleveland, TX 77327

Michelle Cox
c/o Michael Smith
21515 Hawthorne Blvd.; Ste. 590
Torrance, CA 90503

Gerina McCoy
3160 Virginia Downs
Apt. A
Montgomery, AL 36116

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BRAC GROUP, INC. <br> (f/k/a Budget Group, Inc.), | Case No. 02-12152 (JLP) |
| Reorganized Debtor.[1] | Related Docket Nos. 5264 and 5315 |

## AMENDED ORDER APPROVING EIGHTEENTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007 AND LOCAL RULE 3007-1

Upon consideration of the Eighteenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 and Local Rule 3007-1 (the "Objection");[2] by which the Plan Administrator requested the entry of an order disallowing in full and expunging each of the claims listed on Exhibits A and B attached to the Objection; and after hearing and consideration of the Objection and arguments contained therein, and the opposition thereto, if any; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to Article XI of the Plan, 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (c) notice of the Objection was due and proper under the circumstances; and good and sufficient cause appearing therefor, it is hereby

ORDERED, that the Objection is sustained as provided herein; and it is further

ORDERED, that the Late Filed Claims identified as "Late Filed Claims to be Disallowed and Expunged" on Exhibit A attached hereto are disallowed in full and expunged in their

---

[1] The Debtors were substantively consolidated on May 3, 2004 pursuant to Section 4.1 of the Second Amended Joint Chapter 11 Liquidating Plan confirmed on April 23, 2004 and made effective on May 3, 2004. On June 21, 2004, this Court entered a final decree closing the Chapter 11 cases of Budget Group, Inc.'s United States debtor subsidiaries.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Objection.

DKT. NO. 5330

DT. FILED 12·16·04

entirety; and it is further

ORDERED, that the No Documentation Claims identified as "No Documentation Claims to be Disallowed and Expunged" on Exhibit B attached hereto are disallowed in full and expunged in their entirety; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to any matters related to or arising from the implementation or interpretation of this Order.

Dated: December _15_, 2004
        Wilmington, Delaware

Honorable John L. Peterson
United States Bankruptcy Judge

#1308690 v.1
151055.1

BRAC Group, Inc. f/k/a Budget Group, Inc.,  et al.:
Case No. 02-12152

## Late Filed Claims to be Disallowed and Expunged
## Exhibit A - Eighteenth Omnibus (Non-Substantive) Objection

| Creditor Name and Address | Claim Number | Case Number | Date Claim Filed | Total Claim Amount* | Claim Priority Status | Basis for Objection |
|---|---|---|---|---|---|---|
| 6108825<br>COMANS, JAMES<br>C/O WALTZER & ASSOCIATES<br>BRUCE C. WALTZER<br>3715 WESTBANK EXP.<br>SUITE 13<br>HARVEY, LA 70058 | 00005233 | 02-12152 | 05/20/2004 | $10,000.00 | U | The proof of claim was filed after the Bar Date. |
| 8112997<br>DOTTERY, LARRY II<br>C/O MARC MENDELSON, ESQ.<br>RITA KOSTOPOULOS, ESQ.<br>19080 WEST TEN MILE ROAD<br>SOUTHFIELD, MI 48075 | 00005238 | 02-12152 | 05/27/2004 | $150,000.00 | U | The proof of claim was filed after the Bar Date. |
| 5312089<br>MCCOY, GERINA<br>3180 VIRGINIA DOWNS<br>APT. A<br>MONTGOMERY, AL 36116 | 00004910 | 02-12157 | 05/28/2003 | $70,000.00 | U | The proof of claim was filed after the Bar Date. |

Class Key: A - Administrative, P - Priority, S - Secured, U - Unsecured, K - Unknown

* Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

PAGE 1 OF 2

The Trumbull Group, 4 Griffin Road North, Windsor, CT 06095        860-687-7596        version_01

BRAC Group, Inc. f/k/a Budget Group, Inc., et al.
Case No. 02-12152

**Late Filed Claims to be Disallowed and Expunged**
**Exhibit A - Eighteenth Omnibus (Non-Substantive) Objection**

| Creditor Name and Address | Claim Number | Case Number | Date Claim Filed | Total Claim Amount* | Claim Priority Status | Basis for Objection |
|---|---|---|---|---|---|---|
| 6160725<br>MILILANI BACK CARE CENTER, INC.<br>TED CHUN, D.C., CHIROPRACTOR<br>95-720 LANIKUHANA AVE.<br>MILILANI, HI 96789 | 00005312 | 02-12152 | 08/21/2004 | $305.71 | U | The proof of claim was filed after the Bar Date. |
| 5983928<br>MOORE, MICHELLE & KEITH<br>C/O WILLIAM W. PRICE, P.A., ATTORNEY A<br>NEIL P. ANTHONY<br>320 FERN STREET<br>WEST PALM BEACH, FL 33401 | 00005209 | 02-12152 | 03/11/2004 | $1,000,000.00 | U | The proof of claim was filed after the Bar Date. |
| **TOTALS:** | **5** | | | **$1,230,305.71** | | |

- END OF LATE EXHIBIT -

PAGE 2 OF 2

Class Key: A - Administrative, P - Priority, S - Secured, U - Unsecured, K - Unknown

* Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

The Trumbull Group, 4 Griffin Road North, Windsor, CT 06095        860-687-7596        version_01

BRAC Group, Inc. f/k/a Budget Group, Inc., et al.
Case No. 02-12152

**No Documentation Claims to be Disallowed and Expunged**
**Exhibit B - Eighteenth Omnibus (Non-Substantive) Objection**

| Creditor Name and Address | Claim Number | Case Number | Date Claim Filed | Total Claim Amount* | Claim Priority Status | Reason for Proposed Disallowance |
|---|---|---|---|---|---|---|
| 5772546<br>BELGRAVE, MICHAEL<br>311 TAFT AVE.<br>CLEVELAND, TX 77327 | 00005293 | 02-12152 | 06/10/2004 | $70,000.00 | U | The claimant has submitted no documentation to support the claim. |
| 5312089<br>MCCOY, GERINA<br>3160 VIRGINIA DOWNS<br>APT. A<br>MONTGOMERY, AL 36116 | 00004910 | 02-12167 | 05/28/2003 | $70,000.00 | U | The claimant has submitted no documentation to support the claim. |
| TOTALS: | 2 | | | $140,000.00 | | |

- END OF NODOC EXHIBIT -

PAGE 1 OF  1

Class Key: A - Administrative, P - Priority, S - Secured, U - Unsecured, K - Unknown

* Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.



# PRIORITY MAIL

UNITED STATES POSTAL SERVICE ®

**TO USE:**

**1. COMPLETE ADDRESS AREA**
Type or print return address and addressee information in designated area or on label.

**2. PAYMENT METHOD**
Affix postage or meter strip to area indicated in upper right hand corner.

**3. ATTACH LABEL (Optional)**
Remove label backing and affix in designated location.

**4.** Bring your Priority Mail package to a post office, present it to your letter carrier, or call 1-800-222-1811 for pick up service. Stamped mail may be deposited in a collection box **ONLY** if it weighs less than 16 ounces.

0305 0830 0003 6838 4304

From:
BELGRAVE, PRO SE
311 TAFT AVENUE
CLEVELAND TX 77327

To: OFFICE OF THE CLERK
UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
21,400 U.S. COURTHOUSE
601 MARKET STREET
PHILADELPHIA, PA 19106-1790

▶ Complete address information or place label here ▶

**The convenient Flat Rate Envelope.**
One low price for fast delivery anywhere in the U.S., regardless of weight, destination or type of mailable material enclosed. Domestic use only.

www.usps.com

We Deliver.

U.S. POSTAGE
HUMBLE TX
77338
MAR 16, 06
AMOUNT
$5.80
0001520-05

9267     19106

PRIORITY MAIL